**Hearing Date and Time**: April 7, 2020 at 2:00 p.m. EDT
**Objection Deadline**: March 31, 2020

**JENNER & BLOCK LLP**
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of THE ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; HAMILTON PRECIOUS TRADERS LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.; UNIQUE DIAMOND AND JEWELLERY FZC; WORLD | Adv. Proc. No. 20-1054 (SHL) |

| |
|---|
| DIAMOND DISTRIBUTION FZE; VISTA JEWELRY FZE; EMPIRE GEMS FZE; UNIVERSAL FINE JEWELRY FZE; DIAGEMS FZC; TRI COLOR GEMS FZE; PACIFIC DIAMONDS FZE; HIMALAYAN TRADERS FZE; UNITY TRADING FZE; FINE CLASSIC FZE; DG BROTHERS FZE, |
| Defendants. |

**NOTICE OF CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) DIRECTING ISSUANCE OF AN ADDITIONAL SUMMONS; (II) AUTHORIZING SERVICE ON THE UAE DEFENDANTS BY INTERNATIONAL REGISTERED MAIL; (III) SETTING FOREIGN DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; (IV) ADJOURNING THE PRETRIAL CONFERENCE; AND (V) GRANTING RELATED RELIEF**

On March 24, 2020, Chapter 11 Trustee Richard Levin (the "**Trustee**") filed the annexed motion (the "**Motion**") for entry of an order (i) directing the Clerk of Court to issue an additional summons under Bankruptcy Rule 7004(e); (ii) authorizing service of the Complaint [Dkt. 1] on the UAE Defendants (defined herein) by international registered mail under Civil Rule 4(f)(3), made applicable in this adversary proceeding by Bankruptcy Rule 7004(a); (iii) setting each Foreign Defendant's deadline to respond to the complaint [Adv. Dkt. 1] to 45 days from the date the Trustee effects service on each respective Defendant under Bankruptcy Rule 7012(a); (iv) adjourning *sine die* the initial pretrial conference; and (v) granting related relief.

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **April 7, 2020 at 2:00 p.m. (Eastern Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"), telephonically in accordance with General Order M-543, dated March 20, 2020. Registration to appear may be arranged at 866-582-6878 or https://courtcall.com/.

2

Objections, if any, to approval of the Motion and entry of the proposed order must be served upon counsel to the Trustee, Jenner & Block LLP, via email at cwedoff@jenner.com so as to be received no later than **March 31, 2020** (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

|  |  |
|---|---|
| Dated: March 24, 2020<br>New York, New York | Respectfully submitted,<br><br>**JENNER & BLOCK LLP**<br><br>By: /s/ Vincent E. Lazar<br>Vincent E. Lazar<br>Angela M. Allen (admitted *pro hac vice*)<br>William A. Williams (admitted *pro hac vice*)<br>353 North Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br>vlazar@jenner.com<br>aallen@jenner.com<br>wwilliams@jenner.com<br><br>Carl Wedoff<br>919 Third Avenue<br>New York, New York 10022<br>(212) 891-1600<br>cwedoff@jenner.com<br><br>*Counsel for the Chapter 11 Trustee* |

**Hearing Date and Time**: April 7, 2020 at 2:00 p.m. EDT
**Objection Deadline**: March 31, 2020

**JENNER & BLOCK LLP**
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Counsel for the Chapter 11 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of THE ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; HAMILTON PRECIOUS TRADERS LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.; UNIQUE DIAMOND AND JEWELLERY FZC; WORLD | Adv. Proc. No. 20-1054 (SHL) |

| |
|---|
| DIAMOND DISTRIBUTION FZE; VISTA JEWELRY FZE; EMPIRE GEMS FZE; UNIVERSAL FINE JEWELRY FZE; DIAGEMS FZC; TRI COLOR GEMS FZE; PACIFIC DIAMONDS FZE; HIMALAYAN TRADERS FZE; UNITY TRADING FZE; FINE CLASSIC FZE; DG BROTHERS FZE, <br><br>                Defendants. |

**CHAPTER 11 TRUSTEE'S MOTION FOR ENTRY AN ORDER (I) DIRECTING ISSUANCE OF AN ADDITIONAL SUMMONS; (II) AUTHORIZING SERVICE ON THE UAE DEFENDANTS BY INTERNATIONAL REGISTERED MAIL; (III) SETTING DEFENDANTS' TIME TO RESPOND TO THE COMPLAINT; (IV) ADJOURNING THE PRETRIAL CONFERENCE; AND (V) GRANTING RELATED RELIEF**

