UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
In re:

                                    Chapter 11

FIRESTAR DIAMOND, INC., *et al.*,

                                    No. 18-10509 (SHL)

                Debtors.
----------------------------------------x
RICHARD LEVIN, Chapter 11 Trustee of    AMENDED
FIRESTAR DIAMOND, INC., FANTASY, INC.,  ANSWER
and OLD AJ, INC. f/k/a A. JAFFE, INC.,

                       Plaintiff,

                                  Adv. Proc. No. 20-01054 (SHL)

  -against-

AMI JAVERI (A/K/A AMI MODI), *et al.*,

                    Defendants.
----------------------------------------x

        Defendant Trident Trust Company (South Dakota) Inc., solely as Trustee of the Ithaca Trust ("Trident"), by its attorneys, Lynch Rowin LLP, for its amended answer to the Complaint to Avoid and Recover Actual Fraudulent Transfers and For Damages for Conspiracy to Violate the Racketeering Influenced Corrupt Organizations Act (the "Complaint"), states as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1 through 27 of the Complaint.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, except admits that Trident is a

corporation formed under the laws of the State of South Dakota, that Trident is the trustee of the Ithaca Trust and that the Ithaca Trust is an irrevocable trust governed by the laws of the State of South Dakota.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 29 through 364 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 365 of the Complaint, except admits that pursuant to documentation provided to Trident, Ami Modi appointed Nehal Modi as protector of the Ithaca Trust and that such documentation recites that Abhay Javeri had renounced his appointment as protector of the Ithaca Trust and that on August 23, 2017 Purvi Modi had released the power to appoint a protector.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 366 of the Complaint, except admits that Trident was appointed the trustee of the Ithaca Trust on or about May 25, 2018 and that pursuant to documentation provided to Trident, Nehal Modi accepted his appointment as protector of the Ithaca Trust, Abhay Javeri was removed as the investment advisor of the Ithaca Trust, Nehal Modi was appointed as the investment advisor of the Ithaca Trust and the Ithaca Trust Agreement was amended to provide that the trust would be governed by the laws of the State of South Dakota.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 367 of the Complaint, except admits that pursuant to documentation provided to Trident, Abhay Javeri, as investment advisor of the Ithaca Trust, directed Trident, as trustee of the Ithaca Trust, to remove Abhay Javeri as manager of defendant Central Park South 50 Properties LLC and to appoint Nitin Dattani as manager of that entity.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 368 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 369 of the Complaint, except admits that Trident is presently the trustee of the Ithaca Trust, admits that Nehal Modi is presently the protector of the Ithaca Trust, denies that Nitin Dattani is presently the manager of defendant Central Park South 50 Properties LLC and denies that Mihir Bhansali and Ajay Gandhi are presently the manager and treasurer, respectively, of defendant Central Park Real Estate LLC.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 370 through 866 of the Complaint.

10. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Trident states that it does not consent to entry of final orders or judgment by the Bankruptcy Court.

## FIRST AFFIRMATIVE DEFENSE

11. With respect to Trident, the Complaint fails to state a claim upon which relief can be granted, in that the Complaint does not allege any acts of alleged wrongdoing on the part of Trident.

## SECOND AFFIRMATIVE DEFENSE

12. With respect to Trident, the Complaint fails to state a claim upon which relief can be granted, in that all acts of alleged wrongdoing attributed to the Ithaca Trust, including fraudulent transfers, occurred before Trident became the trustee of the Ithaca Trust.

## THIRD AFFIRMATIVE DEFENSE

13. The Complaint fails to name a necessary party, Commonwealth Trust Company, which was the trustee of the Ithaca Trust at the time that all acts of alleged wrongdoing attributed to the Ithaca Trust, including fraudulent transfers, occurred.

## FOURTH AFFIRMATIVE DEFENSE

14. Pursuant to the trust instrument establishing the Ithaca Trust, Trident bears no liability for the actions of any predecessor trustee of the Ithaca Trust.

## FIFTH AFFIRMATIVE DEFENSE

15. Pursuant to South Dakota Codified Laws 55-2-12, Trident bears no liability for the actions of any predecessor trustee of the Ithaca Trust.

### SIXTH AFFIRMATIVE DEFENSE

16. With respect to the Ithaca Trust, the Complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

17. The claims against the Ithaca Trust are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

18. The claims against the Ithaca Trust are barred by the doctrine of *in pari delicto.*

### NINTH AFFIRMATIVE DEFENSE

19. Plaintiff lacks standing to assert claims against the Ithaca Trust.

WHEREFORE, Trident demands judgment:

(a) dismissing the Complaint as against it;

(b) awarding it its costs and disbursements of this action, including attorneys fees; and

(c) granting it such other relief as is just and proper.

Dated:  White Plains, New York
      June 9, 2020

                                    LYNCH ROWIN LLP

                                    By: /s/Marc Rowin
                                            Marc Rowin
                                  50 Main Street
                                  Suite 1000
                                  White Plains, New York 10606
                                  (212) 682-4001
                                  mrowin@lynchrowin.com
                                  Attorneys for Defendant Trident Trust Company (South Dakota) Inc., solely as Trustee of the Ithaca Trust

TO:    JENNER & BLOCK LLP
        353 North Clark Street
        Chicago, Illinois 60654
        (312) 222-9350
        Counsel for the Chapter 11 Trustee