Beth L. Kaufman
Patricia C. O'Prey
SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
551 Fifth Avenue
New York, New York 10176
(212) 661-5030
*Attorneys for Defendants Central Park Real Estate LLC and*
*Central Park South 50 Properties LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br>            Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>Jointly Administered |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, Inc., and OLD AJ, INC. f/k/a A. JAFFE, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>AMI JAVERI (A/K/A AMI MODI); ET AL,<br><br>            Defendants. | Adv. Proc. No. 20-01054 (SHL)<br><br>**DECLARATION OF**<br>**BETH L. KAUFMAN IN**<br>**SUPPORT OF MOTION**<br>**TO DISMISS** |

Beth L. Kaufman declares, pursuant to 28 U.S.C. § 1746 and under penalty of perjury:

1.      I am a member of the bar of this Court and of Schoeman Updike Kaufman & Gerber LLP, attorneys for defendants Central Park Real Estate LLC ("CPRE") and Central Park South 50 Properties LLC ("CPS50") (collectively, the "LLCs") and am familiar with the prior proceedings in this matter and the facts pertinent to this motion. I submit this declaration in support of the LLCs' motion to dismiss.

1

2. On September 8, 2020, I inquired of one of the counsel for the Trustee, Angela Allen, whether the Trustee would share with the LLCs copies of the Debtor Firestar Diamond, Inc.'s ("FDI's") balance sheets during the period relevant to the Trustee's constructive transfer claims against CPRE (*i.e.*, 2012-2018) in order to determine whether there was documentary evidence that should be provided to the Court as to whether FDI was solvent or insolvent at the time of the transfers, so as to elucidate the allegation that FDI was insolvent at the time of the transfers alleged in the Complaint.

3. Ms. Allen notified us that the Trustee declined to do so. Ms. Allen said that the Trustee's position was that FDI was insolvent at the time of the transfers due to the then unasserted (and as yet unproven) claims the Punjab National Bank's ("PNB's") Proof of Claim Against Firestar Diamond, Inc., In re Firestar Diamond, et al., No. 18-bk-10509 (Bankr. S.D.N.Y. Nov. 29, 2018) and that the Trustee would not share FDI's balance sheets or other evidence of potential solvency prior to discovery.

4. I asked Ms. Allen whether the Trustee would then stipulate, for purposes of this motion, that, based on FDI's balance sheets at the relevant times, FDI was solvent and not insolvent, thereby preserving the Trustee's position as to how insolvency was to be determined, but at the same time allowing us to argue that, in fact, FDI was solvent, as shown on its balance sheets, at the time of the alleged transfers. Ms. Allen notified us that the Trustee would not so stipulate.

WHEREFORE, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 15, 2020.

_____
Beth L. Kaufman

2