UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, Inc., et al., | No. 18-10509(SHL) |
| Debtors, | (Jointly Administered) |

Richard Levin, Chapter 11 Trustee of FIRESTAR
DIAMOND, INC., FANTASY, INC., and OLD AJ,
INC., f/k/a A. JAFFE, INC.,

                 *Plaintiff*,

v.                                               Adv. Proc. No. 20-01054(SHL)

AMI JAVERI (A/K/A AMI MODI), *et al*.,

                 *Defendants*.

-----------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW
# IN SUPPORT OF NEHAL MODI'S MOTION TO DISMISS

Roger J. Bernstein
535 Fifth Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 748-4800
Fax: (646) 964 6633
rbernstein@rjblaw.com

*Attorney for Defendant Nehal Modi*

**Table of Contents**

Page No.

I. The Trustee's Arguments Concerning Imputation Overlook Applicable Federal Law and Fail to Distinguish *Wagoner* Imputation from *In Pari Delicto* Defense ................................. 1

II. The Trustee's Waiver Argument Lacks Merit ........................................................................ 5

III. Dismissal Should Also Be Granted on the Other Grounds Asserted by Nehal Modi ............. 5

CONCLUSION ................................................................................................................................ 5

## Table of Authorities

**Cases**

*Bank of Marin v. England*, 385 U.S. 99 (1966) ............................................................................. 3

*Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299 (1985) ...................................... 1, 4

*In re Jamuna Real Estate LLC*, 365 B.R. 540 (Bankr. E.D. Pa. 2007) ........................................... 4

*In re Lehr Constr. Corp.,* 551 B.R. 732 (S.D.N.Y. 2016),
   *aff'd*, 666 Fed. App'x 66 (2d Cir. 2016) ................................................................................... 2

*In re Merrill Lynch Auction Rate Sec. Litig.,* 758 F. Supp. 2d 264 (S.D.N.Y. 2010) .................... 1

*Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*,
   437 F.3d 1145 (11th Cir. 2006) ................................................................................................ 3

*Republic of Iraq v. ABB AG*, 768 F.3d 145 (2d Cir. 2014) .................................................... 1, 2, 3

*Union Bank v. Mott*, 1863 WL 4108 (N.Y. Gen. Term. 1863) ....................................................... 4

Defendant Nehal Modi respectfully submits this Reply Memorandum of Law in further support of his Motion to Dismiss (Dkt. No. 46) and in response to the Trustee's Omnibus Opposition to Defendant's Motions to Dismiss ("Opposition Brief" or Op. Br.").

I.  **The Trustee's Arguments Concerning Imputation Overlook Applicable Federal Law and Fail to Distinguish *Wagoner* Imputation from *In Pari Delicto* Defense**

The Trustee's lengthy exegesis concerning imputation principles conceals as much as it reveals. The burden of the Trustee's argument is that only "innocent third parties" may impute agent misconduct to a plaintiff corporation. *See* Op. Br. at 42-45. However, the argument is grounded only in state law cases from Delaware and New York concerning principles of agency. Curiously lacking is any discussion of leading federal cases in which alleged co-conspirators – who are not innocent third parties -- are able to raise an *in pari delicto* defense. The law concerning *in pari delicto* is not grounded in agency; it is grounded in public policy concerns about enforcement of statutes. *See, e.g., Bateman Eichler, Hill Richards, Inc. v. Berner,* 472 U.S. 299, 315 (1985) (discussing enforcement of securities laws in insider trading context).

In translation, *in pari delicto* means "of equal fault". A "delict" is generally translated as denoting an offense, often criminal, or a tort, or simply a "wrongful act". *In re Merrill Lynch Auction Rate Sec. Litig.,* 758 F. Supp. 2d 264, 276 (S.D.N.Y. 2010). No federal case has barred a co-conspirator who is not an "innocent third party" and is a participant in alleged wrongdoing from raising this defense. Indeed, the core federal policy is simply comparative fault; the less culpable party can raise this defense against a more culpable plaintiff. *Bateman Eichler,* 472 U.S. at 310-12 ("private action for damages . . . may be barred on the grounds of the plaintiff's own culpability only where (1) as a direct result of his own actions, the plaintiff bears at least substantially equal responsibility for the violations he seeks to redress"); *Republic of Iraq v. ABB AG*, 768 F.3d 145, 167-68 (2d Cir. 2014) (applying comparative fault test). The Opposition

1

Brief makes reference to *Bateman Eichler* in passing, *see* Op. Br. at 50, but never addresses the significance of *in pari delicto* and the comparative fault policy it embodies.

