UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, Inc., et al., | No. 18-10509(SHL) |
| Debtors, | (Jointly Administered) |

| | |
|---|---|
| Richard Levin, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC., f/k/a A. JAFFE, INC., | Adv. Proc. No. 20-01054(SHL) |
| Plaintiff, | |
| vs. | |
| AMI JAVERI (A/K/A AMI MODI), et al., | |
| Defendants. | |

-------------------------------------------------------------------X

# DEFENDANT NEESHAL MODI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

Paykin Krieg & Adams, LLP
2500 Westchester Avenue, Suite 107
Purchase, New York 10557
(212) 725-4423
bsuess@pka-law.com
Attorneys for defendant Neeshal Modi

**Table of Contents**

Table of Authorities ................................................................................................................. ii

Preliminary Statement ............................................................................................................... 1

Argument .................................................................................................................................. 2

I.    Trustee Fails to Demonstrate Personal Jurisdiction Over Neeshal ....................................... 2

    A.    There is no jurisdiction over Neeshal on a Conspiracy Basis ........................................... 2

    B.    There is no jurisdiction over Neeshal under CPLR 302 .................................................... 6

    C.    Jurisdictional discovery is not appropriate ....................................................................... 7

II.    Trustee Fails to Demonstrate Neeshal's Agreement to Participate in the Bank Fraud ........ 7

III.    The Complaint should be Dismissed on Grounds Raised by Other Defendants…………. 9

Conclusion ................................................................................................................................ 9

# Table of Authorities

**Cases**

*Baisch v. Gallina*, 346 F.3d 336 (2d Cir. 2003) ............................................................................. 7

*Clerc v. Cantoni, Inc.*, No. 01 CIV 2481 (RO), 2002 WL 1482769 (S.D.N.Y. Jul. 10, 2002) ...... 6

*FrontPoint Asian Event Driven Fund, L.P. v. Citibank N.A.*, No. 16-cv-5263 (AKH), 2017 WL 3600425 (S.D.N.Y. Aug. 18, 2017) ........................................................................................... 3

*Gear, Inc. v. Gear California, Inc.*, 637 F.Supp. 1323 (S.D.N.Y.1986) ........................................ 3

*Levant Line, S.A. v. Marine Enters. Corp. (In re Levant Line, S.A.)*, 166 B.R. 221 (Bankr. S.D.N.Y. 1994) ............................................................................................................................ 3

*Rush v. Savchuk*, 444 U.S. 320 (1980) ........................................................................................... 3

*Tera Group, Inc. v. Citigroup, Inc.*, No. 17-cv-4302 (RJS), 2018 WL 4732426 (S.D.N.Y. Sep. 28, 2018) ..................................................................................................................................... 3

*Tese-Milner*, 613 F. Supp. 2d 404 (S.D.N.Y. 2009) ....................................................................... 7

**Statutes**

Fed. R. Evidence 201 ...................................................................................................................... 8

Defendant Neeshal Modi ("Neeshal") submits this reply memorandum of law in further support of his motion to dismiss the Complaint of plaintiff Richard Levin, as Trustee ("Plaintiff" or "Trustee"), on behalf of debtors Firestar Diamond, Inc., Fantasy, Inc. and Old AJ, Inc. f/k/a A. Jaffe, Inc. (collectively, the "Debtors"), and U.S. Affiliates Synergies Corporation ("Synergies"), Firestar Group, Inc., Firestar Diamond International, Inc., Nirav Modi, Inc. and AVD Trading, Inc. (collectively, the "U.S. Affiliates"), pursuant to Federal Rules of Civil Procedure 12(b)(1), (2) and (6).

