**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., | |
| Plaintiff,<br>v. | Adv. Proc. No. 20-1054 |
| AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; HAMILTON PRECIOUS TRADERS LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.; UNIQUE DIAMOND AND JEWELLERY FZC; WORLD DIAMOND DISTRIBUTION FZE; VISTA JEWELRY FZE; EMPIRE GEMS FZE; UNIVERSAL FINE JEWELRY FZE; DIAGEMS FZC; TRI COLOR GEMS FZE; PACIFIC DIAMONDS FZE; HIMALAYAN TRADERS FZE; UNITY TRADING FZE; FINE CLASSIC FZE; DG BROTHERS FZE, | |
| Defendants. | |

**REVISED DECLARATION OF LAUREEN M. RYAN IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**
**AGAINST DEFENDANTS AURAGEM COMPANY LTD.,**
**BRILLIANT DIAMONDS LTD., ETERNAL DIAMONDS**
**CORPORATION LTD., AND TWIN FIELDS INVESTMENTS LTD.**

I, Laureen M. Ryan, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.      I have personal knowledge of and am competent to testify as to the matters

set forth herein.

2.      I submit this Declaration in support of the Trustee's *Motion for Judgment Against Defendants Auragem Company Ltd., Brilliant Diamonds Ltd., Eternal Diamonds Corporation Ltd., and Twin Fields Investments Ltd.* ("**Default Motion**") [Adv. Dkt. 91], which seeks entry of judgment against each of the Default Judgment Defendants[1] in the above-referenced adversary proceeding, and in place of the original declaration (the "**Original Declaration**") filed in support of the Default Motion on August 31, 2021 [Adv. Dkt. 91-1]. A redline reflecting changes in this Declaration from the Original Declaration is attached hereto as Exhibit 6.

3.      I am a Managing Director with Alvarez & Marsal Disputes and Investigations, LLC (together with employees of its professional service provider affiliates (all of which are wholly-owned by its parent company and employees), its wholly-owned subsidiaries and independent contractors, "**A&M**"), an internationally recognized company with extensive experience and an excellent reputation in providing financial advisory services in large and complex chapter 11 cases.  A&M specializes in, among other areas, providing analytical and investigative services to parties that are navigating complex accounting and financial issues, disputes, or regulatory probes.

4.      I am a Certified Insolvency and Restructuring Advisor, a Certified Public Accountant, an Accredited Business Valuer, and a Certified Distressed Business Valuer. I have more than thirty years of experience providing finance, accounting, investigation, restructuring and other consulting services to companies across a broad range of industries, including over twelve years while being employed by A&M. I have performed in various

---

[1] In the Motion and this Declaration, "Default Judgment Defendants" means Auragem Company Ltd., Brilliant Diamonds Ltd., Eternal Diamonds Corporation Ltd., and Twin Fields Investments Ltd. Capitalized terms not otherwise defined in this declaration have the meaning provided in the Default Motion.

fiduciary roles as responsible officer, chapter 11 trustee, plan administrator/liquidating trustee, and board member. I have conducted investigations, pursued litigation, and resolved complex business, accounting and financial matters in the U.S. and abroad. My responsibilities (in and out of court) have comprised managing and winding down company operations, asset sales and divestitures, environmental cleanup, pension and retiree assets and obligations, marshaling assets, solvency analyses, reconstructing books and records, insurance recoveries, billions of dollars of asbestos claims and the establishment of a section 524(g) trust, other claims processes and analysis, and resolving disputes.

5.      On February 26, 2018, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court.

6.      On April 20, 2018, the Court appointed John J. Carney as examiner (the "**Examiner**") to investigate the nature and extent of the Debtors' involvement in Nirav Modi's scheme to obtain loans, credits, or other funds under false pretenses and without collateral from numerous banks (the "**Bank Fraud**"). [Dkt. 118.[2]]

7.      The Examiner retained A&M to provide financial advisory and investigative services in support of the Examiner's investigation into the circumstances surrounding the alleged fraud involving the Debtors and their principals.   The Court authorized the Examiner's employment of A&M, *nunc pro tunc* to April 19, 2018, by Order dated June 11, 2018. [Dkt. 219.]   A&M provided services to the Examiner for the duration of his engagement in these chapter 11 cases.

