**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-1054 |
| AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; HAMILTON PRECIOUS TRADERS LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.; UNIQUE DIAMOND AND JEWELLERY FZC; WORLD DIAMOND DISTRIBUTION FZE; VISTA JEWELRY FZE; EMPIRE GEMS FZE; UNIVERSAL FINE JEWELRY FZE; DIAGEMS FZC; TRI COLOR GEMS FZE; PACIFIC DIAMONDS FZE; HIMALAYAN TRADERS FZE; UNITY TRADING FZE; FINE CLASSIC FZE; DG BROTHERS FZE, | |
| Defendants. | |

**ORDER GRANTING**
**TRUSTEE'S MOTION FOR ENTRY OF A DEFAULT JUDGMENT**
**AGAINST DEFENDANTS AURAGEM COMPANY LTD.,**
**BRILLIANT DIAMONDS LTD., ETERNAL DIAMONDS**
**CORPORATION LTD., AND TWIN FIELDS INVESTMENTS LTD.**

On August 31, 2021, Plaintiff Richard Levin, not individually but solely in his capacity as liquidating wtrustee (the "**Trustee**" or "**Plaintiff**") of the above-captioned debtors ("**Debtors**"), filed a motion [Adv. Dkt. 91] (the "**Motion**") for entry of a default judgment against defendants Auragem Company Ltd. ("**Auragem**"), Brilliant Diamonds Ltd.

("**Brilliant**"), Eternal Diamonds Corporation Ltd. ("**Eternal**"), and Twin Fields Investments Ltd. ("**Twin Fields,**" and together with Auragem, Brilliant, and Eternal, the "**Default Judgment Defendants**").

The Court, having reviewed the Motion and its supporting materials and having held a hearing on the Motion on September 28, 2021, has determined that the legal and factual bases set forth in the Motion and supporting materials establish just cause for the relief granted herein, specifically:

A. The Court has jurisdiction over this matter under 28 U.S.C. § 1334.

B. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

C. Due and proper notice of the Motion has been given and served upon the Default Judgment Defendants and no further or other notice is necessary.

D. Service of the Motion was proper under Federal Rule of Civil Procedure 5 as made applicable by Bankruptcy Rule 7005.

E. The Default Judgment Defendants were served with copies of the Complaint and Summons at their addresses of record, and have failed to appear or otherwise respond to the Complaint, thereby establishing their liability under section 273 and 276 of the New York Debtor and Creditor Law ("**DCL**").

F. Damages under the DCL are calculated by determining "the amount of monies wrongfully received by the various transferees." *In re TS Emp., Inc.*, 602 B.R. 840, 846 (Bankr. S.D.N.Y. 2019).

G. The Declaration of Laureen M. Ryan, attached as Exhibit A to the Motion, ***as supplemented by the Revised Declaration of Laureen M. Ryan, dated December 14, 2021 [ECF No. 93]*** (the "**Ryan Declaration**")**,** sets forth the amount of monies wrongfully received by the Default Judgment Defendants with relative certainty.

      H.      The Ryan Declaration attaches and demonstrates the admissibility of the General Ledger Reports as business records under Rule 803(6) of the Federal Rules of Evidence.[1]

      I.      The Ryan Declaration also attaches the Bank Statements, which are admissible business records under Rule 803(6) for the reasons set forth in the Motion.

      J.      As required by Local Bankruptcy Rule 7055-2, the Motion attaches the Clerk's entries of default as Exhibit D, the Complaint as Exhibit E, the proposed form of default judgment as Exhibit C, and the certificate of service as Exhibit F.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.      The Motion is GRANTED.

      2.      The Court orders the entry of a default judgment against Defendant Auragem in the amount of $2,340,968.94, plus post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961.

      3.      The Court orders the entry of a default judgment against Defendant Brilliant in the amount of $10,489,448.11, plus post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961.

      4.      The Court orders the entry of a default judgment against Defendant Eternal in the amount of $1,733,815.61, plus post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961.

      5.      The Court orders the entry of a default judgment against Defendant Twin Fields in the amount of $21,361,542.28, plus post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961.

---

[1] Undefined capitalized terms in this Order have the meaning provided in the Motion.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: New York New York
      February 11, 2022

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE