UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD., <br><br> Defendants. | Adv. Proc. No. 20-1054 (SHL) |

**ORDER OF ATTACHMENT**

This matter coming before the Court on the *ex parte* motion for an order of attachment (the "**Motion**") filed by Richard Levin, as trustee (the "**Trustee**") for the liquidating trusts of Firestar Diamond, Inc., Fantasy, Inc., and Old AJ, Inc. seeking the attachment of certain defendants' property to secure a judgment obtained in this action and requesting authorization to conduct discovery of such defendants' potential assets; the Court having reviewed the Motion and the memorandum of law (the "**Memorandum of Law**") and the declaration of Richard Levin (the "**Levin Declaration**") filed in support thereof; the Court having found that the Court has jurisdiction over this matter under 28 U.S.C. § 1334; and the Court having determined that the legal and factual bases set forth in the Motion, Memorandum of Law, and the Levin Declaration satisfy the requirements of Article 62 of the New York Civil Practice Law and Rules, Federal Rule of Civil Procedure 64, and Federal Rule of Bankruptcy Procedure 7064, and establish just cause for the relief requested therein;

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. For the reasons stated on the record at the Hearing and based upon the record evidence submitted through the Levin Declaration, the Trustee has met the standard for an order of attachment under N.Y. C.P.L.R. § 6211.

3. In accordance with N.Y. C.P.L.R. § 6214 and Federal Rule of Civil Procedure 4.1, the attorneys for the Trustee, Jenner & Block LLP, are hereby appointed to act in the place and stead of the United States Marshal for the Southern District of New York (the "**U.S. Marshal**"), and shall serve this Order of Attachment upon counsel of record to Javeri and the Ithaca Trust Defendants no later than two business days after the date hereof.

4. In accordance with N.Y. C.P.L.R. § 6216 and Federal Rule of Civil Procedure 4.1, the attorneys for the Trustee, Jenner & Block LLP, are hereby appointed to act in the place and

stead of the U.S. Marshal, and shall file this Order of Attachment with the New York City Office of the City Register no later than two business days after the date hereof.

5. In accordance with N.Y. C.P.L.R. §§ 6211, 6214, and 6216, the foregoing service of this Order of Attachment shall cause to be levied the property of Defendant Ami Javeri ("**Javeri**") listed in subparagraph a. hereof and the property of Defendants Central Park South 50 Properties, LLC ("**CPS50**"), Central Park Real Estate, LLC ("**CPRE**"), and Trident Trust Company, solely as Trustee of the Ithaca Trust ("**Trident**" and, together with CPRE and CPS50, the "**Ithaca Trust Defendants**"):

    a. Javeri's interests in: (i) the real property located at 50 Central Park South, Unit 33, New York, NY 10019 (the "**Ritz Carlton Apartment**"); (ii) the real property located at 160 Central Park South, Unit 3601, New York, NY 10019 (the "**Essex House Apartment**"); (iii) Javeri's beneficial interests in the Ithaca Trust; (iv) Javeri's interests as Investment Advisor of the Ithaca Trust; and (v) Javeri's interests as manager of CPS50 and as manager of CPRE.

    b. The interests of CPS50, CPRE, and Trident, solely as Trustee of the Ithaca Trust, in any and all of their assets, including, but not limited to, the following assets: (i) CPS50's legal title to the Ritz Carlton Apartment; (ii) Trident's ownership interest in CPS50 (including any membership units, shares, or other certificates or securities evidencing such ownership interest), held by Trident as Trustee of the Ithaca Trust; (iii) CPRE's legal title to the Essex House Apartment; and (iv) Trident's ownership interest in CPRE (including any membership units, shares, or other certificates or securities evidencing such ownership interest), held by Defendant Trident as Trustee of the Ithaca Trust.

6. In accordance with N.Y. C.P.L.R. § 6211, pending further order of the Court confirming the attachment authorized herein, the attorneys for the Trustee, Jenner & Block LLP, appointed to act in the place and stead of the U.S. Marshal, shall not take actual custody of any personal property that is levied under this Order of Attachment.

7. In accordance with N.Y. C.P.L.R. § 6211, by February 25, 2022, the Trustee shall move on notice to the Ithaca Trust Defendants for an order confirming this Order of Attachment. The Court shall hold a scheduling conference on that motion on February 25, 2022 at 2:00 p.m. EST before the Honorable Sean H. Lane, via Zoom®. Parties wishing to participate in the hearing

must register their appearance utilizing the Electronic Appearance portal located on the Court's website at: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Additional information concerning how to participate in the hearing is available in the Court's Zoom Video Hearing Guide, available at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

8. In accordance with N.Y. C.P.L.R. § 6220, the Trustee may take discovery, including but not limited to requests for production, interrogatories, and depositions, of the Ithaca Trust Defendants and any other person or entity that may have information concerning the Ithaca Trust Defendants' attachable property or debt.

9. In accordance with N.Y. C.P.L.R. § 6212(b), the Trustee shall post an undertaking in the amount of $50,000 as security.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: February 22, 2022
New York, New York

> */s/ Sean H. Lane*
> HONORABLE SEAN H. LANE
> UNITED STATES BANKRUPTCY JUDGE

3

Submitted by:

**Jenner & Block LLP**

Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com
aswingle@jenner.com

Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*[1]

---

[1] The names and addresses of the Trustee's counsel are so indorsed in accordance with N.Y. C.P.L.R. § 6211(a).

4