**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD., <br><br> Defendants. | Adv. Proc. No. 20-1054 (SHL) |

**PLAINTIFF'S MOTION TO FILE UNDER SEAL SUPPORTING PAPERS**
**FOR PLAINTIFF'S MOTION TO CONFIRM ORDER OF ATTACHMENT**

Plaintiff Richard Levin, as trustee ("**Trustee**") of the liquidating trusts established for the Debtors' estates in the above-captioned chapter 11 cases, files this motion (the "**Motion**") under 11 U.S.C. §§ 105(a) and 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), seeking an Order, substantially in the form attached hereto, authorizing the Trustee to file under seal certain documents filed in support of the Trustee's forthcoming *Motion to Confirm Order of Attachment* (the "**Confirmation Motion**"), namely the Trustee's *Memorandum of Law* (the "**Memorandum of Law**") and the *Declaration of Richard Levin* (the "**Levin Declaration**"). The Trustee respectfully states as follows:

## JURISDICTION & VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested in the Motion are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

3. On February 26, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases. On June 14, 2018, the Court approved the appointment of the Trustee. [Bankr. Dkt. 227.]

4. On February 25, 2020, the Trustee commenced the above-captioned adversary proceeding against Nirav Modi's family members and corporate entities they control. The Trustee asserts RICO and fraudulent transfer claims based upon the defendants' participation in Modi's years-long, multibillion-dollar bank fraud scheme, which significantly harmed the Debtors and their U.S. affiliates. The Trustee seeks a judgment, after trebling, of at least $225 million jointly

and severally against all defendants for their RICO violations, plus additional amounts on the Trustee's fraudulent transfer claims asserted against certain individual defendants.

5. On February 15, 2022, the Trustee submitted to the Court an *ex parte* motion for a pre-judgment order of attachment and supporting papers. As set forth therein, certain defendants have recently taken actions that suggest they are attempting to remove assets from the Trustee's reach and obstruct his ability to execute any judgment entered in this action. These defendants are: Ami Javeri ("**Javeri**"), Central Park South 50 Properties, LLC ("**CPS50**"), Central Park Real Estate, LLC ("**CPRE**"), and Trident Trust Company, solely as Trustee of the Ithaca Trust ("**Trident**" and, together with CPS50 and CPRE, the "**Ithaca Trust Defendants**"). Accordingly, the attachment motion requested an order of attachment levying property of Javeri and the Ithaca Trust Defendants.

6. After holding an *ex parte* hearing, the Court entered an order of attachment on February 22, 2022 [Adv. Dkt. 104] (the "**Order of Attachment**"). The Order of Attachment requires the Trustee to file by February 25, 2022 a motion seeking confirmation of the Order of Attachment. (*See* Order of Attachment, ¶ 7.)

7. The Trustee is prepared to file that Confirmation Motion in accordance with the terms of the Order of Attachment. The Trustee will also submit the Memorandum of Law and the Levin Declaration in support of the Confirmation Motion. Those documents contain sensitive and confidential information that must be sealed for the reasons given below.

## RELIEF REQUESTED

8. By this Motion, the Trustee seeks entry of an Order, substantially in the form attached hereto, providing that the Trustee shall submit unredacted, sealed versions of the Memorandum of Law and Levin Declaration to the Clerk of this Court and file redacted versions of such documents on the public docket. The Trustee also requests authority to file redacted

versions of the memorandum of law and declaration that he previously submitted to the Court in support of his original, *ex parte* motion that led to the entry of the Order of Attachment.

9.  The Trustee requests that the requested seal order remain in effect until the closure of this adversary proceeding. The Trustee requests that only the Court, its employees, the U.S. Trustee, Javeri and her counsel, and the Ithaca Trust Defendants and their counsel have access to the unredacted versions of the Memorandum of Law and Levin Declaration, which shall otherwise remain under seal. Upon the closure of this adversary proceeding, the Trustee will retrieve the unredacted, sealed copies of the Memorandum of Law and Levin Declaration.

