**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC. f/k/a A. JAFFE, INC., | Adv. Proc. No. 20-1054 (SHL) |
| Plaintiff, | |
| v. | |
| AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD., | |
| Defendants. | |

**ORDER AUTHORIZING TRUSTEE TO FILE UNDER SEAL SUPPORTING PAPERS**
**FOR PLAINTIFF'S MOTION TO CONFIRM ORDER OF ATTACHMENT**

The Plaintiff Richard Levin (the "**Trustee**") has submitted a motion (the "**Motion**") for an order authorizing the Trustee to file under seal the *Memorandum of Law* (the "**Memorandum of Law**") and the *Declaration of Richard Levin* (the "**Levin Declaration**"), which are submitted in support of the Trustee's forthcoming *Motion to Confirm the Order of Attachment*; and the Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. § 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Under sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and the *Protective Order Governing Trustee Discovery* [Bankr. Dkt. 529], the Trustee is authorized to file the Memorandum of Law and Levin Declaration under seal. The Trustee shall submit an unredacted copy of each sealed document to the Clerk of this Court under seal in an envelope marked to indicate that the same has been filed under seal by Order of this Court. The Trustee shall file a redacted version of each sealed document on the public docket. In addition, the Trustee is authorized to file redacted copies of the prior versions of the memorandum of law and declaration that the Trustee submitted to chambers *ex parte* on February 15, 2022 in support of his original request for entry of a pre-judgment order of attachment.

3. The sealed, unredacted versions of such documents shall be made available only

to: (a) the Court and its employees; (b) the Trustee and his counsel, (c) the U.S. Trustee, (d) Ami Javeri and her counsel; (e) Central Park South 50 Properties, LLC and its counsel; (f) Central Park Real Estate, LLC and its counsel; (g) Trident Trust Company, solely as Trustee of the Ithaca Trust, and its counsel; and (h) such other parties as ordered by this Court or as agreed to in writing by the Trustee.

4. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal any document, or any components thereof.

5. Upon the passing of forty-five (45) days after the final disposition of the above-captioned adversary proceeding, the Trustee shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted under this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: _____, 2022

                                                     Sean Lane, United States Bankruptcy Judge