UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re:

FIRESTAR DIAMOND, INC., *et al.*,

Debtors.

Chapter 11

No. 18-10509 (SHL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
RICHARD LEVIN, Chapter 11 Trustee of
FIRESTAR DIAMOND, INC., FANTASY, INC.,
and OLD AJ, INC. f/k/a A. JAFFE, INC.,

Plaintiff,

-against-

AMI JAVERI (A/K/A AMI MODI), *et al.*,

Defendants.

Adv. Proc. No. 20-01054 (SHL)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM OF TRIDENT TRUST COMPANY
(SOUTH DAKOTA) INC. REGARDING PLAINTIFF'S
MOTION TO CONFIRM THE ORDER OF ATTACHMENT

Defendant Trident Trust Company (South Dakota) Inc., solely as Trustee of the Ithaca Trust ("Trident"), submits this memorandum to set forth its position regarding plaintiff's motion to confirm the order of attachment and to clear up any impression that it engaged in any acts of wrongdoing.

A.

Trident offers trust services, including forming and administering trusts on behalf of clients who seek the benefits of having an independent trustee administer their assets.

Since May 25, 2018, Trident has acted as the trustee of the Ithaca Trust, which is the subject of the order of attachment granted by this Court on February 22, 2022 and the motion to confirm the attachment.

In its capacity as trustee of the Ithaca Trust, Trident takes no substantive position on the issue of whether the Court should grant the motion to confirm the order of attachment. Trident will adhere to any orders issued by this Court concerning the Ithaca Trust and the trust's assets.[1]

B.

Trident believes that certain statements in the Memorandum of Law in Support of Plaintiff's Motion to Confirm Order of Attachment ("Plaintiff's Mem.") may inadvertently leave the mistaken impression that Trident has committed wrongful acts in furtherance of the fraud which underlies this adversary proceeding.

For example, Plaintiff's Mem. (at 2) states that the complaint in the adversary proceeding "alleges that the defendants knowingly conspired with Nirav Modi ("Modi") to perpetuate a years-long, multibillion-dollar bank fraud" and that "the defendants laundered funds and other property . . . ." These statements indiscriminately use the term

---

[1] Trident is, of course, concerned about the possibility that the South Dakota Circuit Court which has been asked to approve the sale of the assets of the Ithaca Trust will issue an order which conflicts with this Court's orders and anticipates that the plaintiff will advise the South Dakota court of the order of attachment and any order confirming it.

"defendants" because, while Trident is a defendant in this proceeding, the lengthy and detailed complaint contains no allegations that Trident engaged in acts of wrongdoing. Rather, it is clear that Trident has only been named as a defendant so that complete relief can be granted if the plaintiff prevails on the counts of his complaint which seek to avoid several transfers relating to the Ithaca Trust.

In addition, Plaintiff's Mem. (at 6-7) discusses the purchase in May and December 2017 of apartments at the Ritz Carlton and the Essex House with proceeds from the underlying fraud and notes that the apartments became the assets of the Ithaca Trust. However, as detailed in the complaint, at the time of the 2017 real estate transactions, an entity called Commonwealth Trust Company was the trustee of the Ithaca Trust; Trident did not become the trustee until May 2018. (Complaint ¶¶ 365-66)[2]

Finally, Plaintiff's Mem. (at 8-10) alleges that defendant Ami Javeri ("Javeri") and "the Ithaca Trust Defendants are taking steps to remove the [Ritz Carlton and Essex House] Apartments from the Trustee's reach . . . ." (Plaintiff's Mem. at 8)  This is being done, it is alleged, by way of a proceeding commenced in the South Dakota Circuit Court which seeks permission to sell the apartments and distribute the sales proceeds; immunity for Trident's actions in connection with any sale and distribution is also sought.

Although the term "Ithaca Trust Defendants" has been defined by plaintiff to

---

[2]    Pursuant to South Dakota Codified Laws 55-2-12, Trident bears no liability for the actions of any predecessor trustee of the Ithaca Trust.

include Trident (Plaintiff's Mem. at 1), any implication that Trident is among those seeking to remove the two apartments from the plaintiff's reach is erroneous; in fact Javeri commenced the South Dakota court proceeding on her own.

In short, the wording of the Plaintiff's Mem. aside, there has been no wrongdoing by Trident.

C.

Finally, the Court should be aware that Trident has located and produced documents in response to the Trustee's First Requests for Production of Documents To Trident Trust Company (South Dakota) Inc., dated February 24, 2022.

Dated:  White Plains, New York
        March 11, 2022

                                        LYNCH ROWIN LLP

                                        By:_____/s/Marc Rowin_____
                                              Marc Rowin
                                        50 Main Street
                                        Suite 1000
                                        White Plains, New York 10606
                                        (212) 682-4001
                                        mrowin@lynchrowin.com
                                        Attorneys for Defendant Trident Trust Company (South Dakota) Inc., solely as Trustee of the Ithaca Trust