# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> FIRESTAR DIAMOND, INC., *et al.* <br><br> Debtors. | Chapter 11 <br><br> No. 18-10509 (SHL) <br><br> (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMI JAVERI, et al., <br><br> Defendants. | Adv. Proc. No. 20-1054 (SHL) |

**ORDER CONFIRMING ORDER OF ATTACHMENT**

This matter coming before the Court on the motion (the "**Motion**") and supplement thereto filed by Richard Levin, as trustee (the "**Trustee**") for the liquidating trusts established under the confirmed plans in the above-captioned chapter 11 cases, seeking confirmation of the *ex parte* order of attachment entered by this Court on February 22, 2022 [Adv. Dkt. 104] (the "**Order of Attachment**"), which authorized the attachment of certain property of Defendant Ami Javeri ("**Javeri**") and all property of Defendants Central Park South 50 Properties, LLC ("**CPS50**"), Central Park Real Estate, LLC ("**CPRE**"), and Trident Trust Company, ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("**Trident**" and, together with CPRE and CPS50, the "**Trust Defendants**"); the Court having reviewed the Motion and the memorandum of law (the "**Memorandum of Law**") and the declaration of Richard Levin (the "**Levin Declaration**") filed in support thereof; the Court having considered the *Affidavit of Service* [Adv. Dkt. [●]] filed by the

Trustee, attesting to service of the Order of Attachment in the manner prescribed therein; the Court having considered the briefs filed by Javeri and the Trust Defendants in opposition to the Motion; the Court having held a hearing on April [•], 2022 (the "**Hearing**"), at which the Court considered the arguments of the Trustee, the Trustee's counsel, and counsel to Javeri and the Trust Defendants; the Court having found that the Court has jurisdiction over this matter under 28 U.S.C. § 1334; and the Court having determined that the legal and factual bases set forth in the Motion, Memorandum of Law, and the Levin Declaration satisfy the requirements of Article 62 of the New York Civil Practice Law and Rules, Federal Rule of Civil Procedure 64, and Federal Rule of Bankruptcy Procedure 7064, and establish just cause for the relief requested therein;

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth herein.

2. In accordance with N.Y. C.P.L.R. § 6211(b), the Order of Attachment is hereby confirmed and all provisions therein shall remain in full force and effect during the pendency of the above-captioned adversary proceeding or until dissolved by further order of this Court.

3. By confirming the Order of Attachment, this Order levies the property of Javeri listed in subparagraph a. hereof and all of the property of the Trust Defendants:

   a. Javeri's interests in: (i) the real property located at 50 Central Park South, Unit 33, New York, NY 10019 (the "**Ritz Carlton Apartment**"); (ii) the real property located at 160 Central Park South, Unit 3601, New York, NY 10019 (the "**Essex House Apartment**"); (iii) Javeri's beneficial interests in the Ithaca Trust; (iv) Javeri's interests as Investment Advisor of the Ithaca Trust; (v) Javeri's interests as manager of CPS50 and as manager of CPRE; (vi) Javeri's beneficial interests ███████████; (vii) Javeri's interests ███████████ ███████████; and (viii) Javeri's interests ███████████ ███████████████████.

   b. The interests of CPS50, CPRE, and Trident, ███████████████ ███████████, in any and all of their assets, including, but not limited to, the following assets: (i) CPS50's legal title to the Ritz Carlton Apartment; (ii) Trident's ownership interest in CPS50 (including any membership units, shares, or other certificates or securities evidencing such ownership interest),

2

      held by Trident as Trustee of the Ithaca Trust; (iii) CPRE's legal title to the Essex House Apartment; (iv) Trident's ownership interest in CPRE (including any membership units, shares, or other certificates or securities evidencing such ownership interest), held by Trident as Trustee of the Ithaca Trust; (v) Trident's interest ████████████████████████████; and (vi) Trident's ownership interest ████████████████████████████.

4. In accordance with N.Y. C.P.L.R. § 6220, the Trustee may take discovery, including but not limited to requests for production, interrogatories, and depositions, of Javeri and the Trust Defendants and any other person or entity that may have information concerning Javeri or the Trust Defendants' attachable property or debt.

5. In accordance with N.Y. C.P.L.R. § 6212(b), the Trustee shall post an undertaking in the amount of $50,000 as security.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: _____, 2022
      New York, New York

                                              _____
                                              HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE

Submitted by:

**Jenner & Block LLP**

Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654

3

(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com
aswingle@jenner.com

Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*[1]

---

[1] The names and addresses of the Trustee's counsel are so indorsed in accordance with N.Y. C.P.L.R. § 6211(a).

4

REDACTED PURSUANT TO PENDING MOTION TO SEAL [ADV. DKT. 105]