Hearing Date and Time: February 21, 2023 at 2:00 p.m. EST
Objection Deadline: February 14, 2023

JENNER & BLOCK LLP
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>          Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC.,<br><br>          Plaintiff,<br><br>       v.<br><br>AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.,<br><br>          Defendants | Adv. Proc. No. 20-1054 (SHL) |

**NOTICE OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) CONFIRMING THE TRUSTEE'S AUTHORITY TO TAKE DISCOVERY OF DEFENDANT AMI JAVERI UNDER CPLR § 6220; (II) DIRECTING DEFENDANT AMI JAVERI TO RESPOND TO THE TRUSTEE'S MARCH 7, <u>2022 DOCUMENT REQUESTS; AND (III) GRANTING RELATED RELIEF</u>**

On January 27, 2023, Plaintiff Richard Levin, not individually but solely in his capacity as liquidating trustee (the "**Trustee**" or "**Plaintiff**") of the liquidating trust for Firestar Diamond, Inc. ("**Firestar**") and Old AJ, Inc., f/k/a A. Jaffe, Inc. ("**Old AJ**," and together with Firestar, the "**Debtors**"), filed the *Trustee's Motion For Entry Of An Order (I) Confirming The Trustee's Authority To Take Discovery Of Defendant Ami Javeri Under CPLR § 6220; (II) Directing Defendant Ami Javeri To Respond To The Trustee's March 7, 2022 Document Requests; And (III) Granting Related Relief* (the "**Motion**").

A hearing on the Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **February 21, 2023 at 2:00 p.m. (Eastern Standard Time)**, or as soon thereafter as counsel may be heard (the "**Hearing**"). The Hearing will be conducted will be conducted via Zoom. Parties wishing to participate in the Hearing must register their appearance using the Electronic Appearance portal located on the Bankruptcy Court's website at: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than 4:00 p.m. (ET) on February 20, 2023. Additional information concerning how to participate in the discovery conference is available in the Bankruptcy Court's Zoom Video Hearing Guide, available at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court (with a copy to the Judge's chambers); and (iv) be served upon counsel to the Trustee, Jenner & Block LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: Carl Wedoff, Esq.) so as to be received by each of them no later than February 14, 2023 (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

Dated: January 27, 2023
      Chicago, Illinois

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Angela M. Allen*
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
cwedoff@jenner.com

JENNER & BLOCK LLP
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>              Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC.,<br><br>              Plaintiff,<br><br>        v.<br><br>AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.,<br><br>              Defendants | Adv. Proc. No. 20-1054 (SHL) |

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) CONFIRMING THE TRUSTEE'S AUTHORITY TO TAKE DISCOVERY OF DEFENDANT AMI JAVERI UNDER CPLR § 6220; (II) DIRECTING DEFENDANT AMI JAVERI TO RESPOND TO THE TRUSTEE'S MARCH 7, 2022 DOCUMENT REQUESTS; AND (III) GRANTING RELATED RELIEF**

## TABLE OF CONTENTS

Table of Authorities ................................................................................................................. ii

Preliminary Statement .............................................................................................................. 1

Jurisdiction and Venue ............................................................................................................. 2

Facts  ....................................................................................................................................... 3

      A.      Javeri Failed to Dispute the Trustee's Entitlement to Attachment
            Discovery Prior to the December 14, 2022 Discovery Conference. .................... 3

      B.      Javeri Did Not Dispute the Trustee's Entitlement to Discovery in Aid
            of Attachment in Her Attachment Briefing. ..................................................... 9

Argument .................................................................................................................................10

I.      The Court Should Confirm That the Trustee is Authorized to Take Discovery .........10

      A.      The Trustee is Entitled to Discovery Under the May 6 Order. .......................10

      B.      The Trustee is Entitled to Discovery in Aid of Attachment. ...........................12

II.     The Court Should Direct Javeri to Promptly Produce Documents Responsive
      to the RFPs. ....................................................................................................................14

CONCLUSION ........................................................................................................................15

<u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chowdhury v. Hamza Express Food Corp.,*
2014 WL 12834831 (E.D.N.Y. Sept. 25, 2014) ...................................................................14

*EEOC v. Autozone,*
2008 WL 11366228 (C.D. Ill. Jan. 31, 2008) ....................................................................15

