**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC., | Adv. Proc. No. 20-1054 (SHL) |
| Plaintiff, | |
| v. | |
| AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; NEESHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD., | |
| Defendants. | |

**DECLARATION OF ANGELA M. ALLEN IN
SUPPORT OF TRUSTEE'S MOTION FOR ENTRY OF AN ORDER
(I) CONFIRMING THE TRUSTEE'S AUTHORITY TO TAKE DISCOVERY OF
DEFENDANT AMI JAVERI UNDER CPLR § 6220; (II) DIRECTING
DEFENDANT AMI JAVERI TO RESPOND TO THE TRUSTEE'S MARCH 7,
<u>2022 DOCUMENT REQUESTS; AND (III) GRANTING RELATED RELIEF</u>**

I, Angela M. Allen, declare under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge, information, and belief:

1. I am counsel to the Plaintiff Richard Levin, liquidating trustee ("**Trustee**") for the liquidating trust of debtors Firestar Diamond, Inc. and Old AJ, Inc., in the above-captioned chapter 11 cases and above-captioned adversary proceeding.

2. I am a partner in Jenner & Block LLP, a law firm with offices in Chicago, Illinois; Los Angeles, California; New York, New York; San Francisco, California; Washington, D.C.; and London, United Kingdom.[1] I am currently resident in Jenner & Block's Chicago office, located at 353 North Clark Street, Chicago, Illinois 60654. I am a member in good standing of the bar of the State of Illinois and there are no disciplinary proceedings pending against me.

3. I submit this Declaration in support of the *Trustee's Motion For Entry Of An Order (I) Confirming The Trustee's Authority To Take Discovery Of Defendant Ami Javeri Under CPLR § 6220; (II) Directing Defendant Ami Javeri To Respond To The Trustee's March 7, 2022 Document Requests; and (III) Granting Related Relief Motion to Confirm Order of Attachment* (the "**Motion**").[2]

4. The statements in this Declaration are based on my personal knowledge, information supplied or verified by the Trustee or his professionals, and my review of relevant documents. If called as a witness, I could and would testify competently to the facts set forth herein.

5. Attached hereto are true and correct copies of the exhibits cited in the Motion.

---

[1] The London office is operated by a separate partnership, Jenner & Block London LLP, which is affiliated with Jenner & Block.

[2] Capitalized terms not defined in this Declaration have the meaning provided in the Motion.

6.  **Exhibit 1** is a true and correct copy of the *Trustee's First Requests For Production Of Documents To Ami Javeri (f/k/a Ami Modi),* served on Javeri on March 7, 2022.

7.  **Exhibit 2** is a true and correct copy of an email sent on May 19, 2022 at 4:20 p.m. from Roger Bernstein to me with the subject "Javeri Discovery Response." The link provided in the email, the password for that link, and a reference to a trust have been redacted for confidentiality.

8.  **Exhibit 3** is a true and correct copy of an email chain. The top email was sent on July 20, 2022 at 3:32 p.m. from Roger Bernstein to William A. Williams, copying me and Laura E. Pelanek, with the subject "RE: In re Firestar Diamond Inc. - Outstanding Discovery & Requested Follow-Up."

9.  **Exhibit 4** is a true and correct copy of an email sent on July 25, 2022 at 7:01 a.m. from Roger Bernstein to me and William A. Williams with the subject "In re Firestar Diamond Inc. - Outstanding Discovery & Requested Follow-Up." This exhibit does not include the attachments to the email.

10. **Exhibit 5** is a true and correct copy of an email sent on July 27, 2022 at 4:25 p.m. from Roger Bernstein to William A. Williams with the subject "Roger Bernstein shared "Javeri Bank Statements - Chase x7198 and x3783" with you."

11. **Exhibit 6** is a true and correct copy of an email sent on July 27, 2022 at 4:27 p.m. from Roger Bernstein to William A. Williams with the subject "Roger Bernstein shared "Javeri Bank Statements - Wells Fargo (2nd installment)" with you."

12. **Exhibit 7** is a true and correct copy of an email sent on July 31, 2022 at 8:05 p.m. from Roger Bernstein to William A. Williams with the subject "Roger Bernstein shared "Javeri Bank Statements - Wells Fargo (2nd installment)" with you."

13.     **Exhibit 8** is a true and correct copy of an email sent on August 4, 2022 at 10:34 p.m. from Roger Bernstein to me and William A. Williams with the subject "Javeri Bank Accounts." Bank account numbers, the link provided in the email, and the password for the link, have been redacted for confidentiality.

14.     **Exhibit 9** is a true and correct copy of an email sent on August 8, 2022 at 6:07 p.m. from Roger Bernstein to William A. Williams with the subject "Javeri." The link provided in the email, and the password for that link, have been redacted for confidentiality.

15.     **Exhibit 10** is a true and correct copy of an email sent on August 12, 2022 at 5:54 p.m. from Roger Bernstein to William A. Williams, copying me, with the subject "Levin v Javeri et al." This exhibit does not include the attachment to the email.

16.     **Exhibit 11** is a true and correct copy of an email sent on August 30, 2022 at 1:02 p.m. from Roger Bernstein to me and William A. Williams, copying James P. Chou, with the subject "Javeri bank statements; second stipulation." This exhibit does not include the attachments to the email.

17.     **Exhibit 12** is a true and correct copy of an email sent on September 7, 2022 at 10:01 a.m. from Roger Bernstein to William A. Williams with the subject "Javeri bank accounts." This exhibit does not include the attachments to the email.

18.     **Exhibit 13** is a true and correct copy of an email chain. The top email was sent on November 18, 2022 at 7:33 p.m. from William A. Williams to Reece Dameron, copying Bijan Amini, Roger Bernstein, Carl N. Wedoff, and me, with the subject "RE: Levin v. Javeri, et al. (Adv. No. 20-1504-shl)."

19.     **Exhibit 14** is a true and correct copy of an email sent on December 6, 2022 at 12:42 p.m. from me to the Court's chambers email address, copying Bijan Amini, Reece Dameron, Roger Bernstein, William A. Williams, and Carl N. Wedoff, with the subject "Levin v. Javeri, Case No. 20-01054, Request for Discovery Conference."

20. **Exhibit 15** is a true and correct copy of the transcript of the discovery conference held in the above-captioned adversary proceeding on December 14, 2022.

21. **Exhibit 16** is a true and correct copy of an email chain. The top email was sent on December 29, 2022 at 11:54 a.m. from Reece Dameron to Carl N. Wedoff, copying me and William A. Williams, with the subject "RE: Levin v. Javeri, Case No. 20-1054." This exhibit does not include the attachment to the email.

22. **Exhibit 17** is a true and correct copy of an email sent on January 6, 2023 at 5:36 p.m. from Reece Dameron to Carl N. Wedoff, me, and William A. Williams, copying Bijan Amini, Avery Samet, and Sydney Calhoun, with the subject "Levin v. Javeri, Adv. Proc. No. 20-01054-shl." The link provided in the email has been redacted for confidentiality.

23. On November 11, 2022 and November 17, 2022, I, along with my colleagues from Jenner & Block, met and conferred with Javeri's counsel, Reece Dameron of Amini LLC.

24. In accordance with Local Rule 7007-1(a), I affirm that I have conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the Motion without the intervention of the Court and that counsel have been unable to reach an agreement.

Dated: January 27, 2023                    */s/ Angela M. Allen*
Chicago, Illinois                          Angela M. Allen