JENNER & BLOCK LLP
Vincent E. Lazar
Angela Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (SHL) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trusts of FIRESTAR DIAMOND, INC., FANTASY, INC., and OLD AJ, INC., | Adv. Proc. No. 20-1054 (SHL) |
| Plaintiff, | |
| v. | |
| AMI JAVERI, et al., | |
| Defendants. | |

**TRUSTEE'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**
**TO AMI JAVERI (f/k/a AMI MODI)**

Under the *Order of Attachment* entered in the above-captioned adversary proceeding on February 22, 2022 [Adv. Dkt. 104], N.Y. C.P.L.R. § 6220, and Federal Rules of Civil Procedure 26 and 34, applicable herein through Federal Rules of Bankruptcy Procedure 7026,

7034, and 9014, Plaintiff Richard Levin, as trustee ("**Trustee**") of the liquidating trusts established for the Debtors' estates in the above-captioned chapter 11 cases, hereby requests that Ami Javeri produce the documents specified in these Requests. Documents, responses, and objections are to be served on or before 5:00 p.m. CT on April 4, 2022 on the Trustee's counsel at the e-mail addresses set forth below.

## DEFINITIONS

1. "Communication", consistent with Local Bankruptcy Rule 7026-1, has the meaning ascribed in Local Civil Rule 26.3(c)(1).

2. "CPRE" means Central Park Real Estate LLC.

3. "CPS50" means Central Park South 50 Properties LLC.

4. "Document", consistent with Local Bankruptcy Rule 7026-1, has the meaning ascribed in Local Civil Rule 26.3(c)(2). The term "all Documents" means every Document, including Communications, known to you that can be located or discovered by reasonably diligent efforts. A draft or non-identical copy is a separate Document within the meaning of this term.

5. "Each" means each, every, and any.

6. "Essex House Apartment" means the real property located at 160 Central Park South, Unit 3601, New York, NY 10019.

7. "Including" means "including, but not limited to," and "includes" means "includes, but is not limited to."

8. "Ithaca Trust" means the Ithaca Trust, a trust purportedly governed by South Dakota law.

9. "Person", consistent with Local Bankruptcy Rule 7026-1, has the meaning ascribed in Local Civil Rule 26.3(c)(6).

2

10. "Referring to", "relating to", and "regarding" mean anything that, directly or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any way, is or was used in the preparation of, is appended to, is legally, logically, or factually connected with, proves, disproves, or tends to prove or disprove, the subject of the demands.

11. "Relevant Entity" refers to each of the following:

   a. Firestar Diamond, Inc.
   b. Fantasy, Inc.
   c. A. Jaffe, Inc.
   d. Synergies Corporation
   e. Firestar Group, Inc.
   f. Firestar Diamond International, Inc.
   g. Nirav Modi, Inc. (f/k/a Firestar Jewelry, Inc.)
   h. AVD Trading, Inc.
   i. Firestar International Private Limited
   j. Central Park Real Estate LLC
   k. Central Park South 50 Properties LLC
   l. The Ithaca Trust
   m. Monte Cristo Trust
   n. New Zealand Trust
   o. Nirav Modi Trust
   p. The Deposit Trust
   q. Amadena Investments LLC
   r. Bailey Banks & Biddle
   s. BBB Group, Inc.
   t. Belvedere Holdings Group Ltd.
   u. Brookton Management Ltd.
   v. Diamond Holdings Limited
   w. Excellent Facets Inc.
   x. Sangam Diamonds Corporation
   y. Sangam Diamonds LLC
   z. SDC Designs Inc.
   aa. SDC Designs LLC
   bb. Twin Fields Investments Ltd.
   cc. Diamonds 'R' Us
   dd. Solar Exports
   ee. Stellar Diamonds
   ff. Auragem Company Ltd.
   gg. Brilliant Diamonds Ltd.
   hh. DG Brothers
   ii. Diagems FZE

3

jj. Empire Gems FZE
kk. Eternal Diamonds Ltd.
ll. Fancy Creations Ltd.
mm. Fine Classic FZE
nn. Hamilton Precious Traders Ltd.
oo. Himalayan Traders FZE
pp. Pacific Diamonds FZE
qq. Sino Traders Ltd.
rr. Sunshine Gems Ltd.
ss. Vista Jewelry FZE
tt. Tri Color Gems FZE
uu. Unity Trading FZE
vv. Universal Fine Jewelry FZE

12. "Relevant Person" refers to each of the following:

a. Nirav Modi
b. Mihir Bhansali
c. Rakhi Bhansali
d. Ajay Gandhi
e. Purvi Modi, a/k/a Purvi Mehta
f. Maiank Mehta
g. Nehal Modi
h. Neeshal Modi
i. Deepak Modi
j. Rohin Modi
k. Apasha Modi
l. Ananya Modi
m. Deepak Modi
n. Abhay Javeri
o. Nitin Dattani
p. Ghanshyam Patel
q. Hemant Bhatt
r. Shyam Wadhwa
s. Bhavesh Patel
t. Kurian Mathews
u. Sandeep Mistry
v. Kavita Mankikar
w. Rochelle Miller
x. Anthony Allicock
y. Angelina Nguyen, a/k/a Angelina Ypma
z. Sridhar Krishnan
aa. Mehul Choksi
bb. Deepak Sheth

4

13. "Ritz Carlton Apartment" means the real property located at 50 Central Park South, Unit 33, New York, NY 10019.

