| | |
|---|---|
| **From:** | Roger Bernstein <rbernstein@rjblaw.com> |
| **Sent:** | Wednesday, July 20, 2022 3:32 PM |
| **To:** | Williams, William A. |
| **Cc:** | Allen, Angela M.; Pelanek, Laura E. |
| **Subject:** | RE: In re Firestar Diamond Inc. - Outstanding Discovery & Requested Follow-Up |

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Bill,

I have gone over each line item with my client today. I will be able to provide more information and documents by the end of the week. Any statements that have to be obtained from banks will take longer.

Roger

Roger J. Bernstein, Attorney at Law
551 Fifth Avenue, 12th Floor
New York, NY 10176
Tel: (212) 748-4800 (o); (917) 566-5246 (m)
Fax: (646) 964-6633

rbernstein@rjblaw.com

Unless explicitly designated as "E-Contract Intended", this e-mail does not constitute a contract offer, contract amendment, acceptance of a contract offer, waiver of any contract provision, or a signed writing for purposes of a contract modification. The above signature block is not a legally binding signature on behalf of the sender or any client unless the email specifically states an intent to be bound. This communication may contain information that is legally privileged and/or confidential. Dissemination or copying is prohibited if you are not the intended recipient. If you have received this message in error, kindly notify the sender by telephone or e-mail and delete it from your computer and from any archival or back-up files. This email is not intended for and cannot be relied upon for avoidance or mitigation of any tax code penalties.

> **From:** Williams, William A. <WWilliams@jenner.com>
> **Sent:** Tuesday, July 19, 2022 5:13 PM
> **To:** Roger Bernstein <rbernstein@rjblaw.com>
> **Cc:** Allen, Angela M. <AAllen@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>
> **Subject:** RE: In re Firestar Diamond Inc. - Outstanding Discovery & Requested Follow-Up
>
> Roger,
>
> Following up on my below email, the Trustee is concerned by Ms. Javeri's failure to comply with his long-outstanding discovery requests.
>
> As you know, on March 7, 2022 The Trustee served Ms. Javeri with his initial set of document requests, which seek *inter alia*:
>
> - All bank statements (including copies of checks) for all bank accounts in which Ms. Javeri has or had any interest, or for which she is or was an authorized signatory (along with a complete listing of all such accounts)(RFP 1, 2);
> - All balance sheets, cash flow statements, or similar financial statements for Ms. Javeri (RFP 3);
> - All federal or state tax returns for Ms. Javeri (RFP 4);
> - All documents and communications related to all real property in which Ms. Javeri has or had any interest (and a complete listing of any such real property) (RFP 5, 6);

1

- All documents and communications related to any personal property with a value in excess of $250,000 in which Ms. Javeri has or had any interest (and a complete listing of any such personal property) (RFP 7, 8);
- All insurance policies and appraisals concerning Ms. Javeri's real property, or any personal property with a value in excess of $250,000 (RFP 9, 10);
- A complete listing of all entities in which Ms. Javeri has or had any ownership or beneficial interest, whether direct or indirect, or for which she served as an officer, director, partner, manager, employee, or other representative capacity. (RFP 12);
- All documents and communications relating to any trust in which Ms. Javeri has or had an interest as settlor or beneficiary or as a trustee, investment advisor, protector, or other fiduciary (RFP 13, 14);
- All documents and communications related to all debts or liabilities owed to Ms. Javeri (RFP 17);
- All documents and communications related to any loans, financings, or extensions of credit Ms. Javeri has received from any of the Relevant Persons or any of the Relevant Entities (RFP 18); and
- All documents and communications related to any transfers assets of a value in excess of $250,000 between you and any of the Relevant Persons or Relevant Entities (and a complete listing of all such transfers) (RFP 19, 20).

Although the original deadline for Ms. Javeri to respond was April 4, 2022, the Trustee agreed to extend her deadline to May 18, 2022 in connection with the first stipulation partially staying the attachment proceedings. (Dkt. 122, paragraph 9).

On May 19, 2022—one day after the deadline set by the court in the stipulation—you sent the Trustee an informal response to the document requests, and on May 19 and 20, produced a handful of bank statements, tax returns, and apartment-related expense documentation. In your May 19 email, you indicated that additional responsive documents would be forthcoming.

