| | |
|---|---|
| **From:** | Williams, William A. |
| **Sent:** | Friday, November 18, 2022 7:33 PM |
| **To:** | Reece Dameron |
| **Cc:** | Bijan Amini; Roger Bernstein; Wedoff, Carl N.; Allen, Angela M. |
| **Subject:** | RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl) |
| **Attachments:** | Javeri Discovery Response |

Reece,

Following upon on our call yesterday, here is a recap where things stand with respect to Ms. Javeri's outstanding discovery obligations:

1) As detailed in my October 25 email below, the Trustee issued the document requests on March 7. In connection with the so-ordered stipulation partially staying the attachment proceedings, Judge Lane ordered Ms. Javeri to respond and produce all requested documents by May 18. She did not respond or produce any documents by that deadline. On May 19, Mr. Bernstein sent the attached email with cursory responses and produced a handful of bank statements and tax returns. Between July and September, Ms. Javeri produced a portion of the remaining bank statements, but nothing else.

2) It has now been nearly a month since we reached out to you on October 25 with a detailed summary of what Ms. Javeri still needs to produce. We met and conferred regarding the Trustee's requests on October 28, November 11, and November 17. During our meetings, you have repeatedly assured us that Ms. Javeri is working to gather and produce additional responsive documents as soon as possible (just as Mr. Bernstein assured us months ago). And yet the Trustee still has not received any further documents—not even the Finemark bank statements you acknowledged are in your possession—nor any formal written responses. Ms. Javeri refuses to even propose extended deadline(s) for submitting formal responses and completing her production.

3) You indicated that Ms. Javeri cannot determine whether she has any responsive documents and communications unless we tell you specifically what properties, entities, and transactions we are interested in. As we discussed, the Trustee's document requests clearly delineate the scope of the relevant properties, entities, and transactions. It is incumbent upon Ms. Javeri to disclose the existence of specific properties, entities, and transactions to the Trustee—not the other way around—and to search for and produce documents and communications concerning those items. And even if the Trustee were willing to agree to a search term approach, the Trustee cannot be expected to compile a list of search terms without knowing the universe of subjects that need to be captured.

4) You also expressed concern that the Trustee's request for all real estate-related communications, if construed literally, would include Ms. Javeri's discussions with family members about routine household matters (e.g., when they would be home for dinner, etc.). But, as you well know, determining whether a document is responsive always entails some degree of good-faith interpretation and judgment. If you have questions regarding specific materials that you believe are not relevant but are technically within the scope of the Trustee's requests, we are happy to consider those on a case-by-case basis. That does not, however, excuse Ms. Javeri from searching for and producing all other responsive materials.

5) Finally, as we discussed yesterday, many of the outstanding items (i.e. tax returns, financial statements, insurance policies, appraisals, corporate/trust governance documents, etc.) do not require any

interpretation, and yet still have not yet been produced. Again, Ms. Javeri has had eight months to search for and produce these materials. Her failure to do so is inexcusable.

The Trustee is not willing to let this linger any longer. If Ms. Javeri has not responded to the Trustee's requests and completed her production by November 30, the Trustee will seek appropriate relief.

Regards,
Bill

---

**From:** Williams, William A.
**Sent:** Friday, November 4, 2022 2:42 PM
**To:** Reece Dameron <rdameron@aminillc.com>
**Cc:** Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com; Wedoff, Carl N. <CWedoff@jenner.com>; Allen, Angela M. <AAllen@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Reece,

In response to your proposal and questions below:

1) The Trustee is not willing to agree to an extension beyond November, particularly without any assurances that Ms. Javeri will be producing everything we requested. Let's aim to complete the meet and confer process by the end of next week so that we know where we stand and whether we need to involve Judge Lane. While you are welcome to send over any R&Os to inform our discussions, the Trustee reserves the right to assert that Ms. Javeri waived any such objections by failing to timely assert them.

2) Please go ahead and send over the Finemark statements you currently have. Once you have confirmed whether you have all of them, you can formally produce them (and any others you subsequently obtain) with stamps. And if you would like to send us bates-stamped versions of the documents already produced, we can swap them out.

