Reece Dameron
Bijan Amini
Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
rdameron@aminillc.com
bamini@aminillc.com
asamet@aminillc.com
Attorneys for Defendant Ami Javeri

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>FIRESTAR DIAMOND, INC., et al.,<br><br>      Debtors. | Chapter 11<br><br>Case No. 18-10509 (SHL) |
| RICHARD LEVIN, trustee for the liquidating trusts of Firestar Diamond, Inc., Fantasy, Inc. and Old AJ, Inc. f/k/a A. Jaffe, Inc.<br>      Plaintiff,<br><br>v.<br><br>AMI JAVERI, et al.,<br>      Defendants. | Adv. Proc. No. 20-01054 (SHL) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR AN ORDER CONFIRMING THE TRUSTEE'S AUTHORITY TO TAKE
<u>DISCOVERY OF DEFENDANT AMI JAVERI UNDER CPLR § 6220</u>**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY ......................................................................................................... 2

ARGUMENT ................................................................................................................................ 4

    1.    The Attachment Order Did Not Direct Discovery of Ami Javeri's Assets ................. 5

    2.    The Attachment Order Is Satisfied. ............................................................................. 5

    3.    The Trustee's Requests Will Not Lead to the Discovery of Assets that Can Be Levied……………………………………………………………………………………..6

    4.    The May 6, 2022 Stipulation Does Not Change the Outcome. ...................................... 8

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                           **Page(s)**

*Carteret Sav. Bank, F.A. v. E.-W. Assocs. Ltd. P'ship*,
   143 A.D.2d 612 (1st Dep't 1988) ........................................................................... 4, 7

*Clinton Tr. Co. v. Compania Azucarera Cent. Ramona S. A.*,
   172 Misc. 148, 150 (Sup. Ct. N.Y. County 1939), *aff'd*, 258 A.D. 780 (1st Dep't 1939) .......... 8

*DLJ Mortg. Cap., Inc. v. Kontogiannis*,
   594 F. Supp. 2d 308, 318 (E.D.N.Y. 2009) ................................................................. 8

*Etalon Imob S.R.L. v. Schoenback*,
   2012 WL 4741595, at *5 (S.D.N.Y. Oct. 3, 2012) ......................................................... 6

*Heller Fin., Inc. v. Wall St. Imports, Ltd.*,
   529 N.Y.S.2d 969, 971 (Sup. Ct. N.Y. County 1988) ..................................................... 4

*Posadas De Puerto Rico, Inc. v. Gruberman*,
   226 A.D.2d 249, 253 (1st Dep't 1996) ....................................................................... 7

*Swift Spinning Mills v. B&H Apparel*,
   2003 WL 942610, at *4 (S.D.N.Y. Mar. 6, 2003),
   *aff'd sub nom. Swift Spinning Mills, Inc. v. B & H Apparel Corp.*,
   96 F. App'x 761 (2d Cir. 2004) ................................................................................. 6

*Yong Xiong He v. China New Star Rest., Inc.*,
   2020 WL 6202423, at *16 (E.D.N.Y. Oct. 22, 2020) ...................................................... 5

**Rules and Statues**

CPLR 6202 ............................................................................................................. 3

CPLR 6211 ............................................................................................................. 2

CPLR 6219 ............................................................................................................. 6

CPLR 6220 ......................................................................................................Passim

Fed. R. Civ. P. 26(d)(2)(B) ......................................................................................... 9

Fed. R. Civ. P. 34 .................................................................................................... 9

Federal Rule of Bankruptcy Procedure 7064 ................................................................ 8

Federal Rule of Civil Procedure 64 ............................................................................................ 8

Rule 26(f) .................................................................................................................................... 9

iv

Defendant Ami Javeri ("Defendant" or "Ami") respectfully submits this Opposition to Plaintiff Richard Levin's ("Plaintiff") Motion for an Order (I) Confirming the Trustee's Authority to Take Discovery of Defendant Ami Javeri under CPLR § 6220; (II) directing Defendant Ami Javeri to Respond to the Trustee's March 7, 2022 Document Requests; and (III) Granting Related Relief (the "Motion"). For the reasons stated herein, the Motion should be denied.

