UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMI JAVERI (A/K/A AMI MODI); PURVI MEHTA (A/K/A PURVI MODI); NEHAL MODI; CENTRAL PARK REAL ESTATE, LLC; CENTRAL PARK SOUTH 50 PROPERTIES, LLC; TRIDENT TRUST COMPANY (SOUTH DAKOTA) INC., solely as Trustee of the ITHACA TRUST; TWIN FIELDS INVESTMENTS LTD.; AURAGEM COMPANY LTD.; BRILLIANT DIAMONDS LTD.; ETERNAL DIAMONDS CORPORATION LTD.; FANCY CREATIONS COMPANY LTD.; SINO TRADERS LTD.; SUNSHINE GEMS LTD.,<br><br>Defendants | Adv. Proc. No. 20-1054 (SHL) |

## SCHEDULING AND PRE-TRIAL ORDER

The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. Plaintiff Richard Levin (the "**Trustee**"), and Defendants Ami Javeri (A/K/A Ami Modi) ("**Javeri**"), Central Park Real Estate, LLC ("**CPRE**"), Central Park South 50 Properties, LLC ("**CPS 50**"), Trident Trust Company (South Dakota) Inc., solely as trustee of the Ithaca Trust ("**Trident**," and together with Javeri, CPS50, and CPRE, the "**Javeri Defendants**") shall exchange initial

disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure by **August 15, 2023**.

2. All discovery between the Trustee and the Javeri Defendants shall be completed by **December 31, 2023**. In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

3. Expert discovery shall be completed by **June 30, 2024** and proceed as follows:

    a. The Trustee shall disclose to the Javeri Defendants the names of any of his expert witnesses and the subject of their opinions by **November 30, 2023**.

    b. The Trustee shall produce any expert report(s) and all documents relied upon by the experts in reaching their opinions to the Javeri Defendants by **February 1, 2024**.

    c. The Javeri Defendants shall produce any expert report(s) and all documents relied upon by the experts in reaching their opinions to the Trustee by **April 1, 2024**.

    d. The Trustee shall produce any rebuttal expert report(s) and all documents relied upon by the experts in support to the Javeri Defendants by **May 1, 2024**.

    e. Expert depositions may commence on or after **June 1, 2024**, beginning with the Trustee's expert(s) in his case in chief, followed by the Javeri Defendants' expert(s) and then the Trustee's rebuttal expert(s). Each party shall be responsible for paying the costs of their respective experts to prepare for and testify at depositions.,

4. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 4-7 below. If such request is granted, the parties shall schedule the adjourned pre-trial conference to take place approximately one month after the scheduled hearing on summary judgment.

5. The Court will hold a final pretrial conference on or after **September 1, 2024** (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>.

6. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

7. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

8. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 5 hereof.

Dated: White Plains, New York
       July 25, 2023

                                                  */s/ Sean H. Lane*
                                                  Hon. Sean H. Lane
                                                  United States Bankruptcy Judge