UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors, | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>(Jointly Administered) |
| Richard Levin, Chapter 11 Trustee of FIRESTAR DIAMOND, INC., FANTASY, INC. and OLD AJ, INC., f/k/a A. JAFFE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AMI JAVERI (A/K/A AMI MODI), *et al.,*<br><br>Defendants. | Adv. Proc. No. 20-01054 (SHL) |

# AMINI LLC'S MOTION TO WITHDRAW

Amini LLC ("Amini") respectfully moves to withdraw as counsel for Defendants Ami Javeri ("Javeri"), Central Park Real Estate, LLC ("CPRE"), and Central Park South 50, LLC ("CPS50" and collectively "Defendants"). For the reasons stated herein, the Motion should be granted and an order substantially in the form of the Proposed Order attached hereto as Exhibit A should be entered.

## PRELIMINARY STATEMENT

Amini LLC has represented Ami Javeri, CPRE and CP50 in this action since September 2022. During that period, Amini has incurred significant fees which the Defendants have been unable to pay. Without payment, Amini cannot continue representing the Defendants and moves to withdraw on that basis.

The situation is unfortunate and unfair as Javeri is entitled to millions of dollars ▓▓▓▓▓▓▓▓ that she could use to defend the claims brought against herself, CPRE, and CPS50. However, those funds are unavailable to Javeri ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ while Plaintiff Richard Levin ("Plaintiff") has attempted to freeze those funds through multiple motions for an attachment which Court has yet to confirm.

Unless the Court is willing to direct funds to be released to pay Amini's legal bills, Amini respectfully asks to withdraw as counsel for Defendants and that the case be stayed 120 days to permit Defendants time to find new counsel.

## BACKGROUND

Amini LLC last received payment on April 18, 2023. Declaration of Bijan Amini ("Amini Decl."), ¶ 5, Ex. A. Since that time, Amini has continued to represent Defendants in the matter, including seeking the payment of expenses related to the apartments owned by CPRE and CPS50.

1

The amounts due under invoices to date total $161,951.56. Amini Decl. ¶ 8. We have discussed the unpaid invoices with Ms. Javeri several times, including, most recently on August 16, 2023. Ms. Javeri has been unable to make payments to continue our representation. Discovery in this matter is just beginning, with the parties exchanging initial disclosures on August 15, 2023. We expect to incur significant additional fees over the next several months for document discovery, depositions, and expert discovery and continuing to represent Defendants without pay would be burdensome to the firm.

In April, we filed a motion on behalf of Ms. Javeri seeking a court order directing ▮▮▮ ▮▮▮ to pay expenses associated with the Essex House Apartment and the Ritz-Carlton Apartment. *See* ECF No. 152-157. ▮▮▮



▮▮▮ ultimately by stipulation among the parties to this matter. When Plaintiff refused to extend the last stipulation, Javeri was forced to file the motion. We negotiated with Plaintiff in an attempt to resolve that motion without court intervention and discussed having attorney's fees paid from the Frost Trust. However, Plaintiff refused to reach any agreement with Javeri. The Court ultimately denied the motion and the apartment expenses are still mounting.

Ms. Javeri is nonetheless entitled to have funds disbursed to her ▮▮▮ and those funds could be used to pay our fees. Absent payment, we ask to withdraw.

**<u>ARGUMENT</u>**

Under Local Rule 2090-1, an attorney of record may withdraw or be replaced only by order of the Court for cause shown. "[N]on-payment of legal fees is a valid basis for granting a motion

2

to withdraw." *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017) (quoting *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268 (E.D.N.Y. 2010)). Furthermore, Rule 1.16(c) of the Rules of Professional Conduct provides that a lawyer "may withdraw from representing a client when . . . (5) the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." The case has just begun discovery and motions to dismiss are still undecided. Withdrawal will therefore not impact the timing of the proceeding, because the case is not on the verge of trial. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing *Brown v. National Survival Games, Inc.*, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994) (finding withdrawal would not cause undue delay because discovery was not complete)).

Ms. Javeri's invoices now total more than $160,000 and have been outstanding for over four months. Amini Decl., ¶¶ 6-8, Ex. A. We have no expectation of payment absent a court order directing payment ███████████. If the Court enters an order directing payment of our fees, we will, of course, remain in the case to represent Ms. Javeri, CPRE, and CPS50. We believe the substantive issues in this matter are significant and weigh heavily in Defendants' favor. As discussed above, the parties just recently exchanged initial disclosures despite the motions to dismiss not yet being decided. Plaintiff's initial disclosures do not identify any witnesses with discoverable information to prove a RICO conspiracy case against Ms. Javeri, or, much less, substantive RICO violations and predicate acts. This is despite the fact that Plaintiff has been working on this case for five years, has spent more than $15 million in legal fees, and has access to, according to his initial disclosures, the Debtors' and U.S. Affiliates' emails, other communications, financial and accounting records, wire transfers, loan documents, trust instruments, and other documents.

Nonetheless, "[a]ttorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw." *Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*, 2009 WL 969925, at *2 (S.D.N.Y. Apr. 7, 2009) (citing *HCC, Inc. v. RH & M Machine Co.*, 1998 WL 411313, at *1 (S.D.N.Y. July 20, 1998).

## **CONCLUSION**

For the foregoing reasons, the Court should grant Amini LLC's motion to withdraw as counsel of record for Defendants Ami Javeri, Central Park Real Estate, LLC and Central Park South 50, LLC and stay this case for 120 days to allow Defendants time to find new counsel.

Dated: New York, New York
August 22, 2023

Respectfully submitted,

/s *Bijan Amini*
Bijan Amini
Reece Dameron
Avery Samet
AMINI LLC
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
rdameron@aminillc.com
asamet@aminillc.com

4