JENNER & BLOCK LLP
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

*Counsel for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (DSJ) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>NIRAV MODI and MIHIR BHANSALI,<br><br>     Defendants. | Adv. Proc. No. 19-1102 (DSJ) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST,<br><br>     Plaintiff,<br><br>v.<br><br>AMI JAVERI *et al.*,<br><br>     Defendants. | Adv. Proc. No. 20-1054 (DSJ) |

**NOTICE OF PLAINTIFF'S MOTION FOR (I) ENTRY OF ORDER AUTHORIZING AND DIRECTING DEPOSITION OF NIRAV MODI; AND (II) ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

On August 13, 2024, Plaintiff Richard Levin, not individually but solely in his capacity as liquidating trustee (the "**Trustee**") of the liquidating trust for Firestar Diamond, Inc. and Old AJ, Inc., f/k/a A. Jaffe, Inc., filed the attached *Motion for (I) Entry of Order Authorizing and Directing Deposition of Nirav Modi; and (II) Issuance of Letter of Request for International Judicial Assistance* (the "**Motion**") in the above-referenced adversary proceedings.

A hearing on the Motion will be held before the Honorable David S. Jones of the United States Bankruptcy Court for the Southern District of New York on August 22, 2024 at 10:00 a.m. (EDT) (the "**Hearing**"). The Hearing will be conducted via Zoom. Parties wishing to participate in the Hearing must register their appearance using the Electronic Appearance portal located on the Bankruptcy Court's website at: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than 4:00 p.m. (EDT) on August 21, 2024. Additional information concerning how to participate in the Hearing is available in the Bankruptcy Court's Zoom Video Hearing Guide, available at: https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

Objections, if any, to approval of the Motion and entry of the proposed order must: (i) be made in writing; (ii) state with particularity the grounds therefor; (iii) be filed with the Bankruptcy Court so as to be received no later than August 19, 2024 (the "**Objection Deadline**").

If no responses or objections are served by the Objection Deadline, the relief may be granted as requested in the Motion without further notice or a hearing. You need not appear at the Hearing if you do not object to the relief requested in the Motion. The Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

2

Dated: August 13, 2024

Respectfully submitted

JENNER & BLOCK LLP

/s/ *Angela M. Allen*

Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
aallen@jenner.com
wwilliams@jenner.com

Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*

**Hearing Date and Time**: August 22, 2024 at 10:00 a.m. (EDT)
**Objection Deadline**: August 19, 2024

JENNER & BLOCK LLP
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
*Counsel for the Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (DSJ) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>NIRAV MODI and MIHIR BHANSALI,<br><br>    Defendants. | Adv. Proc. No. 19-1102 (DSJ) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>AMI JAVERI *et al.*,<br><br>    Defendants. | Adv. Proc. No. 20-1054 (DSJ) |

**PLAINTIFF'S MOTION FOR (I) ENTRY OF ORDER AUTHORIZING AND DIRECTING DEPOSITION OF NIRAV MODI; AND (II) ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Plaintiff Richard Levin, not individually but solely as trustee ("**Trustee**") for the Firestar Diamond Liquidating Trust and the Old AJ Liquidating Trust, as successors to the chapter 11 estates of Firestar Diamond, Inc,, Old AJ, Inc. (f/k/a A. Jaffe, Inc.), and Fantasy, Inc. (collectively, the "**Debtors**") submits this motion for (i) entry of an order authorizing the Trustee to take the deposition of Defendant Nirav Modi at HMP Thameside under Federal Rule of Civil Procedure 30(a)(2)(B) and directing Mr. Modi to cooperate therewith; and (ii) issuance of a letter of request for international judicial assistance in connection therewith. In support of this Motion, the Trustee states:

## BACKGROUND

1.    The Debtors were U.S.-based subsidiaries of disgraced diamantaire Nirav Modi's India-based Firestar International Limited (together with its subsidiaries, the "**Firestar Entities**"). The Firestar Entities historically operated several legitimate diamond and jewelry businesses, but in January 2018, Nirav Modi was accused of orchestrating a massive international bank fraud scheme through the Firestar Entities.