Richard Levin, not individually but solely as chapter 11 trustee (the "**Trustee**") for Firestar Diamond, Inc. ("**Firestar**") submits this motion ("**Motion**") under 11 U.S.C. § 105(a), Rule 4 of the Federal Rules of Civil Procedure ("**Civil Rules**"), and Rules 7004 and 7012 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for entry of an order ("**Order**"): (i) directing the Clerk of Court to issue an additional summons under Bankruptcy Rule 7004(e); (ii) authorizing service of the Complaint [Dkt. 1] on the UAE Defendants (defined herein) by international registered mail under Civil Rule 4(f)(3), made applicable in this adversary proceeding by Bankruptcy Rule 7004(a); (iii) setting each Foreign Defendant's deadline to respond to the complaint ("**Complaint**") [Adv. Dkt. 1] to 45 days from the date the Trustee effects service on each respective Defendant under Bankruptcy Rule 7012(a); (iv) adjourning *sine die* the initial pretrial conference; and (v) granting related relief.  In support of the Motion, the Trustee respectfully states:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334(b).

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2

3. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2) in which the Court may constitutionally enter a final order, and the Trustee consents to the entry of a final order by the Court.

## BACKGROUND

4. On February 26, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court entered an order approving the appointment of the Trustee. [Dkt. 227.]

5. Before the date of the filing of the chapter 11 petitions, each of the Debtors conducted business as wholesalers of fine jewelry.

6. The Trustee is now managing the Debtors' estates to maximize recoveries for the Debtors' creditors.

7. On February 25, 2020, the Trustee filed the Complaint. As set forth in the Complaint, this is an action seeking to: (i) avoid and recover actual fraudulent transfers made to or for the benefit of the Defendants; and (ii) recover from the Defendants the damages the U.S. Entities suffered as a result of Nirav Modi's, the Defendants', and their other co-conspirators' nearly decade-long criminal conduct.

8. Defendants Ami Javeri (a/k/a Ami Modi) and Nehal Modi (the "**U.S. Individuals**") are United States residents

9. Defendants Trident Trust Company (South Dakota) Inc., Central Park Real Estate LLC, Central Park South 50 Properties LLC, and Twin Fields Investments Ltd. (collectively, the "**U.S. Corporations**," and together with the U.S. Individuals, the "**U.S. Defendants**") are incorporated in the United States.

10. Defendant Neeshal Modi is a Belgium resident.

11. Defendant Purvi Mehta (a/k/a Purvi Modi) is a Hong Kong resident.

3

12. Defendants Auragem Company Ltd., Brilliant Diamonds Ltd., Eternal Diamonds Corporation Ltd., Fancy Creations Company Ltd., Hamilton Precious Traders Ltd., Sino Traders Ltd., and Sunshine Gems Ltd. (the "**Hong Kong Companies,**" and together with Purvi Mehta, the "**Hong Kong Defendants**") are Hong Kong companies.

13. Defendants Unique Diamond and Jewellery FZC, World Diamond Distribution FZE, Vista Jewelry FZE, Empire Gems FZE, Universal Fine Jewelry FZE, Diagems FZE, Tri Color Gems FZE, Pacific Diamonds FZE, Himalayan Traders FZE, Unity Trading FZE, Fine Classic FZE and DG Brothers FZE (the "**UAE Defendants,**" and together with the Neeshal Modi, the Hong Kong Defendants, the "**Foreign Defendants**") are United Arab Emirates companies.

14. On February 26, 2020, the Clerk of the Bankruptcy Court issued the Summons [Dkt. 2] under Bankruptcy Rule 7004(e). The Summons states that the Defendants "are required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons." The Summons also indicates that a pretrial conference will be held on April 30, 2020 at 10:00 a.m. EDT.

15. The Trustee has not served the Complaint or Summons on the Defendants.

**RELIEF REQUESTED**

16. The Trustee seeks entry of an order (i) directing the Clerk of Court to issue an additional summons under Bankruptcy Rule 7004(e); (ii) authorizing service of the Complaint [Dkt. 1] on the UAE Defendants (defined herein) by international registered mail under Civil Rule 4(f)(3), made applicable in this adversary proceeding by Bankruptcy Rule 7004(a); (iii) setting each Foreign Defendant's deadline to respond to the Complaint to 45 days from the date the Trustee effects service of the Complaint; and (iv) adjourning *sine die* the initial pretrial conference.

4

**A. The Court Should Direct the Clerk of Court to Issue an Additional Summons.**

17.     Where, as here, the plaintiff does not serve a summons with the seven days after the summons is issued, an additional summons should be issued.  Bankruptcy Rule 7004(e) provides in pertinent part: "[T]he summons and complaint shall be deposited in the mail within 7 days after the summons is issued.  If a summons is not timely delivered or mailed, another summons shall be issued and served."  Failure to serve the summons in that time period only renders the unserved summons invalid and does not affect the validity of the Complaint.  *See In re Hutchings*, No. BAP MW 10-078, 2011 WL 4572017, at *3 (B.A.P. 1st Cir. May 25, 2011).  Because the Trustee has not served the Complaint and Summons on the Defendants, issuance of an additional summons is appropriate.