Equally on point is the Court of Appeals decision in *Republic of Iraq, supra.* There the defendants were alleged to be culpable parties in a complex scheme to defraud the U.N. Oil for Food Programme by means of inflated prices and kickbacks to the plaintiff government. *See* 768 F.3d at 157. The Court of Appeals had no difficulty in holding that these very culpable co-conspirators – in a RICO conspiracy case under 18 U.S.C. 1962(d) – could raise an *in pari delicto* defense. *Republic of Iraq,* 768 F.3d at 16-69.

The Opposition Memorandum attempts to brush off the federal *in pari delicto* cases by claiming that they embody an "insider" exception and an "adverse interest" exception. Opp. Br at 51. But here the Trustee fails to come to terms with *In re Lehr Constr. Corp.,* 551 B.R. 732 (S.D.N.Y. 2016), *aff'd*, 666 Fed. App'x 66 (2d Cir. 2016). On appeal from the Bankruptcy Court, the district court held that "the *in pari delicto* defense exists as a matter of federal common law, as well as under the laws of the various states." *In re Lehr*, 551 B.R. at 739. The court rejected the concept of a separate "insider exception" or "bankruptcy insider" exception to the *in pari delicto* principle. It held that the only available exception – under New York law – would be a narrowly construed adverse interest exception. 551. B.R. at 740. It is highly misleading, to say the least, to cite a supposed "insider exception" in a discussion of state law when controlling authority holds that none exists. And the court never upheld an "insider exception" as a matter of federal law.

The Supreme Court has not had occasion to decide whether there is an adverse interest exception to the *in pari delicto* defense, and the Second Circuit simply assumed its existence in *Republic of Iraq, supra. See* 768 F.3d at 166. However, as the Court of Appeals there noted,

2

this is "this [is the] most narrow of exceptions . . . ". *Id.* The Trustee attempts to squeeze within this exception by citing alleged corporate looting by Bensali and Gandhi. Opp. Br. at 49-50. But that activity began only in December of 2017 and ended less than a year later in October of 2018. Complaint, ¶¶ 195-242. The bank fraud, however, which was immensely profitable to the Debtors as well as to Bensali and Gandhi, began in 2010 and continued for seven years until "late May of 2017". Complaint, ¶¶ 91 & 184. Millions of dollars (however accounted for) came in to the Debtors during this period. Complaint, ¶¶ 91, 99, 128-29. There is no precedent for disregarding seven years of officer activity beneficial to a corporation and limiting examination to only one year in order to apply the adverse interest exception. The Trustee offers no explanation for his attempt to have the Court apply the adverse interest exception so selectively.

The Trustee attempts to avoid the principle that he is subject to the same defenses as the Debtors[1] by claiming that he can avoid shifting ill-gotten assets from one co-conspirator to another. However, there is no authority in this Circuit – and the Trustee cites none -- that permits a trustee to shed debtor defenses selectively. Second Circuit case law is clear that a trustee alleging a RICO violation is barred by the *in pari delicto* defense if the debtor's wrongdoing warrants applying it. If this defense were unavailable despite the debtor's criminal acts, a co-conspirator's "recovery under RICO would not divest RICO violators of their ill-gotten gains; it would result in a wealth transfer among similarly situated conspirators." *Republic of Iraq*, 768 F.3d at 167 (quoting *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1155 (11th Cir. 2006)).

The Trustee's proposed solution – disallowing claims of alleged co-conspirators – is not only improvisational; it has no supporting basis in law. In fact, it raises more questions than it

---

[1] *Bank of Marin v. England*, 385 U.S. 99, 101 (1966) (". . . the trustee is subject to all claims and defenses which might have been asserted against the bankrupt but for the filing of the petition").