**Preliminary Statement**

The Trustee's opposition fails to refute the key points in Neeshal's motion to dismiss: there are grounds with New York to assert personal jurisdiction and no allegations to demonstrate Neeshal's agreement to participate in the alleged Bank Fraud. The Trustee's Complaint against Neeshal is based on nothing more than guilt by association based on gossamer threads of speculation and conclusory allegations. The Trustee's opposition makes clear its entire factual allegations as to Neeshal's alleged involvement in the Bank Fraud and basis for personal jurisdiction in New York are limited to 17 threadbare allegations comprising (a) hearsay and innuendo, (b) admissions that the acts were performed by, or at the direction of others, and (c) conclusory allegations as to Neeshal's agreement to joint and support the Bank Fraud. As a matter of law, the Complaint fails to allege participation in the alleged conspiracy because there are no allegations demonstrating Neeshal's agreement to participate. Contrary to Trustee's contention, attenuated inferences are insufficient. The Complaint also fails to assert personal jurisdiction over Neeshal because there are no minimum contacts, no acts of purposeful availment, and no direct acts into the forum. Further contrary to Trustee's contention, simply being a corporate officer is

insufficient to assert jurisdiction. In the complete absence of any factual allegations as to these matters, the Complaint should be dismissed.

## Argument

The Complaint should be dismissed against Neeshal Modi. The Trustee fails to cure the Complaint's complete lack of any factual allegations for asserting personal jurisdiction over Neeshal and demonstrating his agreement to participate in the Bank Fraud as a co-conspirator.

### I. Trustee Fails to Demonstrate Personal Jurisdiction Over Neeshal

The Complaint should be dismissed against Neeshal because the Trustee has failed to demonstrate jurisdiction. As an initial matter, Trustee fails to rebut Neeshal's declaration, which makes clear he has no contacts with New York in particular, or the United States in general, whether minimal or otherwise. Neeshal is a Belgian citizen and has never lived in New York or the United States. He has never had any accounts or investments, paid any taxes, owned any property, been employed or conducted sufficient business, or even had a telephone here. *See* Declaration of Neeshal Modi dated October 15, 2020 ("Neeshal Dec.") (Dkt. 56-3) at ¶¶ 16-25.

Instead, Trustee attempts to assert jurisdiction over Neeshal on either a conspiracy basis of the minimum contacts test or "effects" basis under CPLR 302(a). Neeshal will not overburden the Court by repeating arguments and legal citations extensively set forth in his moving brief, but suffice to say, neither of Trustee's contentions are sufficient. Moreover, in the complete absence of any proper factual allegations as to jurisdiction and Neeshal's participation in the Bank Fraud, it would be unreasonable to assert personal jurisdiction in these circumstances.

#### A. There is no jurisdiction over Neeshal on a Conspiracy Basis

Contrary to Trustee's contention, the Complaint fails to assert personal jurisdiction over Neeshal under the conspiracy basis because it fails to "allege specific facts warranting the inference that the defendant was a member of the conspiracy." *Allstate Life Ins. Co. v. Linter Grp. Ltd.*, 782

2

F. Supp. 215, 221 (S.D.N.Y. 1992); *accord Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 87 (2d Cir. 2018); *see also* Opp. Brief p. 69.

Trustee simply contends that "Neeshal was "one of the key day-to-day managers of the fraudulent import and export transactions," based on the following supposed acts, none of which are demonstrative of participation in the alleged Bank Fraud, let alone any inference. Trustee ignores the complete lack of evidence against Neeshal by attempting to assert jurisdiction over Neeshal with extensive, detailed allegations against the other co-conspirators. As a matter of law, group pleading of this sort is improper. *See Tera Group, Inc. v. Citigroup, Inc.*, No. 17-cv-4302 (RJS), 2018 WL 4732426 *2 (S.D.N.Y. Sep. 28, 2018) citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("This group pleading – conflating UBS AG and UBS Securities LLC as "UBS" – fails to establish personal jurisdiction over "each defendant."), and *FrontPoint Asian Event Driven Fund, L.P. v. Citibank N.A.*, No. 16-cv-5263 (AKH), 2017 WL 3600425, at *6 (S.D.N.Y. Aug. 18, 2017) (personal jurisdiction lacking because plaintiffs did not "specify which of the three Barclay defendants" were involved in alleged acts).

    a.    Neeshal Modi served as a partner of all three LOU Entities and, in 2016, selected and appointed additional "dummy" partners for the LOU Entities.