---

[2] Unless otherwise specified, docket references refer to *In re Firestar Diamond, Inc.*, No. 18-10509-shl (Bankr. S.D.N.Y.).

8.      On June 14, 2018, the Court approved the appointment of Richard Levin as chapter 11 trustee (the "**Trustee**"), at which time the Trustee assumed control of the Debtors' estates and operations. [Dkt. 227.]

9.      The Trustee retained A&M to provide financial advisory and investigative services to the Trustee.  The Court authorized the Trustee's employment of A&M, *nunc pro tunc* to June 14, 2018, by Order dated July 20, 2018. [Dkt. 307.]

10.      The Court confirmed the Trustee's First Amended Chapter 11 Plan [Dkt. 1106] on November 20, 2019 [Dkt. 1262], and confirmed the Trustee's Modified First Amended Chapter 11 Plan (the "Plan") [Dkt. 1539] on July 17, 2020 [Dkt. 1569].

11.      The Trustee declared the Plan effective as of August 3, 2020 [Dkt. 1584], after which all Retained Causes of Action (as defined in the Plan), including this adversary proceeding, are to be prosecuted, settled, or abandoned by the Liquidating Trustee.[3]

12.      A&M provided services to the Trustee through the Effective Date and has continued to provide services to the Liquidating Trustee after the Effective Date.

13.      Following A&M's retention by the Examiner, I immediately took steps to familiarize myself with the Debtors' business operations, records, and employees, meeting frequently at the Debtors' premises and interacting with Debtors' remaining management and operating personnel.

14.      As a result of A&M's engagement by the Examiner, Trustee, and Liquidating Trustee, I, along with my colleagues at A&M, have become well acquainted with the Debtors' businesses, financial affairs, and prepetition activities.

---

[3] As defined in the Plan, the Liquidating Trustee is Richard Levin, not individually, but solely as the trustee of the Liquidating Trusts, or any of his successors and assigns. Plan § 1.60.

15.     This adversary proceeding seeks, among other things, to avoid and recover damages for fraudulent transfers under sections 544, 547, 548 and 550 of the Bankruptcy Code; and sections 273, 276, 278 and 279 of the New York Debtor and Creditor Law.  [Dkt. 1 in Adv. Proc. 20-1054.]

16.     I understand that because in a fraudulent transfer case the *prima facie* amount of damages is typically equal to the amount transferred by the debtor to the defendant, I need to establish using admissible evidence the amounts of the transfers to the Defendants.

17.     During the course of A&M's employment by the Examiner, Trustee, and Liquidating Trustee, I have been in possession of, or have had access to, a substantial volume of business records and financial information.  I have observed directly the processes and procedures used to maintain and preserve the Debtors' books and records.

18.     I, along with a team of professionals from A&M working under my supervision, have assisted the Examiner, Trustee, and Liquidating Trustee in their extensive investigations into the Debtors and their prepetition business operations.

19.     I have learned, based on my extensive investigation of the Debtors and their prepetition business operations, how the Debtors' cash management and electronic general ledger system were maintained.

20.     Records of the Debtors' cash and inventory transactions were maintained using a software platform.  Contemporaneous with each cash or inventory transfer, Debtors' personnel recorded a corresponding journal entry in an electronic general ledger. When preparing financial analyses during the Examiner's and Trustee's investigations, A&M corroborated cash and inventory transfers recorded in the general ledger by matching/tracing these activities to bank statements issued by financial institutions where

5

cash transfers were recorded (the "**Bank Statements**") or transaction logs (the "**Malca Amit Logs**") maintained by Malca-Amit USA, LLC or Malca-Amit CHB, Inc. (together, "**Malca Amit**"). Malca Amit is a bonded diamond courier that provided shipping services to the Debtors and maintained an independent transaction log of diamond shipments during most of the relevant period. [*See Examiner's Report* at 69, Dkt. 394.]