## BASIS FOR RELIEF

10. Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers to "issue any order … that is necessary or appropriate to carry out the provisions of this title," 11 U.S.C. § 105(a), including sealing orders and "confidentiality restrictions that are warranted in the interests of justice," *In re Global Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003). Further, section 107(b) of the Bankruptcy Code allows a Court to direct that confidential information contained in pleadings be sealed: "On request of a party in interest, the bankruptcy court *shall* … protect an entity with respect to a trade secret or confidential research, development, or commercial information; or protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b) (emphasis added).

11. Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal. "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect

3

governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018. "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad—'any order which justice requires.'" *Global Crossing*, 295 B.R. at 724. This "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Id.*

12. Based upon sections 105 and 107 and Bankruptcy Rule 9018, on October 15, 2018, this Court entered the *Protective Order Governing Trustee Discovery* [Bankr. Dkt. 529] (the "**Protective Order**") in the Debtors' main chapter 11 cases. The Protective Order provides that any party producing documents to the Trustee "may designate any Discovery Material as 'Confidential' … if such Producing Party in good faith reasonably believes that such Discovery Material contains confidential, proprietary, commercially sensitive, or other sensitive information that requires the protections provided in this Protective Order." (Protective Order, ¶ 2.) Such Confidential Discovery Material "shall be protected from disclosure in accordance with the terms, conditions and restrictions of this Protective Order." (*Id.* ¶ 5.) Finally, the Protective Order provides that "[e]ntry of this Order shall constitute entry of an order in accordance with Local Rule 9018-1 allowing the Trustee to file Confidential Discovery Material or Highly Confidential Discovery Material in this Court under seal without prior approval or order of the Court," and "Confidential Discovery Material or Highly Confidential Discovery Material quoted in a filing shall be redacted in the version of the filing filed on the Court's ECF system, and unredacted versions of the filing shall be filed under seal." (*Id.* ¶ 18.)

13. Here, the Memorandum of Law and Levin Declaration should be sealed because they contain information that the Protective Order protects from disclosure and that is deemed confidential under relevant state law. The Memorandum of Law discusses certain documents pertaining to the Ithaca Trust and Trident's administration of the Ithaca Trust. The Levin

4

Declaration also attaches such documents. These documents were produced to the Trustee by Javeri's counsel, who designated them as confidential. Under the terms of the Protective Order, the documents must be filed under seal as confidential discovery material and references to the documents in the Trustee's public filings must be redacted. (*See* Protective Order, ¶¶ 2, 5, 18.) Accordingly, the Trustee requests authorization to file these documents under seal and make appropriate redactions in the publicly-filed versions of the Memorandum of Law and Levin Declaration.

14. An additional basis for redacting the Memorandum of Law and Levin Declaration exists under South Dakota law. The Ithaca Trust purports to be a South Dakota trust. South Dakota law includes broad confidentiality protections that prohibit disclosure of information pertaining to the beneficiaries of South Dakota trusts, the property held by South Dakota trusts, and the administration and disposition of South Dakota trusts' assets. *See* S.D. Codified Laws § 21-22-28 ("The privacy of those who have established a court trust or other trust shall be protected in any court proceeding concerning the trust," including by sealing certain documents such as "the instrument on which the trust is based" and the "trust's inventory").

15. Accordingly, to prevent any potential violation of South Dakota law, to the extent it applies here, the Trustee requests authority to file documents pertaining to the Ithaca Trust under seal and to redact the publicly-filed versions of the Memorandum of Law and Levin Declaration, which reference such documents and information.

**NOTICE**

16. The Trustee has provided notice of this Motion to all parties to this adversary proceeding and to the United States Trustee by filing this Motion through ECF.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order, substantially in the form attached hereto, authorizing the Trustee to file the Memorandum of Law and Levin Declaration under seal with the Clerk and file redacted copies of such documents on the public docket, and granting all other just and proper relief.

Dated: February 24, 2022
      New York, New York

Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Angela M. Allen*
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com
aswingle@jenner.com

Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*