*Eldaghar v. City of New York Dep't of Citywide Admin. Servs.,*
2003 WL 22455224 (S.D.N.Y. Oct. 28, 2003) ..................................................................14

*Etalon Imob S.R.L. v. Schoenbach,*
2012 WL 4741595 (S.D.N.Y. Oct. 3, 2012) ......................................................................13

*Harley Marine Servs., Inc. v. U.S. Dep't of Lab.,*
677 F. App'x 538 (11th Cir. 2017) ....................................................................................11

*In re Linton Props., LLC,*
410 B.R. 1 (Bankr. D.D.C. 2009) ......................................................................................11

*Rivard-Crook v. Accelerated Payment Technologies, Inc.,*
2013 WL 4857746 (D. Nev. Sept. 10, 2013) .....................................................................11

*Swift Spinning Mills v. B&H Apparel,*
2003 WL 942610 (S.D.N.Y. Mar. 6, 2003) .......................................................................12

*Travelers Indem. Co. v. Bailey,*
557 U.S. 137 (2009) ...........................................................................................................11

*United States v. Phillips,*
2022 WL 17742342 (E.D.N.Y. Dec. 7, 2022) ...................................................................14

*Van Dorn Plastic Mach. Co. v. N.L.R.B.,*
881 F.2d 302 (6th Cir. 1989) .............................................................................................11

**Statutes**

11 U.S.C. § 105(a) ....................................................................................................................2

28 U.S.C. § 157(b)(2) ...............................................................................................................2

28 U.S.C. § 1334(b) ..................................................................................................................2

28 U.S.C. § 1409 .......................................................................................................................2

## Other Authorities

Fed. R. Civ. P. 37(a)(3)(A) ................................................................................................. 1, 14

Fed. R. Civ. P. 37(a)(4) ........................................................................................................ 14

Fed. R. Bankr. P. 7037 ................................................................................................ 1, 2, 14

Local Bankruptcy Rule 7007-1(a) ........................................................................................ 14

Local Bankruptcy Rule 7007-1(b) ........................................................................................ 14

N.Y. C.P.L.R. § 6220 ..................................................................................................... *passim*

Plaintiff Richard Levin, not individually but solely as liquidating trustee ("**Trustee**") for the liquidating trust of debtors Firestar Diamond, Inc. and Old AJ, Inc., respectfully submits this motion ("**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A**: (I) confirming that the Trustee is authorized to take discovery of defendant Ami Javeri under New York Civil Practice Law and Rules ("**CPLR**") § 6220; (II) directing Javeri to produce documents responsive to the Trustee's *First Request for Production of Documents*, dated March 7, 2022 (the "**RFPs**") under Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure, made applicable under Federal Rule of Bankruptcy Procedure 7037; and (III) granting related relief.

## Preliminary Statement

The Trustee requires discovery from Ami Javeri to understand the nature and location of her assets in connection with pending attachment proceedings in this action. Between February 22, 2022, when the Court entered the Order of Attachment [Dkt. 104] (the "**Attachment Order**"), and December 14, 2022, when the Court held a discovery conference at the request of the Trustee, Ami Javeri never questioned whether she was subject to discovery in aid of attachment, and never objected to the RFPs. Through counsel, she executed a stipulation and order under which she agreed to produce documents responsive to the RFPs by May 18, 2022; made limited productions of documents in response to the RFPs between May 19, 2022 and September 7, 2022; subsequently, and repeatedly, expressed her intention to produce additional documents responsive to the RFPs; twice stipulated not to transfer assets under her direct control (other than expenditures for living expenses) without "the express written consent of the Trustee"; and did not object, in her brief or oral argument, to the Trustee's demand for CPLR § 6220 discovery that was included in his *Motion to Confirm Order of Attachment* (Dkt. 108) ("**Motion to Confirm Attachment**").