14. "You" and "Your" means Ami Javeri (f/k/a Ami Modi); any and all corporations, trusts, or other entities in which Ami Javeri has or had any legal or beneficial ownership interest, in full or in part, directly or indirectly; and any corporations, trusts, or other entities that Ami Javeri acted to control, direct, or manage, or claimed to have the authority to control, direct, or manage.

15. The terms "and" and "or" shall be read in the disjunctive, conjunctive, or both, consistent with an interpretation that results in the broadest disclosure of information.

16. The terms "any" and "all" shall each be construed to mean "any and all," so as to require the broadest meaning possible.

17. The singular shall be read to include the plural, and the plural the singular, consistent with an interpretation that results in the broadest disclosure of information.

## INSTRUCTIONS

Unless stated otherwise, the requests (the "**Requests**") cover the period from **January 1, 2017** to the present, and includes Documents and Communications created, prepared, written, dated, sent, received, applicable, or effective during or relating to that period.

1. Each demand shall be responded to completely, separately, and fully.

2. If you object to any part of these demands, please: (a) state each objection you assert in sufficient detail to permit the Court to determine the validity of the objection; and (b) disclose all responsive information to which your objection does not apply.

3. If you claim that all or any part of any demand is vague or ambiguous, please identify the specific language you consider vague or ambiguous and state the interpretation of the language in question you used to frame your response.

5

4.     If you withhold information responsive to these demands based upon any claim of privilege, provide a log or index that includes, at a minimum, the following information: (a) the specific privilege asserted or other particular reason you rely upon for not disclosing the information; (b) the identity of all persons having knowledge of any facts relating to the claim of non-disclosure or privilege; (c) a general description of the information withheld; (d) the identity of all persons who possess or claim to possess the information withheld; (e) the last known physical location of the information withheld; and (f) the identity of all Documents relating to the claim of non-disclosure, privilege, or other reason for not producing the information withheld.

5.     In producing Documents, you are requested to produce an exact copy of the original of each Document requested together with all non-identical copies and drafts of that Document. Each Document shall be legible and bound in the same manner as the original. Documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to each demand contained herein.

6.     If more than one copy of a responsive Document exists, produce each copy that includes: (a) any notations or markings not on other copies, including handwritten notations or routing or filing instructions; and (b) attachments not included as part of other copies.

7.     Documents not otherwise directly responsive to these Requests shall be produced if such Documents mention, discuss, refer to or explain the Documents that are called for by these Requests or if such Documents are attached to the Documents called for by these Requests and constitute routing slips, transmittal memoranda, cover letters, comments, or similar materials.

8.     If any requested Documents are maintained in digital, electronic, or imaged from, production of a copy of the electronically stored information in digital, electronic, or imaged form is hereby requested, along with any information needed to access, search, or sort electronic data or Documents.

9. Electronically stored information should be produced in accordance with the following specifications:

(i) <u>Form of Production</u>. Produce electronically stored information in single page tiff format (Group IV tiff at 3OO dpi) or in JPG format for Documents in color. Productions shall be made on encrypted media (e.g. CD/DVD or portable hard drive) with Opticon image load files (.OPT). TIFF\JPG image naming conventions should be limited to alphanumeric names only, with no spaces, no hyphens, and no special characters in the file name (e.g. ABCOOOOOOO1.tif). All fielded database information (including extracted metadata from electronic Documents) should be delivered in a standard Concordance load file format (.DAT). Group every 1,000 tiff images within incrementally named "IMAGES" directories; do not create a separate folder for each Document.

(ii) <u>Document Text</u>. For Documents/records that were originally stored as native electronic files and which do not have redactions, produce the extracted full text (not OCR) from the body of each Document in separate Document-level text files (.txt) named for the beginning Bates number of the associated Document. Provide OCR text for Documents that do not contain searchable text (e.g. non-searchable PDFs, etc.). For Documents that were originally stored as native electronic files and which have redactions, produce the OCR text from the redacted image(s) associated with each Document. Clearly label any redacted material to show the redactions on the tiff image. Group 1,000 Document text files per incrementally named "TEXT" directories, separate from image directories. A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the extracted text/OCR files.

(iii) <u>Native Production For Certain File Types</u>. For emails, files created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, audio/visual files or any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the files in native and tiff formats. Name the produced native file with the Bates number on the first page of the corresponding tiff production of the file / Document. A comma delimited list file (.LST) should be provided and include the beginning Bates number and the full file path (including volume) information to the native files. Group native files within incrementally named "NATIVE" directories, separate from images and text directories.