On June 23, 2022, after the Trustee still had not received any further productions from Ms. Javeri, we sent you the below email identifying numerous other responsive bank account statements and related materials that Ms. Javeri has not produced, but otherwise reserving all rights as to the full extent of the Trustee's discovery requests. You did not respond to that email and Ms. Javeri has not produced anything further since May 20, 2022.

It has now been nearly five months since the Trustee issued the document requests, and more than two months since the May 18 deadline set by the court. The Trustee has afforded Ms. Javeri ample opportunity to cure her default and to meet and confer with the Trustee regarding the deficiencies in her productions. If Ms. Javeri does not complete her production of all responsive materials by July 22, 2022, the Trustee intends to seek appropriate relief. All of the Trustee's rights and remedies are reserved in full.

Regards,
Bill

---

**From:** Williams, William A.
**Sent:** Thursday, June 23, 2022 2:59 PM
**To:** Roger Bernstein <rbernstein@rjblaw.com>
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Pelanek, Laura E. <LPelanek@jenner.com>
**Subject:** In re Firestar Diamond Inc. - Outstanding Discovery & Requested Follow-Up

Roger,

2

Based on our review of Ms. Javeri's productions to date in response to the Trustee's Initial Requests for Production, a significant amount of the requested materials remain outstanding.

Although the Trustee reserves all rights as to the full extent of his discovery requests, in the interests of time, the Trustee has compiled the below list of targeted follow-up requests. The first table below contains a list of responsive bank statements and related documentation that has not been produced to date. The second table below contains requests for additional documents and information concerning specific transactions and other items reflected in the bank statements produced to date.

Can you please review these items with your client and produce these materials by next Friday, July 1, 2022?

I am available to discuss, if needed.

Thank you,
Bill

| Financial Institution | Account No. | Docum... |
|---|---|---|
| Wells Fargo | x6751 | Confirmation of account opening. All statements prior to M... 2021, June 2021, Novembe... |
| Wells Fargo | x4728 | Confirmation that account was opened in May 2018, s... |
| Wells Fargo | x9847 | Account opening and closi... |
| Wells Fargo | x7096 | Account opening and closi... |
| TD | x3636 | Statem... |
| HSBC | x3742 | Account ope... |
| HSBC | x8897 | Account ope... |
| HSBC | x7298 | Account openi... |
| HSBC | x9743 | Account opening and closi... |
| HSBC | x9647 | Account ope... |
| Chase | x7198 | Stater... |
| Chase | x3783 | Stater... |
| Chase | x5052 | Account opening and closi... |
| Chase | x7938 | Account opening and closi... |
| Chase | x8956 | Account closing documentation. All availa... |
| Chase | x7016 | Account closing doc... |
| Chase | x8846 | Account opening and closing documentation. Statements... Apr... |
| Chase | x2331 | Account closing documentatio... |
| Chase | x7096 | Account opening and closing documentation. Doc... |
| Citibank | x5532 | Account opening and closi... |
| Citibank | x5057 | Account opening and closi... |
| Citibank | x2945 | Account opening and closi... |
| Citibank | x5928 | Account opening and closi... |
| FineMark | x9351 | Account opening and closi... |
| Santander | Unknown | Account opening and closi... |

| Financial Institution | Account No. | Requested Follow-Up |
|---|---|---|
| Wells Fargo | x4728 | Explanation of and any other documents concerning $10,000 transfer into W... |

3

| Wells Fargo | x4728 | Explanation of and any other documents concerning $10,000 transfer into W |
| Wells Fargo | x4728 | Explanation of and any other documents concerning $30,000 transfer into W |
| Wells Fargo | x4728 | Explanation of and any other documents concerning $35,000 transfer into W |
| Wells Fargo | x4728 | Explanation of and any other documents concerning $30,000 transfer into W |
| Wells Fargo | x4728 | Explanation of check detail for #102 for $26,812.26 from "J |
| HSBC | x8897 | Explanation of and check detail for #0102 and #0101 for $10,000 and $ |
| Chase | x3783 | Explanation and any other documents concerning $26,322.39 withdraw |
| Chase | Safety deposit boxes | Explanation of and any other documents concerning Ms. Javeri's safety depo of their contents, estimated value, and curren |

**William A Williams**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 840 7257 | TEL
+1 312 825 5186 | MOBILE
WWilliams@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.