3) We think it would be premature to move to compel Citibank's production since they previously attempted to cooperate. Let's just both plan on consistently following up with our respective contacts at Citibank until one of us gets their attention and can tell them that we need them to re-produce the statements (ideally by secure link rather than a CD).

4) I had asked that Ms. Javeri prioritize _all_ of the listings (bank accounts, real property, corporate/trust entities, personal property worth more than $250k, and transactions with Relevant Persons or Relevant Entities worth more than $250k). Additionally, the Trustee would also like Ms. Javeri to prioritize all documents and communications concerning Diamond Holdings Ltd., which we understand has loaned Ms. Javeri funds for the apartment expenses in recent years.

Please let us know what your schedule next week looks like to meet and confer.

Thanks,
Bill

---

**From:** Reece Dameron <rdameron@aminillc.com>
**Sent:** Thursday, November 3, 2022 11:18 AM
**To:** Allen, Angela M. <AAllen@jenner.com>

2

**Cc:** Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com; Williams, William A. <WWilliams@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Angela,

Here's what I would propose: I will give you R&Os by the end of next week, 11/11. We can meet and confer the following week to resolve any issues, and then I would expect we would be able to complete production of any additional documents by December 23. I think this gives everyone enough time given that Thanksgiving is coming up in a couple weeks and Judge Lane may issue orders in the meantime.

Bill stated that you are primarily interested in Finemark bank statements, Citibank statements, and lists of property. I wanted to address those three issues.

First, I have statements from Finemark, but I need ensure they are complete and I am concerned about producing them without stamps. I would prefer to produce with bates stamps going forward, potentially including confidentiality stamps since we are dealing with personal financial information. Please let me know your thoughts and if you think it would be useful to reproduce documents previously provided.

Second, on the Citibank statements, I understand that you issued a subpoena to Citibank. Bill told me on Friday that Citibank's production did not contain any documents. The best course of action may be to move to compel Citibank to produce in response to your subpoena and we would join in that motion. Please let me know your thoughts.

Third, on the requested listings, I wanted to clarify if you were seeking a listing of just bank accounts at this time or other lists requested in the RFPs? As discussed with Bill, we think these are improper document requests, but interrogatories are probably wasteful. It may be useful to have a phone call to discuss how do this informally and ensure that everyone is comfortable.

I'm available to talk today and tomorrow.

Thanks,

Reece

---

**From:** Allen, Angela M. <AAllen@jenner.com>
**Sent:** Wednesday, November 2, 2022 4:03 PM
**To:** Reece Dameron <rdameron@aminillc.com>
**Cc:** Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com; Williams, William A. <WWilliams@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Hello Reece,

Following up on the below, while the Trustee was willing to accommodate your request for more time, this is not an open ended timeline. Please propose a date by which your client will complete her productions and responses, now long overdue, and I will discuss with my client.

In addition, the Trustee will produce the attachment-related discovery responses he has received. Lastly, while the Trustee is agreeable to proceed with merits discovery, this will not serve as an excuse for your client to continue to delay. We are happy to discuss and negotiate a scheduling order for merits discovery but it will not apply to the discovery already authorized by the Court and issued on your client.

Thank you, Angela

---

**From:** Williams, William A. <WWilliams@jenner.com>
**Sent:** Friday, October 28, 2022 4:57 PM
**To:** Reece Dameron <rdameron@aminillc.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Thanks, Reece.

We will review your requests and the other items we discussed with the Trustee, and will keep you posted.

Have a nice weekend,
Bill

---

**From:** Reece Dameron <rdameron@aminillc.com>
**Sent:** Friday, October 28, 2022 4:23 PM
**To:** Williams, William A. <WWilliams@jenner.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Bill,

To follow up and confirm our conversation, we discussed that, regarding attachment discovery, your primary concerns at this time are getting copies of bank statements from Finemark and Citibank and you would like the lists identified in the document requests. I agreed to look into these issues and be in touch next week. I requested that you produce to us documents you received in response to subpoenas related to attachment discovery. We discussed that the Trustee would not be taking any action regarding the November 1st deadline mentioned in your email from Tuesday.