**PRELIMINARY STATEMENT**

This Court held a conference on Plaintiffs' discovery requests on December 14, 2022. Plaintiff's counsel sought that conference claiming Ami owed additional documents responsive to Plaintiff's March 7, 2022 document requests (the "Requests"). During the conference, the Court indicated that it did not believe the Preliminary Order of Attachment, Dkt. 104 (the "Attachment Order"), permitted the requested discovery. Following the conference, Plaintiff's counsel requested that Ami voluntarily agree to produce documents responsive to the Requests. When Ami declined to do so, the Plaintiff brought this motion.

Ami has offered to respond and produce documents responsive to the Requests and relevant to the merits under the normal discovery process. This would require the Plaintiff to also participate in discovery. At the December 14 conference, Plaintiff's counsel agreed to negotiate a discovery schedule for this proceeding. Ami proposed a schedule to Plaintiff's counsel on December 29, 2022. Since that time, Plaintiff's counsel has delayed agreeing to a discovery schedule in this now three-year old action. Just last week, Plaintiff's counsel refused to agree to a discovery schedule stating that it was "critical" for discovery in this matter to occur simultaneously with or even subsequent to discovery in other another case. February 8, 2022 Email from Carl Wedoff to Reece Dameron, Declaration of Reece Dameron, Ex. A.

1

The current motion is wasteful. If the Plaintiff had agreed to a discovery schedule, both sides could have served initial disclosures and document requests. Given that more than six weeks have passed since Defendant proposed a discovery schedule, it is possible that some documents may have been produced by now. Instead, the Plaintiff has brought a baseless motion to try to force Defendant to produce attachment discovery. The Attachment Order—written by Plaintiff's counsel—never permitted attachment discovery from Ami. Plaintiff's Requests were, from the beginning, contrary to New York law and Ami is not obligated to respond to them. The Plaintiff does not even cite authority suggesting the Attachment Order permits the discovery he is seeking. In a strained attempt to justify the motion, Plaintiff cites cases from the District of Columbia, Georgia, Illinois, and Nevada. None of these cases contradict the point that this discovery is not permitted by New York law. Plaintiff's motion should be denied and the Court should direct the parties to submit a discovery schedule by a date certain.

## PROCEDURAL HISTORY

Plaintiff sought the Attachment Order in February 2022, because Defendant's counsel informed the Plaintiff that Ami was seeking a court order in South Dakota permitting the sale of the Ritz-Carlton and Essex House Apartments. Plaintiff filed his initial motion for an attachment *ex parte* as permitted by CPLR 6211, and this Court held an *ex parte* hearing on February 22, 2022. *See* Transcript of Hearing on Plaintiff's Ex-Parte Motion for an Order of Attachment, Dkt. 118. Plaintiff's counsel drafted the Attachment Order during the February 22, 2022 hearing. *See* Hrg. Tr. at 52:5-14. The Court granted the Attachment Order and discussed the scope of available discovery on the record stating "The Plaintiff is entitled to [discovery] of assets to enable the sheriff to seize property to comply with the order. [. . .] Suffice to say, I'm granting authority to promulgate discovery consistent with the CPLR section." Hrg. Tr. at 50:16-22. The Attachment

2

Order was filed later that day. *See* Dkt. 104. Ami was then served pursuant to Paragraph 3 of the Attachment Order.

The Attachment Order is straightforward in describing what property is attached and what discovery is permitted. Paragraph 5 of the Attachment Order states that "the foregoing service of this Order of Attachment shall cause to be levied the property of Defendant Ami Javeri ("**Javeri**") listed in subparagraph a. hereof." (emphasis in original). Subparagraph a. then identifies Ami's interests in the Ritz-Carlton Apartment, the Essex House Apartment, her beneficial interest in the Ithaca Trust, and her interests as Investment Advisor of the Ithaca Trust and her interests as manager of CPS50 and CPRE.[1] Dkt. 104, ¶ 5.a.