2.    On February 26, 2018, the Debtors filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York.

3.    In March 2019, Nirav Modi was arrested in London and has been in the custody of English authorities ever since while contesting extradition to India. He is currently incarcerated at HMP Thameside, a prison in London.

4.    The Trustee is pursuing multiple lawsuits on behalf of the Debtors' bankruptcy estates based on injuries the Debtors sustained as a result of the fraud scheme. In Adversary No. 19-1102, the Trustee is asserting breach of fiduciary duty, corporate waste, and civil RICO claims against Nirav Modi and the Debtors' former CEO Mihir Bhansali, seeking tens of millions of dollars in damages. In Adversary No. 20-1054, the Trustee is pursuing RICO conspiracy and fraudulent transfer claims against Nirav Modi's wife, siblings, and certain

2

related corporate and trust entities based on the same underlying alleged global fraud scheme. (*See* Adv. No. 20-1054 (together, with Adv. No. 19-1102, the "**Lawsuits**")).

5.      Both Lawsuits are currently in the fact discovery stage. Given the substantial factual overlap between the Lawsuits, the Trustee wishes to depose Mr. Modi in connection with both Lawsuits simultaneously. However, when the Trustee contacted Mr. Modi's U.S. counsel to coordinate the logistics of Mr. Modi's deposition, his counsel advised the Trustee that Mr. Modi does not intend to cooperate voluntarily.

## RELIEF REQUESTED

6.      By this Motion, the Trustee requests (a) entry of an order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Trustee to take the deposition of Nirav Modi under Rule 30(a)(2)(B); and (ii) directing Mr. Modi to attend such deposition and to make any necessary arrangements with HMP Thameside to facilitate such deposition; and (b) issuance of a letter of request to the appropriate English courts, substantially in the form attached hereto as Exhibit B, for international judicial assistance in connection therewith.

## BASIS FOR RELIEF REQUESTED

### I.      The Court Should Authorize the Trustee to Take Nirav Modi's Deposition.

7.      Under Rule 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). Rule 30(a)(2) provides, "A party must obtain leave of court [to take a deposition], and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . (B) if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B).

8.      "That exception enables the Court to assess whether the probative value of the deposition justifies any burden on the inmate in testifying and/or on the prison facility with respect to its maintenance of security." *El-Massri v. New Haven Correctional Center*, 2019 WL 2006001, at *6 (D. Conn. May 7, 2019). Ultimately, however, the "language of Rule

30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *Jones v. Washington*, 2024 WL 2788392, at *1 (E.D. Mich. May 30, 2024) (emphasis in original).

9.      Here, Nirav Modi is alleged to be the principal architect, manager, and beneficiary of the fraud scheme underlying the Trustee's civil RICO, RICO conspiracy, and breach of fiduciary duty claims across both Lawsuits. His testimony will therefore be directly relevant to all the pending litigation and may comprise a critical portion of the evidence on which the Trustee will rely at trial. Moreover, there is no reason to believe that requiring Mr. Modi to sit for a deposition will impose any undue cost or burden on him or the HMP Thameside facility at which he is in custody. He has previously had no difficulty making the necessary arrangements with prison officials to facilitate his participation at hearings and other court proceedings in England.