**B. The Court Should Authorize Service on the UAE Defendants by International Registered Mail under Civil Rule 4(f)(3).**

18.     Bankruptcy Rule 7004(a) makes Civil Rule 4(a), (b), (c)(1), (d)(5), (e)–(j), (l), and (m) applicable in this adversary proceeding.  Civil Rule 4(h) provides that a foreign corporation may be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."  Fed. R. Civ. P. 4(h)(2).

19.     Civil Rule 4(f)(1) provides that an individual may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).  The Trustee intends to serve Neeshal Modi in Belgium and the Hong Kong Defendants in Hong Kong in accordance with the Hague Service Convention, to which Belgium and Hong Kong are signatories.

20.     Civil Rule 4(f)(3) provides for service on an individual "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  Rule 4(f)(3)

5

provides the Court with broad authority to fit service to the facts and circumstances of the case. *SEC v. Anticevic*, No. 05 Civ. 6991(KMW), 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009). A court "may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *FTC v. PCCare247 Inc.*, No. 12 CIV. 7189(PAE), 2013 WL 841037, at *2 (S.D.N.Y. Mar. 7, 2013). In addition, "[s]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *PCCare247*, 2013 WL 841037, at *2. Accordingly, parties are not required to attempt other forms of service before asking the court for alternative relief under Rule 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *PCCare247*, 2013 WL 841037, at *3.

21. In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code. Specifically, it provides that:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title. No provision of this title providing for the raising of an issue by any party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse of process.

11 U.S.C. § 105(a).

22. Rule 4(f)(3) applies to the UAE Defendants. The United Arab Emirates is not a signatory to the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other agreed means of service with the United States. *See, e.g.*, *Berdeaux v. OneCoin Ltd.*, No. 19-CV-4074 (VEC), 2020 WL 409633, at *1 (S.D.N.Y. Jan. 24, 2020); *Payne v. McGettigan's Mgmt. Servs. LLC*, No. 19-CV-1517, 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019).

6

No means of service in the United Arab Emirates are prohibited by international agreement, and the Court may approve any means of service in the United Arab Emirates that comport with constitutional notions of due process. "[T]hose methods must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Berdeaux*, 2020 WL 409633, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

23. As alleged in the Complaint, each UAE Defendant was a "Shadow Entity" used by Nirav Modi and his co-conspirators to engage in fraudulent and fictitious import transactions. The Trustee believes that each UAE Defendant's registered corporate address is an effective means of apprising the UAE Defendants of the pendency of this action and that will each entity an opportunity to present any objections. Without an order for alternative service, the Trustee submits that service in the United Arab Emirates would be prohibitively expensive and unduly delay this action.

24. Accordingly, the Trustee believes service by international registered mail on each UAE Defendant of the Complaint, Summons, and all other documents filed in this adversary proceeding (until an appearance by each UAE Defendant) is appropriate and should be authorized by the Court.

### C. The Court Should Extend Each Foreign Defendant's Deadline to Respond to the Complaint to 45 Days from the Date the Trustee Effects Service.

25. Bankruptcy Rule 7012(a) provides that "the Court shall prescribe the time for service of the answer when service of a complaint is made . . . upon a party in a foreign country." Fed. R. Bankr. P. 7012(a).

26. As set forth above, the Trustee intends to effect service on Neeshal Modi (in Belgium) and the Hong Kong Defendants (in Hong Kong) in accordance with the Hague Service

7

Convention under Civil Rule 4(f)(1). The Trustee intends to effect service on the UAE Defendants via international registered mail under Civil Rule 4(f)(3).

27.     The Trustee requests the Court set each Foreign Defendant's time to respond to the Complaint to 45 days from the date the Trustee completes service on the respective Defendant. The Trustee proposes that the 45-day period run from the service of the Complaint rather than from issuance of the Summons to prevent any prejudice that might result from a delay in service overseas.

### D. The Court Should Adjourn the Pretrial Conference.

28.     The Court has scheduled a pretrial conference for April 30, 2020 at 10:00 a.m. Because the deadline to respond to the Complaint will be after April 30, 2020, the Trustee requests the Court adjourn *sine die* the pretrial conference to a date after the Defendants' response deadlines.

### NOTICE

29.     The Trustee will serve this Motion on the Defendants with the Complaint and Summons. The Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that this Court issue an order substantially in the form of the proposed order attached as Exhibit A and granting related relief.

Dated: March 24, 2020
       New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: /s/ Vincent E. Lazar
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com

Carl Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Chapter 11 Trustee*

9