3

answers.  For instance, the Punjab Bank may claim victim status; however, the alleged bribe-taking of the key loan officer (Shetty) implicates the bank in the fraudulent LOU transactions. The trials and complexities involved in litigating claim disallowance for multiple alleged co-conspirators cannot be brushed away.  Although the Trustee cites a case decided in the Third Circuit, *In re Jamuna Real Estate LLC*, 365 B.R. 540, 559 (Bankr. E.D. Pa. 2007), as an example of disallowing claims of wrongdoers in order to avoid the transfer of illicit assets from one wrongdoer to another, that is not what happened in that case.  The court in *Jamuna* noted that there were no secured parties, that the priority claims were almost entirely tax debt, and that the remaining obligations were to third-party receivables purchasers.  Its discussion of disallowing co-conspirator claims was expressly theoretical.  *See* 365 B.R. at 559.  The principal holding in the case concerning *in pari delicto* was a comparative fault analysis under *Bateman, Eichler* in which the court concluded that the defendants were far more culpable than the debtor.  *Id*.

The Trustee reaches back to the nineteenth century decision in *Union Bank v. Mott*, 1863 WL 4108 (N.Y. Gen. Term. 1863) to try to find support for its attempt to bar co-conspirators from pleading an imputation defense.  Not only was *Union Bank* not a federal *in pari delicto* case; involving a significant remedial federal statute, but its actual holding is also not on point at all.  The case involved a conspiracy between a bookkeeper at the bank and an agent employed by Mott to inflate Mott's deposits with false credit entries and then share the resulting fictitious balance (at the bank's expense).  Mott was unaware of the fraudulent activities of his agent.  The bank sued Mott.  Mott did not invoke an *in pari delicto* defense.  The court, following trial, simply held that responsibility for the fraud lay with the bank and not with Mott, because "[t]he loss then is occasioned by the fraud of an agent, clerk and servant of the bank."  *Id.* at 2.  In *dicta*, which is what the Trustee emphasizes (Opp. Br. at 48), the court noted that the bank could sue its own bookkeeper.  *Id.* That statement is dicta because there was no (reported) suit against the

4

bookkeeper, hence no occasion for him to defend on *in pari delicto* grounds. The trial court never had occasion to address or decide that question. It is something of a mystery that this case is being cited, therefore.

## II.     The Trustee's Waiver Argument Lacks Merit

In the Opposition Brief the Trustee contends that defendant Nehal Modi (and other defendants) waived any argument that the alleged predicate acts are insufficiently particularized or time barred because "[n]one of them discusses the legal requirements for each predicate act or explain (*sic*) why the Trustee's allegations are purportedly deficient." Opp. Br. at 14. This is a rank distortion. Defendant Nehal Modi (and other defendants) expressly incorporated by reference the arguments already made multiple times by other defendants addressing these issues. *See, e.g.,* Memorandum of Law in Support of Nehal Modi's Motion to Dismiss, at 16-17. No known principle of law or procedure bars incorporation by reference of arguments made by others. This procedure is patently preferable where arguments are already fully briefed and hundreds of pages of overlapping arguments have already been submitted to the Court. Notably, elsewhere in his Opposition Brief the Trustee expressly incorporates his own prior arguments. *See* Op. Br. at 24.

## III.    Dismissal Should Also Be Granted on the Other Grounds Asserted by Nehal Modi

Nehal Modi incorporates by reference the reply arguments made by other defendants to the arguments in Part IV of his Memorandum of Law in Support of Nehal Modi's Motion to Dismiss (Dkt. No. 47) that are based on the same grounds as the other defendants' motions to dismiss, *i.e.,* lack of standing, lack of direct injury, failure to allege domestic injury, and statute of limitations.

**CONCLUSION**

5

      For the reasons stated above and in Nehal Modi's initial Memorandum of Law, the Court should dismiss the RICO conspiracy causes of action against him.

Dated: New York, New York
      March 5, 2021

                                                *s/ Roger J. Bernstein*
                                                Roger J. Bernstein
                                                535 Fifth Avenue, 23rd Floor
                                                New York, NY 10017
                                                Tel: (212) 748-4800
                                                Fax: (646) 964 6633
                                                rbernstein@rjblaw.com

                                                *Attorney for Defendant Nehal Modi*