*See* Trustee's opposition brief ("Opp. Brief") (Dkt. 60) p. 72 citing Complaint ¶¶ 5, 449.

This allegation is insufficient because simply being an owner is not demonstrative of knowledge, participation, or agreement in the Bank Fraud. *Gear, Inc. v. Gear California, Inc.*, 637 F.Supp. 1323, 1328 (S.D.N.Y.1986) citing *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft*, 751 F.2d 117, 120 ("Common ownership or control" of a nondomiciliary alone is "not enough" to establish jurisdiction); *Levant Line, S.A. v. Marine Enters. Corp. (In re Levant Line, S.A.)*, 166 B.R. 221, 230 (Bankr. S.D.N.Y. 1994) (indirect ownership, absent allegations that the parent

3

corporation dominated and controlled the subsidiary, are insufficient to establish personal jurisdiction).

The Complaint does not allege that Neeshal received any compensation or other benefits from being an owner and is rebutted by documentary evidence. The Keybus and PWC Reports make clear that Neeshal did not benefit from FDB other than his legitimately earned salary. Neeshal Dec. ¶¶ 7-12; Exs. B, C, D. Moreover, except for the allegation about selecting "dummy" partners, unlike the other alleged co-conspirators, the Complaint does not allege that Neeshal signed any documents for any LOU Entity, or was otherwise involved in any business transactions and performed any acts on behalf of any LOU Entity.

> b. Neeshal Modi was the beneficial owner of numerous Shadow Entities and other offshore shell companies used to further the Bank Fraud and launder its proceeds.

Opp. Brief p. 72 citing Complaint ¶¶ 5, 449.

As with being a partner, this allegation is insufficient because being an owner is not demonstrative. The Complaint also does not allege any specific transaction attributable to Neeshal. The transactions that purportedly comprise this category are based on hearsay by an "Indian Consultant" who told Indian authorities and, more importantly, were directed by Mihir Bhansali in their entirety. *See* Complaint ¶¶ 75, 76. Crucially, Purvi and Neeshal were declared – by Bhansali; not Neeshal – to be the ultimate beneficial owners of these companies to the BVI authorities; Bhansali chose all these entities' names; and Moore served as the director of each of these entities. *Id.* The Complaint does not allege that Neeshal was named a beneficial owner with his knowledge or consent, or otherwise benefitted from the alleged ownership interest, that he signed any documents for any entity, or was otherwise involved in any business transactions and performed any acts on behalf of any entity.

    c.  Neeshal Modi, along with Mihir Bhansali, selected and hired various Shadow Entity personnel throughout the Relevant Period.

Simply hiring employees is not indicative of participation in the Bank Fraud. The Complaint does not allege that any such hires were improper, fraudulent or otherwise involved in the Bank Fraud. The lone allegation in this regard is that on July 1, 2017, FIPL CFO Ravi Gupta purportedly emailed Nirav a spreadsheet containing fictitious biographical profiles – not actual hires – for certain Shadow Entities and asked, "Last year someone had created the enclosed file for top 8 customers[.] Can u let me know who had helped in creation of this? We would like to do for few more customers like Augragen [sic], Eurostar, Diagem, Saumil, and Pannadium." Complaint ¶ 118. The Complaint does not allege Neeshal's involvement in any way. Rather, Nirav forwarded the email to Bhansali, who directed Shyam Wadhwa, Aditya Nanivati, and Neeshal to create additional fictitious profiles for Shadow Entities in their respective regions. *Id.* The Complaint is silent as to whether Neeshal did, in fact, set up such profiles.

    d.  Neeshal Modi orchestrated numerous fraudulent transactions among FD BVBA and Shadow Entities to further the Bank Fraud throughout the Relevant Period.