21.     During the relevant pre-petition period, the general ledger was maintained by the Debtors. This historical general ledger data was preserved by A&M and analyzed by professionals under my supervision to determine all cash and inventory transfers from the Debtors to the Default Judgment Defendants in the six years preceding the Debtors' chapter 11 bankruptcy filing (the "**General Ledger Reports**"), attached as Exhibits 1-5 to this Declaration.

- Exhibit 1 contains a report of all transfers from the Debtors to Auragem from February 27, 2012 through February 26, 2018 totaling **$2,340,968.94**.  Over this period, Firestar Diamond, Inc. ("**Firestar**") made two cash transfers to Auragem.

- Exhibit 2 is a report of all transfers from the Debtors to Brilliant from February 27, 2012 through February 26, 2018 totaling **$10,489,448.11**.  Over this period, Firestar made nine transfers to Brilliant (one cash transfer and eight inventory transfers).

- Exhibit 3 is a report of all transfers from the Debtors to Eternal from February 27, 2012 through February 26, 2018 totaling **$1,733,815.61**.  Over this period, Firestar made three transfers to Eternal (one cash transfer and two inventory transfers) and A. Jaffe, Inc. ("**Jaffe**") made one inventory transfer to Eternal.

- Exhibit 4 is a report of all transfers from the Debtors to Twin Fields from February 27, 2012 through February 26, 2018 totaling **$21,361,542.28**.  Over this period, Jaffe made 55 cash transfers to Twin Fields and Firestar made one cash transfer to Twin Fields**.**

- Exhibit 5 contains excerpts of Bank Statements confirming the cash transfers to Default Judgment Defendants.[4]

---

[4] As Exhibit 5 contains material designated as Highly Confidential under the *Protective Order Governing Trustee Discovery* (Dkt. 529) (the "**Protective Order**"), the Trustee is filing the exhibit under seal as authorized by paragraph 18 of the Protective Order.

22.    The entries reflected in the General Ledger Reports were recorded contemporaneously in the ordinary course of the Debtors' businesses when the transfers were made from the Debtors to the Default Judgment Defendants.

23.    In addition, as described above, A&M professionals working under my supervision have compared the information reflected in the General Ledger Reports to the Bank Statements and Malca Amit Logs to determine the reliability of the electronic general ledger data.  Based on that work, I have concluded that the General Ledger Reports for the transfers described above accurately reflect all transfers of cash and inventory from the Debtors to the Default Judgment Defendants.[5]

24.    Based on A&M's extensive investigation into the Debtors prepetition business operations, I can competently testify to the foregoing.

25.    For the reasons set forth above, I believe the Debtors effected transfers of $2,340,968.94 to Auragem, $10,489,448.11 to Brilliant, $1,733,815.61 to Eternal, and $21,361,542.28 to Twin Fields during the six year-period prior to the Petition Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York                   /s/ Laureen M. Ryan
          December 14, 2021                          Laureen M. Ryan

---

[5] On July 15, 2016, the Firestar Diamond, Inc. general ledger data states an inventory transfer amount of $999,515.75 to Brilliant Diamonds Ltd. while the Malca Amit Transaction Log states an inventory transfer value of $1,001,354.75. The Default Motion incorporates the lower $999,515.75 amount from the Firestar Diamond, Inc. general ledger data. All other cash and inventory transfer amounts in the Debtors' general ledger data reconcile to the Bank Statements and Malca Amit Log.

**Ryan Declaration - Exhibit 1**

Auragem Transfer Report

**Firestar Diamond, Inc.** *et al* **- Cash and Inventory Transfers**
*February 27, 2012 - February 26, 2018*

| Date | Debtor Transferor | Corporate Defendant | Transfer Type | Transfer Amount |
|------|-------------------|---------------------|---------------|-----------------|
| 10/11/2012 | Firestar Diamond, Inc. | Auragem Company Ltd. | Cash | $ 500,000.00 |
| 9/24/2015 | Firestar Diamond, Inc. | Auragem Company Ltd. | Cash | 1,840,968.94 |