At the December 14, 2022 discovery conference, Javeri, with new counsel, changed tack.[1] In open court, her new counsel contended for the first time that paragraph 8 of the Attachment Order only authorizes discovery against defendants Central Park South 50 Properties, LLC ("**CPS50**"), Central Park Real Estate, LLC ("**CPRE**"), and Trident Trust Company, solely as Trustee of the Ithaca Trust ("**Trident**") and that Javeri was therefore exempt from attachment discovery altogether. The Court acknowledged that Javeri was not specifically identified in paragraph 8 of the Attachment Order, but agreed with "the Trustee's view about . . . the needs of the case . . . and what's appropriate," suggested that an "order is coming one way or the other," noted that "we're going to get there very quickly," and directed the parties not to "waste time on motion practice." Cognizant of the Court's direction, the Trustee again attempted to stipulate that Javeri would be subject to attachment discovery and respond to the now 10-month-old RFPs. Javeri refused. Accordingly, the Trustee files this Motion requesting an order confirming that Javeri is subject to attachment discovery under CPLR § 6220 and directing Javeri to respond to the RFPs.

## **Jurisdiction and Venue**

This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). Venue is proper under 28 U.S.C. § 1409. This matter is not a core proceeding under 28 U.S.C. § 157(b)(2). The predicates for the relief requested in the Motion are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 7037, and CPLR § 6220.

---

[1] Amini LLC entered appearances as counsel for Javeri on September 30, 2022. [Dkt. 130, 131.] Before then, Trustee's counsel had dealt exclusively with Javeri's original counsel of record, Roger J. Bernstein, in this adversary proceeding. Mr. Bernstein remains Javeri's co-counsel.

## Facts

### A.    Javeri Failed to Dispute the Trustee's Entitlement to Attachment Discovery Prior to the December 14, 2022 Discovery Conference.

On February 15, 2022, the Trustee moved for entry of the Order of Attachment *ex parte* and under seal after learning of Javeri's efforts to sell real property located at 50 Central Park South, Unit 33, New York, NY 10019 (the "**Ritz Carlton Apartment**") and at 160 Central Park South, Unit 3601, New York, NY 10019 (the "**Essex House Apartment**," and together with the Ritz Carlton Apartment, the "**Apartments**"). The Trustee alleged that attachment of property owned by Javeri and the Ithaca Trust Defendants was necessary because they were attempting to remove assets from the reach of creditors through the attempted sale. On February 22, 2022, the Court held an *ex parte*, sealed hearing on the Attachment Motion and entered the Order of Attachment, finding that the Trustee's allegations and evidentiary proof established all requirements under applicable law to issue an attachment order. (*See* Attachment Order ¶ 2.)

The Attachment Order levies, among other things, (i) Javeri's interest in the Apartments, and (ii) any all interests of CPS50, CPRE, and Trident (together, the "**Ithaca Trust Defendants**"). (*Id*. § 5.) It also authorizes the Trustee to "take discovery . . . of the Ithaca Trust Defendants and any other person or entity that may have information concerning the Ithaca Trust Defendants' attachable property or debt." (*Id*. ¶ 8.) On February 22 and 23, 2022, the Trustee served the Order of Attachment as prescribed therein. (*See* Attachment Order ¶¶ 3-4.)

On February 24, 2022, the Trustee served discovery on Trident, seeking documents and communications pertaining to all trusts in which Javeri claims an interest and the assets of any such trusts. On March 10, 2022, Trident began producing responsive documents, ███

███████████████████████████████████████████████████

██████████████████████████ On March 22, 2022, the Trustee filed his *Supplement to Motion to Confirm Order of Attachment* [Dkt. 116], seeking to attach Javeri's and Trident's interests in ████████████ and its assets.

On March 7, 2022, the Trustee served the RFPs on Javeri. (*Declaration of Angela M. Allen*, filed contemporaneously herewith ("**Allen Decl.**") Ex. 1.) The RFPs request a variety of documents related to Javeri's assets, including documents concerning Javeri's finances and interest in personal property and real property. The RFPs direct Javeri to provide documents, responses, and objections on or before 5:00 p.m. CDT on April 5, 2022.

Javeri did not respond to the RFPs by the response deadline.

On May 6, 2022, the Trustee, Javeri, and her husband Nirav Modi (a defendant in *Levin v. Modi*, Adv. No. 19-1102 (Bankr. S.D.N.Y.)) executed a stipulation that was so-ordered by the Court the same day. (*Stipulation and Order* [Dkt. 122] ("**May 6 Order**").) Under the May 6 Order, the Trustee was directed to support and facilitate the payment of certain specified expenses from attached property. (*Id.* ¶ 5 & Ex. A.) Javeri and Modi were directed:

> not to transfer any assets under their direct or indirect control, including assets under the direct or indirect control of a third party who ordinarily takes instruction from Nirav Modi or Ami Javeri, for as long as the stays provided for herein remain in effect, without the express written consent of the Trustee. Such prohibited transfers do not include domestic expenditures by Ami Javeri for family living expenses, consistent with historical expenditures, and the details of which will be provided to the Trustee.