7

    (iv)    <u>Metadata</u>. Produce extracted metadata for each Document/record in the form of a Concordance load file (.dat), including the following fields (where applicable): bates range begin, bates range end, bates family range begin, bates family range end, e-mail subject line, file extension, original file path, file name, e-mail sent date, e-mail sent time, created date, created time, last modified date, last modified time, author, from, to, CC, BCC, custodian, source, source folder, MD5 hash value, native file path location, and confidentiality designation. Custodian, source, or source folder fields should contain information that can easily identify the location of the Document and, where applicable, the natural person in whose possession it was found.

10. In responding to each demand, state whether and to what extent any of the responsive Documents have been translated from any foreign language into English. If any responsive Document is partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

11. If, after conducting a reasonable investigation, a full answer cannot be provided for any demand for the production of Documents, so state and answer to the fullest extent possible, stating what responsive Documents are available, what Documents cannot be provided and why, and what efforts were made to obtain the unavailable Documents.

12. If any of the Documents demanded herein are no longer in your possession, custody, or control, identify each such demanded Document by date, type of Document, person(s) from whom sent, person(s) to whom sent, person(s) receiving copies, a summary of its contents, and explain why the Document or Documents are no longer in your possession, custody, or control.

13. If any Document responsive to these demands has been destroyed, describe the content of such Document, the location of any copies of such Document, the date of such destruction, the reason for such destruction, the name of the person or persons who ordered or

8

authorized such destruction, and the name of the person or persons who performed such destruction.

14. These demands shall be deemed to be continuing so as to require supplemental productions if necessary to maintain the accuracy and completion of Your production. If at any time after compliance with these demands You should acquire possession, custody, or control of any additional information within the scope of the demands, promptly furnish such information to the Trustee's attorneys in a supplemental response.

## DOCUMENTS, ELECTRONICALLY STORED INFORMATION, OR OBJECTS TO BE PRODUCED

1. A complete listing of all active and inactive financial accounts in which You have or had any interest, or for which You are or were an authorized signatory, including a listing of the dates on which such accounts were opened and, if applicable, closed.

2. All bank statements (including copies of checks) for all bank accounts in which You have or had any interest, or for which You are or were an authorized signatory.

3. All balance sheets, cash flow statements, or similar financial statements relating to You that were created or maintained by You or by any advisor or professional retained or employed by You.

4. All of Your federal and state tax returns for the years ending December 31, 2017 or later, including all schedules, appendices, or other items appended thereto.

5. A complete listing of all real property in which You have or had any interest.

6. All Documents and Communications related to all real property in which You have or had any interest.

7. A complete listing of all personal property in which You have or had any interest that has (or had at any time You had an interest) a fair market value in excess of $250,000.00.

8. All Documents and Communications related to personal property included on the list produced in response to Request No. 7 above.

9. All insurance policies concerning any item of real or personal property included on the lists produced in response to Request Nos. 5 or 7 above.

10. All appraisals concerning any item of real or personal property included on the lists produced in response to Request Nos. 5 or 7 above.

9

11. All Documents and Communications related to or evidencing the current location of any property included on the lists produced in response to Request Nos. 5 or 7 above to the extent such Documents or Communications evidence any transaction with any of the Relevant Persons or any of the Relevant Entities.

12. A complete listing of all entities in which You have or had any ownership or beneficial interest, whether direct or indirect, or for which You served as an officer, director, partner, manager, employee, or other representative capacity.

13. A complete listing of all trusts in which You have or had an interest as a settlor or beneficiary or as a trustee, investment advisor, protector, or other fiduciary, including in a residual or back-up capacity.

14. All Documents and Communications relating to any trust included on the list produced in response to Request No. 13 above.

15. A complete listing of all assets held directly or indirectly by the Ithaca Trust (including assets held by entities owned by the Ithaca Trust) since its creation, including any bank accounts held by or in the name of the Ithaca Trust, CPS50, CPRE, or any entities owned by the Ithaca Trust.

16. For each trust, if any, that is listed in Your responses to Request Nos. 13 and 15, above, other than the Ithaca Trust, a complete listing of all assets held directly or indirectly by each such trust since such trust's creation, including any bank accounts held by or in the name of such trust or any entity owned by such trust.

17. All Documents and Communications related to all debts or liabilities owed to You by any other person or entity, including any of the Relevant Persons or any of the Relevant Entities.

18. All Documents and Communications related to any loans, financings, or extensions of credit You have received from any of the Relevant Persons or any of the Relevant Entities.

19. A complete listing of all transfers between You and any of the Relevant Persons and Relevant Entities involving assets of a value in excess of $250,000.00.

20. All Documents and Communications related to all transfers included on the list produced in response to Request No. 19 above.

*[Signature page follows]*

10

Dated: March 7, 2022

**JENNER & BLOCK LLP**

By: /s/ Angela Allen
Vincent E. Lazar
Angela Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
Adam T. Swingle (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com
aallen@jenner.com
wwilliams@jenner.com
aswingle@jenner.com

Carl Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*

11