We also discussed merits discovery. I understand the Trustee is prepared to move forward with merits discovery and that merits discovery is on-going in other cases. Some practical issues will require further discussion, including setting a schedule.

Thank you for your time. I will be in touch next week.

Best regards,

Reece

---

**From:** Williams, William A. <WWilliams@jenner.com>
**Sent:** Friday, October 28, 2022 10:03 AM
**To:** Reece Dameron <rdameron@aminillc.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Yes, that works. Angela and I will call you then.

**From:** Reece Dameron <rdameron@aminillc.com>
**Sent:** Friday, October 28, 2022 8:35 AM
**To:** Williams, William A. <WWilliams@jenner.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Thanks, Bill, how about 2:30 eastern? You can call me on my cell—301-357-6844.

**From:** Williams, William A. <WWilliams@jenner.com>
**Sent:** Thursday, October 27, 2022 6:58 PM
**To:** Reece Dameron <rdameron@aminillc.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Reece,

Sure, we are generally available anytime tomorrow. Just let us know what works best.

Thanks,
Bill

**From:** Reece Dameron <rdameron@aminillc.com>
**Sent:** Thursday, October 27, 2022 5:11 PM
**To:** Williams, William A. <WWilliams@jenner.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** RE: Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Bill,

Thank you for the email. We want to get moving forward with discovery, but as you know, we just recently came into the case. We will likely need some additional time to make sure we can respond and produce documents appropriately. Do you have some time tomorrow to discuss the outstanding issues and potentially plan for a Rule 26(f) conference?

Thanks,

Reece

**From:** Williams, William A. <WWilliams@jenner.com>
**Sent:** Tuesday, October 25, 2022 1:16 PM
**To:** Reece Dameron <rdameron@aminillc.com>; Bijan Amini <bamini@aminillc.com>; rjblaw@gmail.com
**Cc:** Allen, Angela M. <AAllen@jenner.com>; Wedoff, Carl N. <CWedoff@jenner.com>
**Subject:** Levin v. Javeri, et al. (Adv. No. 20-01054-shl)

Counsel,

I write to follow up on Ms. Javeri's ongoing failure to comply with the Trustee's long-outstanding discovery requests, as summarized in the attached tracker list.

As Mr. Bernstein is aware, the stipulation partially staying the attachment proceedings required Ms. Javeri to complete her production of all responsive documents by May 18, 2022. (Adv. Dkt. 122, paragraph 9). On May 19, 2022—one day after the deadline set by the court in the stipulation—Mr. Bernstein sent the Trustee an informal response to the document requests, and on May 19 and 20, produced a handful of bank statements and tax returns. On June 23, 2022, and again on July 19, 2022, we requested that Ms. Javeri promptly produce the remaining documents.

Between late July and early September 2022, Ms. Javeri produced various additional bank statements. However, as reflected in the attached summary (which includes Mr. Bernstein's comments from August 29, 2022 and September 7, 2022), Ms. Javeri still has not produced all responsive statements for her accounts at HSBC, JPMorgan Chase, and Wells Fargo; has not produced any statements for her accounts at FineMark and Citibank; and has not produced any statements for any non-U.S. accounts. Nor has she produced any of the other documents, communications, or information requested by the Trustee, as set forth in the attached summary.

It has now been more than seven months since the Trustee issued the document requests, more than five months since the May 18 deadline set by the court, and more than three months since Ms. Javeri purportedly began attempting to cure her default. The Trustee has afforded Ms. Javeri ample opportunity to do so and to meet and confer with the Trustee regarding the deficiencies in her productions. If Ms. Javeri does not complete her production of all responsive materials by November 1, 2022, the Trustee intends to seek appropriate relief. All of the Trustee's rights and remedies are reserved in full.

Regards,
Bill

**William A Williams**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456  |  jenner.com
+1 312 840 7257 | TEL
+1 312 825 5186 | MOBILE
WWilliams@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.