Paragraph 5 of the Attachment Order also levies "the property of Defendants Central Park South 50 Properties, LLC ("CPS50"), Central Park Real Estate, LLC ("CPRE"), and Trident Trust Company, solely as Trustee of the Ithaca Trust ("Trident" and, together with CPRE and CPS50, the "**Ithaca Trust Defendants**")." (emphasis in original). Ami Javeri is not included in the definition of the Ithaca Trust Defendants. Paragraph 5., subparagraph b. then identifies CPS50, CPRE, and the Ithaca Trust's property being levied:

> The interests of CPS50, CPRE, and Trident, solely as Trustee of the Ithaca Trust, in any and all of their assets, including, but not limited to, the following assets: (i) CPS50's legal title to the Ritz Carlton Apartment; (ii) Trident's ownership interest in CPS50 (including any membership units, shares, or other certificates or securities evidencing such ownership interest), held by Trident as Trustee of the Ithaca Trust; (iii) CPRE's legal title to the Essex House Apartment; and (iv) Trident's ownership interest in CPRE (including any membership units, shares, or other certificates or securities evidencing such ownership interest), held by Defendant Trident as Trustee of the Ithaca Trust.

---

[1] For reasons laid out in Defendant's Opposition to the Motion to Confirm the Order of Attachment, Ami maintains that her beneficial interest in the Ithaca Trust, her interest as investment advisor to the Ithaca Trust, and her interest as manager of CPS50 and CPRE are not attachable property or debt under CPLR 6202. See Dkt. 132 at 26-29. However, for the purposes of this motion, this brief may refer to all the attached items collectively as "property or debt."

3

Ami Javeri is not mentioned in this subparagraph.

Thus, the Attachment Order attaches specified property of Ami Javeri and separately attaches specified property of the Ithaca Trust Defendants. Ami's property that is attached is limited to her interests in certain real property and her identified interests in the trust and the two LLCs. The Attachment Order defines "Javeri" and the "Ithaca Trust Defendants" separately. The Attachment Order also refers to Javeri and the Ithaca Trust Defendants separately in Paragraph 3. That paragraph ordered Plaintiff to serve the Attachment Order "upon counsel of record to Javeri and the Ithaca Trust Defendants" within two days. Dkt. 104, ¶ 3. The Attachment Order is clear and consistent in referring to Ami separately from the other defendants subject to the order.

Finally, paragraph 8 of the Attachment Order permits attachment discovery relating to CPS50, CPRE and the Ithaca Trust: "In accordance with N.Y. C.P.L.R. § 6220, the Trustee may take discovery, including but not limited to requests for production, interrogatories, and depositions, of the *Ithaca Trust Defendants* and any other person or entity that may have information concerning the *Ithaca Trust Defendants'* attachable property or debt." (emphasis added). This paragraph does not direct discovery from Ami Javeri.

## ARGUMENT

Attachment discovery exists to identify assets that can be used to satisfy an order of attachment. For a plaintiff to be entitled to attachment discovery, there must be an existing order of attachment that is unsatisfied. *Carteret Sav. Bank, F.A. v. E.-W. Assocs. Ltd. P'ship*, 143 A.D.2d 612 (1st Dep't 1988) (vacating order requiring deposition and stating "there must be a valid attachment outstanding at the time disclosure is sought."); *Heller Fin., Inc. v. Wall St. Imports, Ltd.*, 529 N.Y.S.2d 969, 971 (Sup. Ct. N.Y. County 1988) ("So long as the order is outstanding and *unsatisfied*, a plaintiff is entitled to learn of assets to enable a sheriff to seize sufficient property

4

to comply with the order.") (emphasis added); *Yong Xiong He v. China New Star Rest., Inc.*, 2020 WL 6202423, at *16 (E.D.N.Y. Oct. 22, 2020) (denying attachment discovery where Court directed attachment of identified properties).

### 1. The Attachment Order Did Not Direct Discovery of Ami Javeri's Assets

As discussed above, the Attachment Order did not direct discovery of Ami Javeri's assets. It permitted discovery from the Ithaca Trust Defendants and from any other person that might have information about the Ithaca Trust Defendants' attachable property or debt. The Attachment Order is consistent with New York law on this point. The Order levied "[t]he interests of CPS50, CPRE, and Trident, solely as Trustee of the Ithaca Trust, in *any and all of their assets*." (emphasis added). Since the goal of attachment discovery is to find property that may be levied to satisfy the order of attachment, it makes sense to direct discovery into the Ithaca Trust Defendants' assets so those may be levied pursuant to the Order. The Attachment Order treats Ami differently, levying only on her interests in the Ritz-Carlton Apartment, the Essex House Apartment, and her interests in the Ithaca Trust and as manager of CPS50 and CPRE. Since these interests are known to the Trustee and specified in the Order, there is no need for further discovery of Ami's assets.