10.     However, Mr. Modi's counsel has indicated that he will not voluntarily sit for a deposition in the Lawsuits. The Trustee therefore requests that the order granting this motion also direct Mr. Modi to do so and to make any necessary arrangements with prison officials to facilitate his attendance. Federal courts have "authority to compel a party to provide relevant discovery pursuant to the normal procedures outlined in the federal rules, both civil and criminal, regardless of where the information is actually located." *Int'l Soc. For Krishna Consciousness, Inc. v. Lee*, 105 F.RD. 435, 445 (S.D.N.Y. 1984). "The authority of American courts to order discovery of information in the control of a party over whom the court has jurisdiction is so compelling as to override even an explicit prohibition of disclosure by the law of the country in which the information is located." *Id.*

11.     It is therefore incumbent upon Mr. Modi to make a good faith effort to comply with his discovery obligations under the Federal Rules of Civil Procedure, including by coordinating with any foreign officials who might prevent him from doing so. *See, e.g., Graco,*

*Inc. v. Kremlin, Inc.*, 101 F.R.D. 503, 525-27 (N.D. Ill. 1984) (ordering foreign defendant to comply with discovery requests and threatening to impose sanctions if it failed to contact French authorities to determine whether providing the requested discovery would violate French secrecy laws).

## II.   The Court Should Also Issue a Letter of Request to Facilitate Nirav Modi's Deposition.

12.    Although the Trustee hopes this Court's order will suffice to secure Mr. Modi's cooperation and attendance at a deposition without the assistance of an English court, the Trustee also requests that the Court simultaneously issue a letter of request under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 1970 ("**Hague Convention**") in case the threat of sanctions or a default judgment proves inadequate or if foreign judicial assistance becomes necessary for any other reason, such as for addressing any concerns, restrictions, or requirements that HMP Thameside prison officials might have.

13.    "The Hague Convention is 'a permissive supplement, not a pre-emptive replacement for other means of obtaining evidence located abroad.'" *United States v. Buff*, 636 F. Supp. 3d 441, 446 (S.D.N.Y. 2022) (quoting *Société Nationale Industrielle Aérospatiale v. United States Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 536 (1987)). It is applicable to the taking of depositions in U.S. litigation through Federal Rule of Civil Procedure 28 which states that "[a] deposition may be taken in a foreign country under an applicable treaty or convention." Fed. R. Civ. P. 28(b)(1)(A). The United States and United Kingdom are both signatories to the Hague Convention. *See, e.g., Voice Tele Services, Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 202 (S.D.N.Y. 2021).

14.    Rule 28(b)(1)(B) allows for the taking of a deposition in a foreign country "under a letter or request, whether or not captioned a 'letter rogatory.'" Rule 28(b)(2) provides that the Court may issue a letter of request after application on notice to the other parties,

5

and Rule 28(b)(3) provides for the form of such letter of request. This Court, therefore, has the authority to issue a letter of request to the appropriate English court.

15.     "The decision of whether to issue letters rogatory is within the discretion of the court." *Pearlstein v. BlackBerry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). "When determining whether to issue letters rogatory, courts apply the principles of Rule 26." *Id.*

16.     As discussed above, the testimony the Trustee seeks to elicit from Mr. Modi at his deposition is squarely within the ambit of Rule 26. Again, Mr. Modi is the lynchpin of the fraud conspiracy at issue in both Lawsuits. His testimony should therefore shed light on many key issues in the cases, including the mechanics of the alleged scheme, his *de facto* control over the various corporate and trust entities involved in the scheme, and the identity of his co-conspirators. Mr. Modi might also be the only available witness capable of authenticating certain of the foreign evidence the Trustee intends to use at trial.

17.     For all of these reasons, the Court should exercise its discretion to issue a letter of request to facilitate a deposition of Mr. Modi.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court:

(i) enter an Order, substantially in the form attached hereto as <u>Exhibit A</u>:

    A.  granting this Motion in all respects;

    B.  authorizing the Trustee to take the deposition of Nirav Modi under Federal Rule of Civil Procedure 30(a)(2)(B);

    C.  directing Mr. Modi to attend such deposition and to make any necessary arrangements with HMP Thameside in connection therewith; and

    D.  granting such other and further relief as the Court may deem equitable and just; and

(ii) issue a letter of request for international judicial assistance, substantially in the form attached hereto as <u>Exhibit B</u>.