Unlike the other purported co-conspirators, the Complaint fails to cite a single transaction involving Neeshal in furtherance of the Bank Fraud. The allegations in this regard make clear that Neeshal did not effect any transactions or that he even had any knowledge of any transactions. The Complaint only alleges that on May 27, 2010, Bhansali directed Aditya Nanivati to make Bhansali, Nanivati, Purvi, and Neeshal authorized users of FDL's Standard Chartered Bank account. Complaint ¶ 111. With respect to the physical devises necessary to approve transfers, Bhansali instructed Nanivati to send Purvi's device to Hemant Bhatt and Neeshal's device to Gandhi. *Id.* The Complaint does not allege that Neeshal had any knowledge of being appointed an authorized

5

user of the account, consented to the appointment, performed any transactions on the account, or benefitted from the account.

      e.    Neeshal Modi had a power of attorney for Purvi Mehta and signed agreements on her behalf, including for Purvi Mehta's purchase of a Hong Kong apartment in April 2017 for approximately $2.7 million.

These allegations are based on hearsay, which is insufficient. *Clerc v. Cantoni, Inc.*, No. 01 CIV 2481 (RO), 2002 WL 1482769 (S.D.N.Y. Jul. 10, 2002) (allegation that painting was in hotel lobby based upon unattributed third-person statement constituting hearsay was insufficient to assert personal jurisdiction). The Complaint does not allege that Neeshal accepted the Power of Attorney ("POA") in connection with, or to further, the Bank Fraud; that he received anything of value from the transaction, other benefit; or that the transaction had any effect on or relation to New York or the United States. Neeshal also denied that the POA and apartment purchase, to his knowledge, was related to the Bank Fraud. Neeshal Dec. ¶¶ 14, 15. Moreover, contrary to the allegations in the Complaint, the POA was for the purchase of an apartment in Mumbai; not Hong Kong. *Id.*

      **B.**    **There is no jurisdiction over Neeshal under CPLR 302**

The Complaint fails to assert personal jurisdiction over Neeshal under any section of CPLR 302 despite appearing to only contend that CPLR 302(a)(1) is appropriate. With respect to CPLR 302(a)(1), Trustee fails to identify a single transaction that Neeshal conducted in New York with a "substantial relationship" with the alleged Bank Fraud. The Complaint only asserts conclusory allegations. Notwithstanding that a single transaction may suffice under CPLR 302(a)(1), conclusory allegations are insufficient. Trustee contends only that "Neeshal, through BVBA, also controlled transactions in New York that benefitted Neeshal and his co-conspirators." Opp. Brief p. 75. This contradicts the Complaint, which alleges that Nirav Modi was the ultimate beneficiary

6

through his "dominance and control over…Neeshal Modi, and other nominal owners, directors, and officers." Complaint ¶ 454(a). Indeed, Trustee does not specify or identify any of the alleged transactions Neeshal "controlled" or that he or any of the co-conspirators "benefitted" from. Trustee only alleges that "BVBA received millions of dollars from the Debtors and U.S. Affiliates, thereby benefitting Neeshal through his oversight of BVBA." Opp. Brief. P. 76. Conclusory allegations of this sort are insufficient to demonstrate purposeful availment or activity.

### C. Jurisdictional discovery is not appropriate

Contrary to Trustee's contention, jurisdictional discovery is not appropriate simply because Neeshal's "involvement in the Bank Fraud is largely within their knowledge." Opp. Brief p. 79-80. First, the Complaint's extensive allegations as to the other co-conspirators' involvement makes clear everyone has more knowledge of the alleged Bank Fraud than Neeshal. Neeshal's declaration confirms his lack of knowledge and participation. Moreover, as set forth herein and elsewhere, Trustee has failed to satisfactorily allege that Neeshal participated in or knew of the Bank Fraud. Indeed, the Complaint is "insufficiently specific" as to Neeshal's involvement in the overall Bank Fraud and as to his contacts or other activities to assert jurisdiction over him for which jurisdictional discovery is not appropriate. *Tese-Milner*, 613 F. Supp. 2d 404, 417 (S.D.N.Y. 2009).