**Total Cash Transfers to Auragem Company Ltd.**      **$ 2,340,968.94**

**Ryan Declaration - Exhibit 2**

Brilliant Transfer Report

**Firestar Diamond, Inc. *et al* - Cash and Inventory Transfers**
*February 27, 2012 - February 26, 2018*

| Date | Debtor Transferor | Corporate Defendant | Transfer Type | Transfer Amount | |
|------|-------------------|---------------------|---------------|----------------|--|
| 3/25/2014 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Cash | $ 4,058,500.00 | |
| 6/23/2015 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 1,168,389.98 | |
| 6/27/2016 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 840,533.18 | |
| 7/15/2016 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 999,515.75 | [1] |
| 7/27/2016 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 762,432.12 | |
| 9/12/2017 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 534,095.01 | |
| 10/11/2017 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 864,587.57 | |
| 11/15/2017 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 574,980.95 | |
| 11/20/2017 | Firestar Diamond, Inc. | Brilliant Diamonds Ltd. | Inventory | 686,413.55 | |

**Total Cash and Inventory Transfers to Brilliant Diamonds Ltd.**                                **$   10,489,448.11**

[1] The Firestar Diamond, Inc. general ledger data states an inventory transfer amount of $999,515.75 while the Malca Amit Transaction Log states an inventory transfer value of $1,001,354.75. To be conservative, the lower inventory transfer amount of $999,515.75 from the Firestar Diamond, Inc. general ledger data is used.

**Ryan Declaration - Exhibit 3**

Eternal Transfer Report

**Firestar Diamond, Inc.** *et al* **- Cash and Inventory Transfers**
*February 27, 2012 - February 26, 2018*

| Date | Debtor Transferor | Corporate Defendant | Transfer Type | Transfer Amount |
|------|-------------------|---------------------|---------------|-----------------|
| 2/20/2015 | Firestar Diamond, Inc. | Eternal Diamonds Corporation Ltd. | Cash | $ 300,000.00 |
| 3/16/2016 | A. Jaffe, Inc. | Eternal Diamonds Corporation Ltd. | Inventory | 218,354.22 |
| 1/23/2018 | Firestar Diamond, Inc. | Eternal Diamonds Corporation Ltd. | Inventory | 426,320.97 |
| 2/6/2018 | Firestar Diamond, Inc. | Eternal Diamonds Corporation Ltd. | Inventory | 789,140.42 |

**Total Cash and Inventory Transfers to Eternal Diamonds Corporation Ltd.** | | | | **$ 1,733,815.61**

**Ryan Declaration - Exhibit 4**

Twin Fields Transfer Report

**Firestar Diamond, Inc.** *et al* **- Cash and Inventory Transfers**
*February 27, 2012 - February 26, 2018*

| Date | Debtor Transferor | Corporate Defendant | Transfer Type | Transfer Amount |
|------|-------------------|---------------------|---------------|-----------------|
| 2/1/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | $ 400,000.00 |
| 3/14/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 4/10/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 5/17/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 5/28/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 5/29/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 7/26/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 100,000.00 |
| 8/5/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 300,000.00 |
| 9/4/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 450,000.00 |
| 9/12/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 750,000.00 |
| 9/26/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 10/1/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 300,000.00 |
| 10/17/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 50,000.00 |
| 10/30/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 100,000.00 |
| 11/18/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 610,000.00 |
| 12/3/2013 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 3/3/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 4/21/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 400,000.00 |
| 5/22/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 200,000.00 |
| 6/9/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 6/12/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 7/25/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 600,000.00 |
| 8/4/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 255,000.00 |
| 8/20/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 9/26/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 11/19/2014 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 2/10/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 4/7/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 4/21/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 5/22/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 6/3/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 6/22/2015 | Firestar Diamond, Inc. | Twin Fields Investments Ltd. | Cash | 31,542.28 |
| 6/22/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 7/1/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 7/15/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 1,000,000.00 |
| 7/29/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 8/26/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 350,000.00 |
| 9/16/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 9/29/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 10/26/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 11/6/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 12/3/2015 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 200,000.00 |
| 2/2/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 1,000,000.00 |
| 4/14/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 150,000.00 |
| 6/8/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 6/14/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 150,000.00 |
| 7/14/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 140,000.00 |
| 10/11/2016 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 1/18/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 300,000.00 |
| 2/1/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 2/10/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 500,000.00 |
| 3/1/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 3/10/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 3/16/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 250,000.00 |
| 3/30/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 150,000.00 |
| 5/4/2017 | A. Jaffe, Inc. | Twin Fields Investments Ltd. | Cash | 125,000.00 |