(*Id.* ¶ 7.) Javeri agreed to notify the Trustee of any offers received for either of the Apartments not accept any offer or execute any deed without the prior written consent of the Trustee. (*Id.* ¶ 8.) Javeri was also directed to "respond to the Trustee's discovery requests and complete production of the documents requested no later than May 18, 2022." (*Id.* ¶ 9.) The Trustee

agreed to the May 6 Order because Javeri represented that she would market and sell the Apartments to reduce their considerable costs associated with the property.

Javeri did not respond to the RFPs by the May 18, 2022 deadline provided in the May 6 Order, and only produced a handful of apartment bills and tax returns by that date. One day later, on May 19, 2022, Javeri's counsel sent Trustee's counsel, in the body of an unsigned email, an "informal response to [the Trustee's] document demands (without waiver of the objections to be made in a formal response)." (*See* Allen Decl. Ex. 2.) The email included brief responses to certain of the specific requests for production in the RFPs and indicated that responsive documents would be forthcoming. (*Id.*) The email contained no objections to the RFPs, however, and no contention, express or implied, that Javeri was not subject to attachment discovery or that the RFPs were categorically improper. (*See id.*) On May 19, 2022 and May 20, 2022, Javeri's counsel produced via email 118 bank statements.

On June 23, 2022, after the Trustee had received no further productions from Ms. Javeri, Trustee's counsel emailed Javeri's counsel identifying numerous bank account statements and related materials that Javeri had not produced and reserving all rights as to the full extent of the Trustee's discovery requests. (*See* Allen Decl. Ex. 3 at 2.) Javeri did not respond to that email.

On July 19, 2022, Trustee's counsel again emailed Javeri's counsel demanding responses to the RFPs. (*Id.* at 1.) On July 20, 2022, Javeri's counsel responded, "I have gone over each line item with my client today. I will be able to provide more information and documents by the end of the week." (*Id.*) In this email, Javeri's counsel did not object to the RFPs or otherwise dispute that Javeri was subject to attachment discovery.

Between July 25, 2022, and September 7, 2022, Javeri produced an additional 35 documents via email. (Allen Decl. Exs. 4-12.) In these emails, Javeri's counsel discussed

efforts to obtain additional bank account information and did not object to the RFPs or otherwise dispute that she was subject to attachment discovery. (*See generally id.*)

On September 30, 2022, attorneys with Amini LLC entered their appearances as counsel to Javeri. [Dkt. 130, 131.]

On October 25, 2022, Trustee's counsel emailed Ms. Javeri's counsel regarding "Ms. Javeri's ongoing failure to comply with the Trustee's long-outstanding discovery requests" and attaching a spreadsheet with a detailed list of outstanding documents. (*See* Allen Decl. Ex. 13 at 5-6.)

On October 27, 2022, Javeri's counsel responded, "We want to get moving forward with discovery, but as you know, we just recently came into the case. We will likely need some additional time to make sure we can respond and produce documents appropriately." (*Id.*) In this email, Javeri's counsel did not object to the RFPs or otherwise dispute that Javeri was subject to attachment discovery.

On November 2, 2022, the Trustee's counsel wrote, "while the Trustee was willing to accommodate your request for more time, this is not an open ended timeline. Please propose a date by which your client will complete her productions and responses, now long overdue, and I will discuss with my client." (*Id.* at 3.)