### 2. The Attachment Order Is Satisfied.

Indeed, the Attachment Order is satisfied with respect to Ami Javeri. The Attachment Order directed Plaintiff's counsel to "serve this Order of Attachment upon counsel of record to Javeri and the Ithaca Trust Defendants no later than two business days after the date hereof." Attachment Order, ¶ 3. The Attachment Order then states that "the foregoing service of this Order of Attachment shall cause to be levied the property of Ami Javeri ('**Javeri**') listed in subparagraph a. hereof." Attachment Order, ¶ 5 (emphasis in original). Thus, when the Trustee's counsel served the Attachment Order, Ami's specified interests were levied and the Attachment Order satisfied.

5

The satisfaction of the Attachment Order ended any right the Plaintiff had to discovery under CPLR 6220. *Yong Xiong He*, 2020 WL 6202423, at *16 (denying attachment discovery where attachment was satisfied).

Plaintiff relies on the language of CPLR 6220 for the proposition that this Court can order attachment discovery even when the attachment order has been satisfied. Motion at 12 (arguing "[t]he Court may authorize discovery regarding any property of Javeri—not just the property already specified in the Attachment Order."). But Defendant has found no cases finding attachment discovery is permissible when the attachment order has already been satisfied. Quite the opposite, Court in *Yong Xiong He* denied attachment discovery because the attached property satisfied the attachment order.[2] 2020 WL 6202423, at *16.

Plaintiff cites two cases demonstrating this point but misinterprets them. In *Etalon Imob S.R.L. v. Schoenbach*, the Court ordered attachment discovery stating "[s]o long as the order is *outstanding and unsatisfied*, a plaintiff is entitled to learn of assets to enable a sheriff to seize sufficient property to comply with the order." 2012 WL 4741595, at *5 (S.D.N.Y. Oct. 3, 2012) (quoting *Heller Fin., Inc.* 529 N.Y.S.2d at 971) (emphasis added). Similarly, in *Swift Spinning Mills v. B&H Apparel*, the Court ordered depositions stating "[u]nder N.Y.C.P.L.R. 6220, when an attachment *remains unsatisfied*, the Court may order depositions." 2003 WL 942610, at *4 (S.D.N.Y. Mar. 6, 2003), *aff'd sub nom. Swift Spinning Mills, Inc. v. B & H Apparel Corp.*, 96 F. App'x 761 (2d Cir. 2004) (emphasis added). In both cases the Court ordered the discovery precisely

---

[2] CPLR 6219 also limits the mandatory discovery from third party garnishees based on whether the attachment can be satisfied. Garnishees are generally required to provide a detailed statement of all debts owed to the defendant and all property of the defendant in the garnishee's possession or custody. However, "[i]f the garnishee has money belonging to, or is indebted to, the defendant in at least the amount of the attachment, he may limit his statement to that fact." CPLR 6219.

6

because the attachment order was not satisfied. The Attachment Order here, by contrast, has been satisfied and further discovery is inappropriate.

### 3. The Trustee's Requests Will Not Lead to the Discovery of Assets that Can Be Levied.

The Trustee's requests will not lead to the discovery of assets that can be levied precisely because the Attachment Order identified the property it levied and the Order has been satisfied. The Attachment Order does not permit the levy of other property or debt owned by Ami. Without an unsatisfied attachment order, New York law does not allow the Trustee discovery into Ami Javeri's assets. *Carteret Sav. Bank*, 143 A.D.2d at 612.

CPLR 6220 does not allow a plaintiff to take discovery "for the purpose of establishing sufficient grounds to move for an order of attachment." *Carteret Sav. Bank*, 143 A.D.2d at 612. Nor should attachment discovery be "used as a vehicle to engage in a fishing expedition in an attempt to conduct unauthorized discovery." *Posadas De Puerto Rico, Inc. v. Gruberman*, 226 A.D.2d 249, 253 (1st Dep't 1996) (affirming order denying attachment discovery where plaintiff sought discovery for use in other cases). But that is what the Trustee is apparently doing here.