Dated:  August 13, 2024

Respectfully submitted,

**JENNER & BLOCK LLP**

By: <u>*/s/ Angela M. Allen*</u>
Carl N. Wedoff
919 Third Avenue
New York, NY 10022
212-891-1600

Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654-3456
312-222-9350

*Attorneys for the Trustee*

**EXHIBIT A**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (DSJ) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 19-1102 (DSJ) |
| NIRAV MODI and MIHIR BHANSALI, | |
| Defendants. | |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-1054 (DSJ) |
| AMI JAVERI *et al.*, | |
| Defendants. | |

**ORDER AUTHORIZING AND DIRECTING DEPOSITION OF NIRAV MODI**

This matter coming before the Court on the motion (the "**Motion**") filed by Plaintiff Richard Levin, as trustee (the "**Trustee**") for the Firestar Diamond Liquidating Trust and the Old AJ Liquidating Trust seeking entry of an order authorizing and directing the deposition of Defendant Nirav Modi in connection with the above-referenced adversary cases; the Court having reviewed the Motion; the Court having found that the Court has jurisdiction over this matter under 28 U.S.C. § 1334; and the Court having determined that the legal and factual bases set forth in the Motion, and establish just cause for the relief requested therein;

**IT IS HEREBY ORDERED:**

1.      The Motion is granted as set forth herein.

2.      The Trustee is authorized to take a deposition of Nirav Modi under Federal Rule of Civil Procedure 30(a)(2)(B).

3.      Nirav Modi shall sit for a deposition at such time and place as the Trustee may notice or otherwise agree. Mr. Modi shall also make any necessary arrangements with the appropriate officials at HMP Thameside (or any other facility at which he is located at the time of his deposition) to ensure he is able to attend such deposition.

4.      The scope of the deposition may encompass any matter relevant to the above-referenced adversary cases, including for purposes of obtaining discovery in aid of attachment to the extent previously authorized by this Court.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including the authority to impose sanctions on any person or entity that violates this Order.

Dated: _____, 2024
      New York, New York

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

Submitted by:
**Jenner & Block LLP**

Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
aallen@jenner.com
wwilliams@jenner.com

Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
cwedoff@jenner.com
*Counsel for the Trustee*

**Exhibit B**

**(Letter of Request)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRESTAR DIAMOND, INC., *et al.* | No. 18-10509 (DSJ) |
| Debtors. | (Jointly Administered) |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 19-1102 (DSJ) |
| NIRAV MODI and MIHIR BHANSALI, | |
| Defendants. | |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND LIQUIDATING TRUST and the OLD AJ LIQUIDATING TRUST, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 20-1054 (DSJ) |
| AMI JAVERI *et al.*, | |
| Defendants. | |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

The United States Bankruptcy Court for the Southern District of New York (the "**Court**" or the "**Requesting Authority**") presents its compliments to the King's Bench Division of the Royal Courts of Justice of the United Kingdom under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("**Hague Convention**") and in accordance with the Evidence (Proceedings in Other Jurisdictions) Act 1975, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matters. This Court respectfully requests that the

King's Bench Division of the Royal Courts of Justice recognize this Letter of Request from this Court and arrange for its execution, in adherence to the Hague Convention and in the interest of comity.

WHEREAS, multiple lawsuits are pending in the Court in which Richard Levin, as trustee of the Firestar Diamond Liquidating Trust and the Old AJ Liquidating Trust (the "**Plaintiff**") is the plaintiff. Of relevance to this request, in Adversary Proceeding No. 19-1102, the Plaintiff brought claims against defendants Nirav Modi and Mihir Bhansali. In Adversary Proceeding No. 20-1054, the Plaintiff brought claims against defendants Ami Javeri, Purvi Mehta, Nehal Modi, Central Park South 50 Properties LLC, Central Park Real Estate LLC, and Trident Trust Company (South Dakota) Inc., as Trustee of the Ithaca Trust.