### II. Trustee Fails to Demonstrate Neeshal's Agreement to Participate in the Bank Fraud

The Trustee is flat out wrong in contending that knowledge alone is sufficient to demonstrate participation in a RICO conspiracy. The United States Supreme Court has made clear that a complaint alleging a RICO conspiracy under § 1962(d) must allege with specificity that "each defendant "knew about and agreed to facilitate" a pattern of racketeering activity." *Baisch v. Gallina*, 346 F.3d 336, 337 (2d Cir. 2003) citing *Salinas v. United States,* 522 U.S. 52, 66 (1997).

7

As set forth above, the Trustee relies on five (5) incidents to support its contention that Neeshal participated in the Bank Fraud. None of the contentions are sufficient because they are based on hearsay, acts and admissions of third-parties, and conclusory allegations. None demonstrate any agreement or meeting of the minds between Neeshal and any of the other co-conspirators. Documentary evidence also makes clear that Neeshal disclaimed any participation in the Bank Fraud. Neeshal Dec. ¶ 5; Ex. B (Resignation letter and Trust resolutions).

Contrary to Trustee's contention, it is not appropriate for the Court to take judicial notice of the Adversary Proceeding against Firestar Diamond BVBA in *Levin v. Firestar Int'l Ltd.*, Adv. No. 20-1053 (SHL). *See* Opp. Brief p. 38, fn 15. Fed. R. Evidence 201 does not provide for judicial notice in the circumstance alleged because the facts Trustee requests judicial notice of – Neeshal's participation in the Bank Fraud via his corporate position in the company – is disputed in its entirety, Neeshal was not a party to the proceeding, and by rule, such "facts" are not "generally known within the trial court's territorial jurisdiction" and cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). Moreover, Trustee has failed to supply the court with a copy of such proceedings.

Trustee's contention that Neeshal's Declaration, which used the word "planned", is demonstrative also is without merit. By definition (Merriman-Webster), "planned" does not imply misconduct, nefarious purpose or negative connotation in any way. As a verb, "plan" means (i) to arrange the parts (design); (ii) to devise or project the realization or achievement of; or (iii) to have in mind (intend). *See* https://www.merriam-webster.com/dictionary/planned (last accessed June 24, 2021). Neeshal's declaration, and the letters of resignation and Trust resolutions, also make clear he did not participate in the Bank Fraud, and also is not evidence of any Bank Fraud. Neeshal Dec. ¶¶ 5, 6, 14; Exs. B, C, D.

8

**III.     The Complaint should be Dismissed on Grounds Raised by Other Defendants**

Contrary to Trustee's contention, Neeshal properly incorporated by reference legal arguments raised by other defendants, specifically Nirav Modi, with respect to the *in pari delicto* defense and others. *See* Neeshal's memorandum of law at p. 33 (Point IV: Adoption of Additional Grounds for Dismissal as Asserted by Co-Defendants) (Dkt. 55). Neeshal's incorporation by reference in this regard, which Trustee did similarly in its opposition, is proper. Opp. Brief p. 24.

In lieu of repetition, Neeshal incorporates by reference the arguments supporting the *in pari delicto* defense made by the Reply Memorandum of Law in Support of Nehal Modi's Motion to Dismiss dated March 5, 2021 and by the other defendants who have addressed this issue in their reply briefs, *e.g.,* Nirav Modi. Neeshal also incorporates by reference the reply arguments made by other defendants to the arguments in Part IV of his Memorandum of Law in Support of his Motion to Dismiss (Dkt. No. 55) that are based on the same grounds as the other defendants' motions to dismiss, *i.e.,* lack of standing, lack of direct injury, failure to allege domestic injury, and statute of limitations.

**Conclusion**

WHEREFORE, defendant Neeshal Modi respectfully requests that the Court grant his motion to dismiss, and for such other and further relief as is just and reasonable.

Dated: Purchase, New York
June 24, 2021

Paykin Krieg & Adams, LLP

*/s/ Benjamin Suess*
By:_____
Benjamin Suess, Esq.
2500 Westchester Avenue, Suite 107
Purchase, New York 10577
(212) 725-4423
bsuess@pka-law.com

Attorneys for defendant Neeshal Modi

9