**Total Cash Transfers to Twin Fields Investments Ltd.**          **$    21,361,542.28**

**Ryan Declaration - Exhibit 5**

Bank Statements

[**FILED UNDER SEAL**]

**Ryan Declaration - Exhibit 6**

Redline Against Original Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-1054 |
| AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; HAMILTON PRECIOUS TRADERS LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.; UNIQUE DIAMOND AND JEWELLERY FZC; WORLD DIAMOND DISTRIBUTION FZE; VISTA JEWELRY FZE; EMPIRE GEMS FZE; UNIVERSAL FINE JEWELRY FZE; DIAGEMS FZC; TRI COLOR GEMS FZE; PACIFIC DIAMONDS FZE; HIMALAYAN TRADERS FZE; UNITY TRADING FZE; FINE CLASSIC FZE; DG BROTHERS FZE, | |
| Defendants. | |

**REVISED DECLARATION OF LAUREEN M. RYAN IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**
**AGAINST DEFENDANTS AURAGEM COMPANY LTD.,**
**BRILLIANT DIAMONDS LTD., ETERNAL DIAMONDS**
**CORPORATION LTD., AND TWIN FIELDS INVESTMENTS LTD.**

I, Laureen M. Ryan, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1.      I have personal knowledge of and am competent to testify as to the matters

set forth herein.

2.    I submit this Declaration in support of the Trustee's *Motion for Judgment Against Defendants Auragem Company Ltd., Brilliant Diamonds Ltd., Eternal Diamonds Corporation Ltd., and Twin Fields Investments Ltd.* ("**Default Motion**"), filed contemporaneously herewith,") [Adv. Dkt. 91], which seeks entry of judgment against each of the Default Judgment Defendants[1] in the above-referenced adversary proceeding, and in place of the original declaration (the "**Original Declaration**") filed in support of the Default Motion on August 31, 2021 [Adv. Dkt. 91-1]. A redline reflecting changes in this Declaration from the Original Declaration is attached hereto as Exhibit 6.

3.    I am a Managing Director with Alvarez & Marsal Disputes and Investigations, LLC (together with employees of its professional service provider affiliates (all of which are wholly-owned by its parent company and employees), its wholly-owned subsidiaries and independent contractors, "**A&M**"), an internationally recognized company with extensive experience and an excellent reputation in providing financial advisory services in large and complex chapter 11 cases.  A&M specializes in, among other areas, providing analytical and investigative services to parties that are navigating complex accounting and financial issues, disputes, or regulatory probes.

4.    I am a Certified Insolvency and Restructuring Advisor, a Certified Public Accountant, an Accredited Business Valuer, and a Certified Distressed Business Valuer. I have more than thirty years of experience providing finance, accounting, investigation, restructuring and other consulting services to companies across a broad range of industries, including over twelve years while being employed by A&M. I have performed in various

---

[1] In the Motion and this Declaration, "Default Judgment Defendants" means Auragem Company Ltd., Brilliant Diamonds Ltd., Eternal Diamonds Corporation Ltd., and Twin Fields Investments Ltd. Capitalized terms not otherwise defined in this declaration have the meaning provided in the Default Motion.

fiduciary roles as responsible officer, chapter 11 trustee, plan administrator/liquidating trustee, and board member. I have conducted investigations, pursued litigation, and resolved complex business, accounting and financial matters in the U.S. and abroad. My responsibilities (in and out of court) have comprised managing and winding down company operations, asset sales and divestitures, environmental cleanup, pension and retiree assets and obligations, marshaling assets, solvency analyses, reconstructing books and records, insurance recoveries, billions of dollars of asbestos claims and the establishment of a section 524(g) trust, other claims processes and analysis, and resolving disputes.