On November 3, 2022, Javeri's counsel responded by email, "Here's what I would propose: I will give you R&Os by the end of next week, 11/11. We can meet and confer the following week to resolve any issues, and then I would expect we would be able to complete production of any additional documents by December 23." (*Id.*) The email suggested that certain requests for "lists" in the RFPs were improper document requests, but Javeri did not question whether she was subject to discovery or that the RFPs were categorically improper. (*See id.*)

On November 4, 2022, the Trustee's counsel responded, "The Trustee is not willing to agree to an extension beyond November, particularly without any assurances that Ms. Javeri will be producing everything we requested." (*Id.* at 2.) Trustee's counsel added, "While you are welcome to send over any R&Os to inform our discussions, the Trustee reserves the right to assert that Ms. Javeri waived any such objections by failing to timely assert them." (*Id.*)

On November 11, 2022 and November 17, 2022, Trustee's counsel again met and conferred with Javeri's counsel. (Allen Decl. ¶ 23.) On November 18, 2022, the Trustee's counsel emailed Javeri's counsel addressing various topics discussed during the November 17 meet-and-confer and concluding: "The Trustee is not willing to let this linger any longer. If Ms. Javeri has not responded to the Trustee's requests and completed her production by November 30, the Trustee will seek appropriate relief." (*See* Allen Decl. Ex. 13 at 1.)

On December 6, Trustee's counsel emailed the Court requesting a discovery conference "with respect to discovery issued pursuant to this Court's Order of Attachment on February 22, 2022 (Dkt. 104 at ¶ 8) and the Stipulation and Order entered on May 6, 2022 (Dkt. 122 at ¶ 9)." (Allen Decl. Ex. 14.)

On December 13, 2022, Javeri executed a second stipulation with the Trustee (without Nirav Modi) that largely restated the terms of the May 6 Order and under which Javeri again agreed "not to transfer any assets under [her] direct or indirect control, including assets under the direct or indirect control of a third party who ordinarily takes instruction from Ami Javeri, . . . without the express written consent of the Trustee." (*Second Stipulation and Order* ¶ 11 [Dkt. 141] (the "**December 13 Order**").)

On December 14, 2022, the Court held a conference on the Trustee's RFPs. Trustee's counsel provided the timeline of events, including Javeri's repeated representations that she would comply with discovery. (*See* Tr. 12/14/2022 Hr'g 3:14-7:23 ("**12/14 Tr.**"), attached as Allen Decl. Ex. 15.)

7

In response, Javeri's counsel contended, for the first time, that "discovery was improper from the beginning" because paragraph 8 of the Attachment Order only authorized discovery against CPS50, CPRE, and Trident. (*See* 12/14 Tr. 8:1-6.) Javeri's counsel also contended that because the levy on the Apartments was completed, the Trustee was not entitled to any further discovery on Ms. Javeri's assets. (*See* 12/14 Tr. 8:7-14.)

In response to Javeri's new contention that she was altogether exempt from attachment discovery, Trustee's counsel highlighted the language in the May 6 Order directing Javeri to produce responsive documents by May 18, 2022. (12/14 Tr. 15:14-20.) The Court, however, found that the May 6 Order was "linked to paragraph 8" of the Attachment Order, and was therefore limited to discovery about the Ithaca Trust Defendants' property. (12/14 Tr. 15:21-16:2.) While the Court concluded that Javeri was not subject to discovery under the Attachment Order (12/14 Tr. 10:15-16), the Court agreed with "the Trustee's view about . . . the needs of the case . . . and what's appropriate," (12/14 Tr. 21:3-4), stated that an "order is coming one way or the other" (12/14 Tr. 21:4-5), and noted that "we're going to get there very quickly," (12/14 Tr. 16:9). The Court directed the parties not to "waste time on motion practice" (12/14 Tr. 16:10-11) and instead, to "try to work something out so we can have order rather than chaos and save people time and money." (12/14 Tr. 21:5-7.)

Cognizant of the Court's direction, the Trustee attempted to stipulate that Javeri would be subject to attachment discovery. On December 18, 2022, Trustee's counsel sent a proposed stipulation confirming that Javeri was subject to discovery and setting a deadline for Javeri's responses to the RFPs. (Allen Decl. Ex. 16 at 2.) Receiving no response, Trustee's counsel emailed again on December 23, 2022 and December 29, 2022. (*Id.* at 1) On December 29, 2022, Javeri's counsel responded:

> We agreed to produce certain documents by January 6 and we are going to keep to that schedule. We can't agree to the proposed third stipulation. You are just asking us to agree to produce documents you previously requested. This doesn't

8

make sense as attachment discovery and our position hasn't changed since the conference. If you have a proposal for other discovery relating to the existing stipulation, please send it over and we will consider it.