The Trustee's requests appear intended to establish grounds for a follow-up motion for a new attachment order or designed to go the merits of this and other matters. For example, Requests 7 and 19 are seeking information about personal property and "transfers" in excess of $250,000. Request 5 and 6 are seeking information about all real property in which Ami has or had an interest. The Attachment Order does not authorize the levy of any of Ami's personal property at all. Nor does the Attachment Order authorize the levy of Ami's interest in any real property besides the Ritz-Carlton Apartment and the Essex House Apartment. The $250,000 limitation suggests the Plaintiff thinks that is the lowest amount worth pursuing in a subsequent motion while the request

7

for information about other real property suggests the Plaintiff wants to pursue additional attachment motions for that property.[3] Furthermore, Request 18 seeks documents and communications about "loans, financings, or extensions of credit" that Ami "received" from 48 different entities and 28 individuals, including other defendants in this case and defendants in other adversary proceedings. This Request and other similar requests for documents and communications suggest the Trustee is looking for merits discovery to be used in this and other cases. This is an improper use of attachment discovery, and the Court should not allow it.

### 4. The May 6, 2022 Stipulation Does Not Change the Outcome.

Federal Rule of Civil Procedure 64 provides that provisional remedies for the seizure of property, including attachment, available under the law of the state where the court is located are available to federal courts. Rule 64 is incorporated into Federal Rule of Bankruptcy Procedure 7064. Under these rules, the law of the state governs the remedies available. *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 318 (E.D.N.Y. 2009) ("Federal Rule of Civil Procedure 64 permits federal litigants to seek an order of attachment in the manner provided by the law of the state in which the district court sits."). Under CPLR 6220, attachment discovery is only permitted by court order after an attachment order is granted. As discussed above, the Attachment Order here does not allow for the discovery sought by the Plaintiff, the Attachment Order has been satisfied, and the Attachment Order does not attach any other property owned by Ami Javeri. The May 6, 2022 stipulation does not change the outcome here. The Stipulation states in relevant part that Ami

---

[3] Plaintiff's counsel also indicated they are seeking information about real property located in foreign countries, but have not offered any basis for believing this Court could attach such property. But an "examination in aid of an attachment must be limited to property that can be reached by the attachment. It cannot be extended to property situated elsewhere." *Clinton Tr. Co. v. Compania Azucarera Cent. Ramona S. A.*, 172 Misc. 148, 150 (Sup. Ct. N.Y. County 1939), *aff'd*, 258 A.D. 780 (1st Dep't 1939).

"will respond to the Trustee's discovery requests and complete production of the documents requested no later than May 18, 2022." Dkt. 122, ¶ 9. Since the document requests were not authorized by New York law, Ami did not need to respond to the requests or produce any documents.

Plaintiff's other arguments are also unavailing. Plaintiff argues that Ami has waived any objections to the discovery by not responding to them within the time required by Fed. R. Civ. P. 34. *See* Motion at 14-15. But Plaintiff's attachment discovery requests were never authorized under New York law. None of the cases cited by Plaintiff on this point involve attachment discovery under New York law where the underlying attachment order did not authorize the discovery and the attachment order was satisfied.[4]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to confirm his authority to seek attachment discovery should be denied in its entirety. To avoid further delay in this matter, Defendant also requests that the Court order the parties to submit a discovery schedule by a date certain.

Dated: New York, New York
       February 14, 2023

Respectfully submitted,

/s/ Reece Dameron
Reece Dameron
Bijan Amini
Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700

---

[4] Nor were Plaintiff's requests authorized by the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 26(d)(2)(B), early document requests are considered served on the date that the parties confer as required by Rule 26(f) and no response is required until the conference is complete. At the parties' last meet and confer on November 17, 2022, Plaintiff's counsel refused to engage in any discussion of the Rule 26(f) topics. Plaintiff appears to be intentionally delaying merits discovery in this matter so that he may take discovery in other cases first. Dameron Decl., Ex. A.

9

rdameron@aminillc.com
bamini@aminillc.com
asamet@aminillc.com
Attorneys for Defendant Ami Javeri