WHEREAS, it has been suggested to the Court that justice cannot be completely done between the Parties without the oral deposition testimony of Defendant Nirav Modi (the "**Witness**");

WHEREAS, the Witness is currently in custody at HMP Thameside in the United Kingdom awaiting extradition to India;

WHEREAS, the testimony sought from the Witness is relevant to the subject matter of these cases and may be necessary for trial, and the request for such testimony is not unduly burdensome;

THEREFORE, the Court requests that the King's Bench Division of the Royal Courts of Justice, in furtherance of justice, by proper and usual process of your honourable Court, cause the Witness to provide oral testimony to Plaintiff at a deposition scheduled for a time and place convenient to the parties and HMP Thameside.

If any part of this Letter of Request cannot be enforced, it is requested that the remaining enforceable portion be enforced.

5

**LETTER OF REQUEST**

| 1. | Sender | The Honorable David S. Jones<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Tel. +1-212-668-5660 |
|---|---|---|
| 2. | Central Authority of the Requested State | The Senior Master<br>Foreign Process Section<br>Room E16<br>King's Bench Division<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL<br>England, United Kingdom |
| 3. | Person to whom the executed request is to be returned | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Attn. The Honorable David S. Jones<br><br>With a copy to:<br><br>Jenner & Block LLP<br>353 North Clark Street<br>Chicago, IL 60654<br>Attn: Angela M. Allen |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| | Date | September 20, 2024 |

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

| 5. a | Requesting authority (Art. 3(a)) | The Honorable David S. Jones<br>United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408<br>Tel. +1-212-668-5660 |
|---|---|---|

| | | |
|---|---|---|
| b | To the Competent Authority of (Art. 3(a)) | The Senior Master<br>Foreign Process Section<br>Room E16<br>King's Bench Division<br>Royal Courts of Justice<br>Strand<br>London WC2A 2LL<br>England, United Kingdom |
| c | Names of the case and any identifying number | Case name and number:<br>Levin v. Modi *et al.*, Adv. No. 19-1102<br>Levin v. Javeri *et al.*, Adv. No. 20-1054<br><br>Court: United States Bankruptcy Court for the Southern District of New York |

| | | |
|---|---|---|
| | **Names and addresses of the parties and their representatives (including representatives in the Requested State) (Art. 3(b))** | |
| a | Plaintiff | Richard Levin, as trustee of the Firestar Diamond Liquidating Trust and the Old AJ Liquidating Trust |
| | Representatives | Angela M. Allen<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>aallen@jenner.com |
| b | Defendants | Adv. No. 19-1102<br><br>Nirav Modi<br>HMP Thameside<br>Griffin Manor Way<br>London SE28 0FJ, UK<br><br>Mihir Bhansali<br>50 Riverside Boulevard, Apt. 24A,<br>New York, New York 10069<br><br>Adv. No. 20-1054<br><br>Ami Javeri<br>50 Central Park South, Unit 33<br>New York, New York 10019 |

|  |  | Purvi Mehta<br>Eekhoornlaan 44<br>2610 Antwerp, Belgium<br><br>Nehal Modi<br>5 George Langeloh Court,<br>Rye, New York 10580<br><br>Central Park South 50 Properties LLC<br>50 Central Park South, Unit 33<br>New York, New York 10019<br><br>Central Park Real Estate LLC<br>160 Central Park South, Unit 3601<br>New York, New York 10019<br><br>Trident Trust Company (South Dakota) Inc., as Trustee of the Ithaca Trust<br>200 N. Phillips Ave., Suite 301<br>Sioux Falls, South Dakota 57104 |
|  | Representatives | *Counsel for Nirav Modi*<br><br>James P. Chou<br>Marshall Dworkin<br>Moritt Hock & Hamroff LLP<br>1407 Broadway<br>Ste 39th Floor<br>New York, NY 10022<br>212-239-2000<br>jchou@moritthock.com<br>mdworkin@moritthock.com<br><br>*Counsel for Mihir Bhansali*<br><br>Thomas Butler<br>Nicole Sullivan<br>White and Williams, LLP<br>7 Times Square<br>Suite 2900<br>New York, NY 10036<br>212-714-3070<br>butlert@whiteandwilliams.com<br>sullivann@whiteandwilliams.com |