5.      On February 26, 2018, each of the Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code in this Court.

6.      On April 20, 2018, the Court appointed John J. Carney as examiner (the "**Examiner**") to investigate the nature and extent of the Debtors' involvement in Nirav Modi's scheme to obtain loans, credits, or other funds under false pretenses and without collateral from numerous banks (the "**Bank Fraud**"). [Dkt. 118.[2]]

7.      The Examiner retained A&M to provide financial advisory and investigative services in support of the Examiner's investigation into the circumstances surrounding the alleged fraud involving the Debtors and their principals.   The Court authorized the Examiner's employment of A&M, *nunc pro tunc* to April 19, 2018, by Order dated June 11, 2018. [Dkt. 219.]   A&M provided services to the Examiner for the duration of his engagement in these chapter 11 cases.

---

[2] Unless otherwise specified, docket references refer to *In re Firestar Diamond, Inc.*, No. 18-10509-shl (Bankr. S.D.N.Y.).

8.      On June 14, 2018, the Court approved the appointment of Richard Levin as chapter 11 trustee (the "**Trustee**"), at which time the Trustee assumed control of the Debtors' estates and operations. [Dkt. 227.]

9.      The Trustee retained A&M to provide financial advisory and investigative services to the Trustee.  The Court authorized the Trustee's employment of A&M, *nunc pro tunc* to June 14, 2018, by Order dated July 20, 2018. [Dkt. 307.]

10.     The Court confirmed the Trustee's First Amended Chapter 11 Plan [Dkt. 1106] on November 20, 2019 [Dkt. 1262], and confirmed the Trustee's Modified First Amended Chapter 11 Plan (the "Plan") [Dkt. 1539] on July 17, 2020 [Dkt. 1569].

11.     The Trustee declared the Plan effective as of August 3, 2020 [Dkt. 1584], after which all Retained Causes of Action (as defined in the Plan), including this adversary proceeding, are to be prosecuted, settled, or abandoned by the Liquidating Trustee.[3]

12.     A&M provided services to the Trustee through the Effective Date and has continued to provide services to the Liquidating Trustee after the Effective Date.

13.     Following A&M's retention by the Examiner, I immediately took steps to familiarize myself with the Debtors' business operations, records, and employees, meeting frequently at the Debtors' premises and interacting with Debtors' remaining management and operating personnel.

14.     As a result of A&M's engagement by the Examiner, Trustee, and Liquidating Trustee, I, along with my colleagues at A&M, have become well acquainted with the Debtors' businesses, financial affairs, and prepetition activities.

---

[3] As defined in the Plan, the Liquidating Trustee is Richard Levin, not individually, but solely as the trustee of the Liquidating Trusts, or any of his successors and assigns. Plan § 1.60.

4

15.     This adversary proceeding seeks, among other things, to avoid and recover damages for fraudulent transfers under sections 544, 547, 548 and 550 of the Bankruptcy Code; and sections 273, 276, 278 and 279 of the New York Debtor and Creditor Law.  [Dkt. 1 in Adv. Proc. 20-1054.]

16.     I understand that because in a fraudulent transfer case the *prima facie* amount of damages is typically equal to the amount transferred by the debtor to the defendant, I need to establish using admissible evidence the amounts of the transfers to the Defendants.

17.     During the course of A&M's employment by the Examiner, Trustee, and Liquidating Trustee, I have been in possession of, or have had access to, a substantial volume of business records and financial information.  I have observed directly the processes and procedures used to maintain and preserve the Debtors' books and records.

18.     I, along with a team of professionals from A&M working under my supervision, have assisted the Examiner, Trustee, and Liquidating Trustee in their extensive investigations into the Debtors and their prepetition business operations.

19.     I have learned, based on my extensive investigation of the Debtors and their prepetition business operations, how the Debtors' cash management and electronic general ledger system were maintained.