(*Id.*)[2]

### B.    Javeri Did Not Dispute the Trustee's Entitlement to Discovery in Aid of Attachment in Her Attachment Briefing.

On February 25, 2022, the Trustee filed his *Memorandum of Law in Support of the Motion to Confirm the Attachment Order* [Dkt. 108] ("**Motion to Confirm Attachment**"), which requested, among other things, that the Court authorize discovery under CPLR § 6220. *Id.* at 22-23.

On April 11, 2022, April 22, 2022, July 14, 2022, and August 15, 2022, the Trustee and Javeri executed stipulations extending Javeri's time to respond to the Motion to Confirm Attachment. (Dkt. 120, 121, 126, 127.)

On September 30, 2022, Javeri, CPRE, and CPS50 filed a 32-page joint opposition to the Motion to Confirm Attachment. (*Defendants' Opposition Brief to Plaintiff's Motion to Confirm Ex Parte Order of Attachment* [Dkt. 132] ("**Attachment Opp.**").) Defendants made extensive arguments challenging the Trustee's entitlement to attachment, but did not address—much less dispute—the Trustee's entitlement to *discovery* in aid of attachment briefed in the Motion to Confirm Attachment. (*See generally id.*)

On October 14, 2022, the Trustee filed his *Reply in Support of Motion to Confirm Attachment* [Dkt. 134] ("**Attachment Reply**"), which noted that Javeri's "limited discovery responses . . . reflect a high rate of discretionary spending," (*id.* at 13), including hundreds of thousands of dollars for luxury clothing and travel after Firestar's petition date. (*See id.* at

---

[2] At the December 14 hearing, Javeri's counsel agreed to produce documents relating to certain payments she had made in connection with the Apartments. (12/14 Tr. 18:10-19:9.) Javeri produced documents to the Trustee on January 6, 2023. (Allen Decl. Ex. 17.) The Trustee reserves all rights with respect to the sufficiency of the January 6, 2023 document production.

14 ("between the Petition Date (February 26, 2018) and the end of 2021, Javeri spent at least $21,125 at the Four Seasons Resort, $81,454.77 at Dior, and $96,077.26 at Chanel").) The Trustee reiterated his support for a sale of the Apartments so long as the sale proceeds are appropriately safeguarded. (*Id.* at 18-19.)

On October 26, 2022, the Court heard argument on the Motion to Confirm Attachment. The Trustee again noted that Javeri had produced only a "limited number of documents" in response to the Trustee's RFPs, and that these documents "demonstrate profligate spending to support an opulent lifestyle." (Tr. of 10/26/2022 Hearing ("**10/26 Tr.**") 13:22-24 [Dkt. 137].) Javeri's counsel did not challenge the RFPs or otherwise address the Trustee's discovery demands, but stated Javeri was "from her own wealthy family in the jewelry business," (10/26 Tr. 31:15-16), and that her expenses "are part of her normal day-to-day living and have been since she was an infant." (10/26 Tr. 31:22-23.)

<u>Argument</u>

I.    **The Court Should Confirm That the Trustee is Authorized to Take Discovery.**

   A.    **The Trustee is Entitled to Discovery Under the May 6 Order.**

Under the May 6 Order, Javeri agreed, and the Court ordered, that Javeri would produce documents responsive to the Trustee's "discovery requests" no later than May 18, 2022. (May 6 Order ¶ 9.) While Javeri argued, for the first time, at the December 14, 2022 hearing that she was not subject to discovery because she was "not one of the Ithaca Trust defendants" under the *Attachment Order*, she never disputed the enforceability of the *May 6 Order* or otherwise explained why it is not binding on her.

At the December 14 hearing, the Court stated that the May 6 Order was "linked to paragraph 8" of the Attachment Order and therefore was limited to discovery about the Ithaca Trust Defendants' property. (12/14 Tr. 15:21-16:2.) To the extent the Trustee was not

10

clear in his position at the hearing, he respectfully seeks to clarify that the May 6 Order serves as an independent authorization of discovery in aid of attachment, notwithstanding any limitations or ambiguities present in the Attachment Order.