*Counsel for Purvi Mehta*

Benjamin Suess
Paykin Krieg & Adams, LLP
2500 Westchester Avenue
Suite 107
Purchase, NY 10577
917-400-2984
bsuess@muellerfirm.com

Frederick D. Hyman
Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
212-223-4000
fhyman@crowell.com

Evangelos Michailidis
Eisner, LLP
40 West 57th Street
Suite 2030
New York, NY 10019
646-876-2600
emichailidis@eisnerlaw.com

*Counsel for Nehal Modi*

Roger J Bernstein
551 Fifth Ave
12th Floor
New York, NY 10176
212-748-7400
rbernstein@rjblaw.com

*Counsel for Ami Javeri, Central Park South 50 Properties LLC, and Central Park Real Estate LLC*

Sam Amir Toossi
Akrivis Law Group, PLLC
747 Third Avenue
32nd Floor
New York, New York 10022
atoossi@akrivislaw.com

<table>
<tr><td></td><td></td><td>

James P Chou
Moritt Hock & Hamroff LLP
1407 Broadway
Ste 39th Floor
New York, NY 10022
212-239-2000
jchou@moritthock.com

*Co-Counsel for Central Park South 50 Properties LLC and Central Park Real Estate LLC*

Beth L. Kaufman
Patricia O'Prey
Schoeman Updike & Kaufman LLP
551 Fifth Avenue
New York, NY 10176
212-661-5030
bkaufman@schoeman.com
poprey@schoeman.com

*Counsel for Trident Trust Company (South Dakota) Inc., as trustee of the Ithaca Trust*

Marc Rowin
Lynch Rowin LLP
50 Main Street, Suite 1000
White Plains, NY 10606
212-682-4001
mrowin@lynchrowin.com

</td></tr>
<tr><td>7. a</td><td>Nature of the proceedings</td><td>

On February 26, 2018, Firestar Diamond, Inc. and Old AJ, Inc. (f/k/a A. Jaffe, Inc.) (the "Debtors"), which operated as jewelry businesses in New York, filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, after their principal beneficial owner Nirav Modi was implicated in an international bank fraud scheme.

On June 8, 2018, the Court appointed the Plaintiff as chapter 11 trustee of the Debtors. The Plaintiff commenced Adv. Nos. 19-1102 and 20-1054 on March 29, 2019 and February 25, 2020, respectively. Under the Debtors' confirmed chapter 11 plan, the Debtors' interests in the claims asserted in Adv. No. 19-1102 and 20-1054 were assigned to the Plaintiff, as trustee of liquidating trusts created for the benefit of the Debtors' creditors.

</td></tr>
</table>

| | | |
|---|---|---|
| b | Summary of complaint | In Adv. No. 19-1102, the Plaintiff alleges that defendants Nirav Modi (the Witness) and Mihir Bhansali engaged in a widespread fraud and money laundering scheme in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and breached their fiduciary duties to the Debtors (among other common law tort claims).<br><br>In Adv. No. 20-1054, the Plaintiff alleges that various members of the Witness's family—and their entities—conspired to participate in the same RICO conspiracy alleged in Adv. No. 19-1102 and helped to fraudulently convey assets away from the Debtors. The defendants in this second adversary include, Ami Javeri (the Witness's wife), Purvi Mehta (the Witness's sister), Nehal Modi (the Witness's brother), Central Park Real Estate, LLC (which owns one of the Modi family's New York residences), and Central Park South 50 Properties, LLC (which owns the Modi family's other New York residence). |
| c | Summary of defense | Defendants deny all allegations of wrongdoing levied against them. |
| d | Other necessary information or documents | N/A |