20.     Records of the Debtors' cash and inventory transactions were maintained using a software platform.  Contemporaneous with each cash or inventory transfer, Debtors' personnel recorded a corresponding journal entry in an electronic general ledger. When preparing financial analyses during the Examiner's and Trustee's investigations, A&M corroborated cash and inventory transfers recorded in the general ledger by matching/tracing these activities to bank statements issued by financial institutions where

5

cash transfers were recorded (the "**Bank Statements**") or transaction logs (the "**Malca Amit Logs**") maintained by Malca-Amit USA, LLC or Malca-Amit CHB, Inc. (together, "**Malca Amit**"). Malca Amit is a bonded diamond courier that provided shipping services to the Debtors and maintained an independent transaction log of diamond shipments during most of the relevant period. [*See Examiner's Report* at 69, Dkt. 394.]

21.     During the relevant pre-petition period, the general ledger was maintained by the Debtors. This historical general ledger data was preserved by A&M and analyzed by professionals under my supervision to determine all cash and inventory transfers from the Debtors to the Default Judgment Defendants in the six years preceding the Debtors' chapter 11 bankruptcy filing (the "**General Ledger Reports**"), attached as Exhibits 1-~~4~~5 to this Declaration.

- Exhibit 1 contains a report of all transfers from the Debtors to Auragem from February 27, 2012 through February 26, 2018 totaling **$2,340,~~969~~968.94**. Over this period, Firestar Diamond, Inc. ("**Firestar**") made two cash transfers to Auragem.

- Exhibit 2 is a report of all transfers from the Debtors to Brilliant from February 27, 2012 through February 26, 2018 totaling **$10,489,448.11.** Over this period, Firestar made nine transfers to Brilliant (one cash transfer and eight inventory transfers).

- Exhibit 3 is a report of all transfers from the Debtors to Eternal from February 27, 2012 through February 26, 2018 totaling **$1,733,~~816~~815.61**. Over this period, Firestar made three transfers to Eternal (one cash transfer and two inventory transfers) and A. Jaffe, Inc. ("**Jaffe**") made one inventory transfer to Eternal.

- Exhibit 4 is a report of all transfers from the Debtors to Twin Fields from February 27, 2012 through February 26, 2018 totaling **$21,361,542.28.** Over this period, Jaffe made 55 cash transfers to Twin Fields and Firestar made one cash transfer to Twin Fields**.**

- Exhibit 5 contains excerpts of Bank Statements confirming the cash transfers to Default Judgment Defendants.[4]

22.   The entries reflected in the General Ledger Reports were recorded contemporaneously in the ordinary course of the Debtors' businesses when the transfers were made from the Debtors to the Default Judgment Defendants.

23.   In addition, as described above, A&M professionals working under my supervision have compared the information reflected in the General Ledger Reports to the Bank Statements and Malca Amit Logs to determine the reliability of the electronic general ledger data.  Based on that work, I have concluded that the General Ledger Reports for the transfers described above accurately reflect all transfers of cash and inventory from the Debtors to the Default Judgment Defendants.[5]

24.   Based on A&M's extensive investigation into the Debtors prepetition business operations, I can competently testify to the foregoing.

25.   For the reasons set forth above, I believe the Debtors effected transfers of $2,340,~~969~~968.94 to Auragem, $10,489,448.11 to Brilliant, $1,733,~~816~~815.61 to Eternal, and $21,361,542.28 to Twin Fields during the six year-period prior to the Petition Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

---

[4] As Exhibit 5 contains material designated as Highly Confidential under the *Protective Order Governing Trustee Discovery* (Dkt. 529) (the "**Protective Order**"), the Trustee is filing the exhibit under seal as authorized by paragraph 18 of the Protective Order.

[5] On July 15, 2016, the Firestar Diamond, Inc. general ledger data states an inventory transfer amount of $999,515.75 to Brilliant Diamonds Ltd. while the Malca Amit Transaction Log states an inventory transfer value of $1,001,354.75. The Default Motion incorporates the lower $999,515.75 amount from the Firestar Diamond, Inc. general ledger data. All other cash and inventory transfer amounts in the Debtors' general ledger data reconcile to the Bank Statements and Malca Amit Log.

Dated: New York, New York                                /s/ Laureen M. Ryan
      August 31December 14, 2021                          Laureen M. Ryan