The May 6 Order unambiguously provides that "Ms. Javeri will respond to the Trustee's discovery requests and complete production of the documents requested no later than May 18, 2022." (May 6 Order ¶ 9.) This directive is not conditioned on or limited by the Attachment Order, and thus, the Court authorized the RFPs when it entered the May 6 Order. Consistent with this construction, the Trustee's request for a discovery conference specified a conference on Javeri's responses under both the Attachment Order *and* the May 6 Order. (Allen Decl. Ex 14.)

But if the Court concludes the May 6 Order does not unambiguously direct Javeri to respond to the RFPs, it is empowered to interpret and enforce its own prior orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *cf. Van Dorn Plastic Mach. Co. v. N.L.R.B.*, 881 F.2d 302, 305 (6th Cir. 1989) ("Stipulations, like other contracts, must be interpreted in light of the circumstances under which the agreement was made."). In doing so, it should construe any ambiguity in the May 6 Order to require Javeri's compliance with the RFPs. *See In re Linton Props., LLC*, 410 B.R. 1, 8 (Bankr. D.D.C. 2009) (considering principles of contract interpretation in construing disputed stipulation and order); *see also Rivard-Crook v. Accelerated Payment Techs., Inc.*, 2013 WL 4857746, at *2 (D. Nev. Sept. 10, 2013) (enforcing court-approved stipulation under which defendant agreed to "produce all previously requested documentation responsive to the [plaintiff's discovery requests]."). First, the parties' course of dealing detailed above reflects an understanding that Javeri was required to produce documents in response to the RFPs. Second, limiting the May 6 Order's directive that Javeri respond to the RFPs by the terms of the Attachment Order would render that provision meaningless, a result the Court should avoid. *See Harley Marine Servs., Inc.*

11

*v. U.S. Dep't of Lab.*, 677 F. App'x 538, 543 (11th Cir. 2017) (rejecting interpretation that would render stipulation meaningless).

### B.   The Trustee is Entitled to Discovery in Aid of Attachment.

If the Court finds that the Trustee is not already authorized to seek attachment discovery against Javeri, the Court should confirm the Trustee's authority to do so. Due to Javeri's and the Ithaca Trust Defendants' involvement in laundering the proceeds of a years-long, multi-billion dollar bank fraud, the Trustee has limited knowledge of the nature and location of Javeri's and the Ithaca Trust Defendants' other assets that may satisfy a judgment in this action. Therefore, the Trustee may encounter difficulty levying Javeri's and the Ithaca Trust Defendants' property in an amount sufficient to provide security. As the Trustee sets forth in his Motion to Confirm Attachment, the potential damages exceed the value of the property attached—likely by a significant margin—and Javeri has conceded her high rate of discretionary spending, meaning every dollar she spends is one less dollar the Trustee can recovery absent additional attachment.

Moreover, discovery is not limited to property that has already been attached. At the December 14 hearing, Javeri argued attachment discovery was inappropriate because the Essex House Apartment and Ritz Carlton Apartment had already been levied. (12/14 Tr. 8:7-14.) This argument misstates the law. CPLR § 6220 provides that "at any time after the granting of an order of attachment and prior to final judgment in the action, upon such notice as the court may direct, the court may order disclosure by any person of information *regarding any property in which the defendant has an interest*, or any debts owing to the defendant." CPLR § 6220 (emphasis added). The Court may authorize discovery regarding *any property* of Javeri—not just the property already specified in the Attachment Order. Courts regularly authorize § 6220 discovery of defendants and relevant third parties to identify the defendants' attachable property. *See Swift Spinning Mills v. B&H Apparel*, 2003

12

WL 942610, at *3-4 (S.D.N.Y. Mar. 6, 2003) (granting the plaintiff's motion "to compel discovery in aid of attachment," which included depositions of the defendants and their accountants, production of defendants' income tax returns, and access to defendant's safe deposit box); *Etalon Imob S.R.L. v. Schoenbach*, 2012 WL 4741595, at *5 (S.D.N.Y. Oct. 3, 2012) ("So long as the order [of attachment] is outstanding and unsatisfied, a plaintiff is entitled to learn of assets [under CPLR § 6220] to enable a sheriff to seize sufficient property to comply with the order").