| | | |
|---|---|---|
| 8. a | Evidence to be obtained or other judicial act to be performed (Art. 3(d)) | This letter of request seeks deposition testimony from the Witness. |
| b | Purpose of the evidence or judicial act sought. | The evidence is sought for use at trial in the above-referenced proceedings. The Plaintiff believes that the evidence requested likely will support his claims against Defendants. |

| 9. | Identity and address of persons to be examined (Art. 3(e)) | Nirav Modi<br>HMP Thameside<br>Griffin Manor Way<br>London SE28 0FJ, UK |
|---|---|---|

| 10. | Questions to be put to the persons to be examined, or statements of the subject matter about which they are to be examined (Art. 3(f)) | The principal topics Plaintiff anticipates inquiring about at the Witness's examination include, without limitation:<br><br>(1) The facts and circumstances concerning the relationships and transactions among the Witness, Punjab National Bank, and the numerous corporate and trust entities identified in the Trustee's pending complaints, including the Firestar Entities, LOU Entities, Shadow Entities, Ithaca Trust, CPRE, and CPS50 (each as defined in the pending complaints).<br><br>(2) The Witness's relationships, communications, and transactions with family members and various alleged co-conspirators.<br><br>(3) The authenticity of various items of documentary evidence the Plaintiff anticipates using for the purpose of establishing allegations of fact at trial. |
|---|---|---|

| 11. | Documents or other property to be inspected (Art. 3(g)) | N/A |
|---|---|---|

| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Art. 3(h)) | It is respectfully requested that the King's Bench Division of the Royal Courts of Justice compel the Witness to provide testimony under oath. |
|---|---|---|

| 13. | Special methods or procedures to be followed (Arts 3(i) and 9) | The Requesting Authority respectfully requests, with respect to the oral examination of the Witness: |
|---|---|---|
| | | (a) That the parties' legal representatives or their designees be permitted to conduct the examination and ask questions regarding the topics set forth in Section 10 above; |
| | | (b) That the examination be permitted to be conducted in accordance with the Federal Rules of Civil Procedure and Federal Rules of Evidence; |
| | | (c) That the parties' legal representatives or their designees, a court report, and a videographer be permitted to be present during the examination; and |
| | | (d) That a court reporter and videographer be permitted to record verbatim the examination of the Witness. |
| | | In the event that the evidence cannot be provided in the manner requested, oral testimony should be provided in accordance with the civil procedure rules of the competent authority. |

| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Art. 7) | The Requesting Authority requests that the parties' representatives listed above be given advance notice by email, or other electronic means, of the time and place of all proceedings to be held in connection with this Letter of Request. |
|---|---|---|

| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Art. 8) | None |
|---|---|---|

13

| 16. | Specification of privilege or duty to refuse to give evidence under the law of the Requesting State (Art. 11(b)) | Witnesses have the right to refuse to provide evidence that is privileged under applicable law. In the United States, the most commonly asserted privileges are the attorney-client privilege, which, in general terms, permits a client to refuse to provide evidence concerning communications with its lawyer for the purpose of obtaining legal advice, and (for natural persons, but not for corporations) the privilege against self-incrimination, which, in general terms, permits individuals (but not corporate entities) to refuse to testify if the testimony might incriminate them in the United States. |
| 17. | The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by: | Plaintiff will reimburse the Witness for his reasonable and documented out-of-pocket costs to the extent required under applicable law. |

## CONCLUSION

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in form of this Letter of Request seeking testimony described herein, from the King's Bench Division of the Royal Courts of Justice. This Court extends to all judicial other authorities of the United Kingdom the assurances of its highest consideration.

| Date of request | |
| Signature and seal of the Requesting Authority | |

14