Javeri has engaged in profligate spending (*see* Attachment Reply at 13-14),[3] which she attributes to coming from a "wealthy family" (10/26 Tr. 31:15), but simultaneously has demanded that she use ███████ funds to pay for the upkeep of two luxury apartments in Manhattan because of her claimed limited resources. Indeed, the Trustee has agreed to the expenditure of hundreds of thousands of dollars ██████████ to pay for certain expenses related to the Apartments on the basis that (1) Ms. Javeri does not, in fact, have the resources to pay for these expenses; and (2) the real estate would otherwise deteriorate in value and/or become subject to liens. (May 6 Order ¶ 5 & Ex. A; December 13 Order ¶ 3.) And even if the scope of appropriate discovery was limited to prior orders of the Court, Javeri has twice agreed not dispose of personal assets other than for living expenses and domestic expenditures (*see* May 6 Order ¶ 7; December 13 Order ¶ 11), which the Trustee cannot confirm without discovery. Accordingly, the Court should confirm the Trustee's authority to seek discovery under CPLR § 6220 related to Javeri's assets that, in addition to the Apartments, may secure the Trustee's judgment demand in this action.

---

[3] From 2017 through 2021, Javeri spent at least $432,343 at luxury department stores, at least $106,196 on travel, at least $56,353 on "wellness," and at least $16,958 on event tickets. (Attachment Reply at 13.)

13

## II.    The Court Should Direct Javeri to Promptly Produce Documents Responsive to the RFPs.

The Court should also direct Javeri to respond to the RFPs. Under Fed. R. Civ. P. 37(a)(3)(A), made applicable in this adversary proceeding by Fed. R. Bankr. P. 7037, a party may move for an order compelling discovery when another party has failed to make disclosure or discovery. "An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).[4]

Javeri previously agreed, and failed, to respond to the RFPs by May 18, 2022, and after failing to do so, repeatedly represented to the Trustee that she would provide responses and objections (in addition to responsive documents) in short order. By failing to respond or object to the RFPs in a timely manner, Javeri has waived any objection which may have been available. *United States v. Phillips*, 2022 WL 17742342, at *1 (E.D.N.Y. Dec. 7, 2022); *see Chowdhury v. Hamza Express Food Corp.*, 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections.").

With respect to Javeri's general contention that she is not subject to attachment discovery, this argument was raised for the first time at the December 14 hearing, over nine months after discovery was served, and only after Javeri repeatedly stated that she would respond to the RFPs. Thus, even if the Court concludes it has not previously authorized CPLR § 6220 discovery, she has waived any challenge to the RFPs on this basis. If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. *Eldaghar v. City of New York Dep't of*

---

[4] In accordance with Local Bankruptcy Rule 7007-1(a), the undersigned affirms that the Trustee's counsel conferred with Javeri's counsel and was unable to resolve the matter consensually. (Allen Decl. ¶ 24.) In accordance with Local Bankruptcy Rule 7007-1(b), the Court held an informal discovery conference before the Motion was filed. (*See* 12/14 Tr.)

*Citywide Admin. Servs.*, 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) (finding any result other than waiver for failure to object to discovery demands would "completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences" (citation omitted)).

With respect to specific objections to the RFPs, Javeri has had nearly a year to file responses and objections so the Trustee could formulate an appropriate response. Despite repeated statements that formal responses and objections were forthcoming, they were never provided to the Trustee. At most, Javeri informally questioned the propriety of certain of the requests in the RFPs through informal emails and in conferences with the Trustee. Javeri has provided no justification for failing to provide appropriate written responses and objections to the RFPs, and the Court should not reward her dilatory conduct by entertaining objections at this late date. *See, e.g., EEOC v. Autozone*, 2008 WL 11366228, at *2 (C.D. Ill. Jan. 31, 2008) (finding that party waived discovery objections by raising them for the first time in opposition to a motion to compel after having previously agreed to produce the requested materials). If, however, the Court permits formal responses and objections, the Trustee respectfully requests that these be filed promptly, and no more than 7 days after entry of the order granting this Motion.

## **CONCLUSION**

For the reasons set forth herein, the Court should issue an order, substantially in the form attached hereto as **Exhibit A**: (I) confirming that the Trustee is authorized to take discovery of defendant Ami Javeri under CPLR § 6220; (II) directing Javeri to produce documents responsive to the RFPs; and (III) granting related relief.

Dated: January 27, 2023
      Chicago, Illinois

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Angela M. Allen*
Vincent E. Lazar
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*

16