JENNER & BLOCK LLP
Angela M. Allen (admitted *pro hac vice*)
William A. Williams (admitted *pro hac vice*)
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Carl N. Wedoff
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600

*Counsel for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*<br><br>Debtors. | Chapter 11<br><br>No. 18-10509 (DSJ)<br><br>(Jointly Administered) |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NIRAV MODI and MIHIR BHANSALI,<br><br>Defendants. | Adv. Proc. No. 19-1102 (DSJ) |
| RICHARD LEVIN, trustee for the liquidating trust of FIRESTAR DIAMOND, INC. and OLD AJ, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMI JAVERI *et al.*,<br><br>Defendants. | Adv. Proc. No. 20-1054 (DSJ) |

**TRUSTEE'S LIMITED OPPOSITION TO MOTION OF MORITT
HOCK & HAMROFF LLP TO WITHDRAW AS COUNSEL FOR
DEFENDANTS NIRAV MODI, AMI JAVERI, CENTRAL PARK SOUTH
<u>50 PROPERTIES, LLC AND CENTRAL PARK REAL ESTATE, LLC</u>**

Plaintiff Richard Levin, not individually but solely as liquidating trustee ("Trustee") for the liquidating trust of debtors Firestar Diamond, Inc. and Old AJ, Inc. and plaintiff in the above-captioned adversary proceedings, respectfully submits this limited objection ("**Limited Objection**") to the *Motion of Moritt Hock & Hamroff LLP to Withdraw as Counsel for Defendants Nirav Modi, Ami Javeri, Central Park South 50 Properties, LLC and Central Park Real Estate, LLC* [Dkt. 174 in Adv. Proc. 19-1102][1] (the "**Motion**").

## Limited Objection

1.  The Motion asks the Court to authorize Moritt Hock & Hamroff LLP ("**MHH**") to withdraw as counsel of record for Defendants Nirav Modi, Ami Javeri, Central Park Real Estate, LLC ("**CPRE**") and Central Park South 50, LLC ("**CPS50**," and collectively, the "**Defendants**") so the parties can "be represented by the counsel of their choosing." Mem. 1 [Adv. Dkt. 174-4].

2.  The Trustee does not dispute the Defendants' ability to choose their own counsel, but they may not change attorneys to delay the litigation or evade their discovery obligations. The Trustee sued Mr. Modi over five years ago and sued Ms. Javeri, CPRE, and CPS50 over four years ago, and each of the Defendants has been represented by multiple attorneys during this litigation: Mr. Modi by at least two firms; Ms. Javeri by at least three firms; and CPRE and CPS50 by at least four firms. To the extent the Defendants (a) retain substitute counsel before the hearing on this Motion, (b) timely comply with existing discovery obligations, and (c) do not otherwise use MHH's withdrawal to further delay these actions, the Trustee does not object to the requested relief. However, because it is not clear these conditions will be satisfied, the Trustee files this Limited Objection.

---

[1] The Motion seeks relief in each of the captioned adversary proceedings, but was only filed in *Levin v. Modi*, Adv. Proc. No. 19-1102 (Bankr. S.D.N.Y.).

3. The Trustee understands that Defendants Ami Javeri, CPRE, and CPS50 have retained Sam Amir Toossi of Akrivis Law Group PLLC as substitute counsel. However, as of the filing of this Limited Objection, Mr. Toossi has not entered an appearance on their behalf. To the extent Mr. Toossi does so before the hearing on the Motion, the Trustee does not object to MHH's withdrawal as counsel of record for Defendants Ami Javeri, CPRE, and CPS50.

4. MHH's withdrawal as counsel of record for Mr. Modi poses separate problems. Unlike the other Defendants, the Trustee has received no indication that Mr. Modi has identified and retained substitute counsel. Moreover, Mr. Modi has failed to comply with standing discovery. He has not produced a single document, communication, or other information in response to the *Trustee's Second Requests for Production of Documents to Nirav Modi*, served on January 9, 2024 ("**Second RFPs**"), notwithstanding several meet-and-confers and indications from MHH that information would be forthcoming. In addition, the Trustee sought and obtained an *Order Authorizing and Directing Deposition of Nirav Modi* [Adv. Dkt. 173] ("**Deposition Order**"). The Motion was filed seven days after the Deposition Order was entered, and on September 12, 2024, the Trustee noticed a deposition of Mr. Modi for October 7, 2024. The Trustee has received no indication, from MHH or otherwise, that Mr. Modi intends to comply with the Deposition Order. Mr. Modi's U.K. counsel, Robert Lawrie of BCL Solicitors LLP, acknowledged receipt of the deposition notice on September 13, 2024, but on September 17, 2024, indicated that he would not assist in coordinating Mr. Modi's deposition, writing, "My firm is instructed in respect of a discrete area of civil litigation. Having reviewed the [Deposition Order], it is clear that it does not relate to that litigation. On that basis, it is outwith the scope of my instructions, and I am therefore unable to assist any further." (See attached Exhibit A.) The Trustee's counsel then once again asked Mr. Chou and Mr. Dworkin to confirm that Mr. Modi intends to comply with the Deposition Order, but has not received any response as of the filing of this Limited

2

Objection. (*See* attached Exhibit B.) In sum, it appears that Mr. Modi is using MHH's requested withdrawal to delay or altogether avoid his discovery obligations.

5. The Trustee's concerns are well grounded. Mr. Modi's previous change of counsel caused substantial delay and interference in this action. Mr. Modi was originally represented by Patterson Belknap Webb & Tyler LLP. On August 10, 2020, while Mr. Modi's motion to dismiss the complaint was pending, Patterson moved to withdraw as counsel of record, indicating Mr. Modi had informed Patteson he "cannot pay for the cost of the Firm's representation of him in this adversary proceeding and that he is prepared to proceed pro se or, potentially, with substitute counsel." [Adv. Dkt. 67 at 1.] The Trustee did not oppose the withdrawal motion, and the Court entered an order authorizing Patterson's withdrawal on September 14, 2020. [Adv. Dkt. 68.]

6. On December 3, 2021, the Court entered an *Order Denying Defendants' Motions To Dismiss the Amended Complaint* [Adv. Dkt. 76], which the Trustee promptly served on Mr. Modi [Adv. Dkt. 77].

7. Mr. Modi, proceeding pro se, did not file a timely answer to the Amended Complaint, and on January 5, 2022, the Trustee requested entry of default against Mr. Modi [Adv. Dkt. 80], which the Clerk entered on January 10, 2022 [Adv. Dkt. 81] and served on Mr. Modi the same day [Adv. Dkt. 83].

8. On October 11, 2022—ten months later—Mr. Modi, through his substitute counsel at MHH, moved to vacate the entry of default. [Adv. Dkt. 107, 108, 109 110.] Mr. Modi stated the he did not receive a copy of the order denying his motion to dismiss or entry of default because, due to his incarceration and pro se status, "he relied on prison officials or working prisoners to disseminate to him mailings or court notices, which they often failed to do." [Adv. Dkt. 110 at 3.] Although the Court approved the motion to vacate the default at a December 8, 2022 hearing, it did not enter an order granting the motion until January 30,

3

2023 [Adv. Dkt. 113], and Mr. Modi did not answer the amended complaint until March 1, 2023 [Adv. Dkt. 114].

9. In the roughly 18 months since Mr. Modi filed his answer, discovery has proceeded at a glacial pace, which MHH has attributed to the need to familiarize itself with the facts and circumstances of the litigation, logistical difficulties caused by Mr. Modi's incarceration, and the need to coordinate with Mr. Modi's non-U.S. counsel. The delays have materially prejudiced the Trustee. Whether Mr. Modi retains new counsel or proceeds pro se, withdrawal would exacerbate these problems and likely impose more delay.

10. Therefore, if the Court grants MHH's withdrawal as Mr. Modi's counsel, it must ensure Mr. Modi promptly complies with his existing discovery obligations, including (a) production of documents and other information responsive the to the Trustee's Second RFPs, and (b) appearance at the Court-ordered deposition. Withdrawal of counsel should not interfere with Mr. Modi's satisfaction of his standing discovery obligations. A mandatory transition period with existing counsel might mitigate the dilatory effects of withdrawal, which this Court should not permit.

## Conclusion

For the reasons set forth herein, the Trustee requests that the Court deny the Motion insofar as it permits MHH to withdraw as counsel of record for Defendant Nirav Modi before (a) Mr. Modi produces, or provides adequate assurances that he will produce, documents, communications, and other information requested under the Trustee's Second RFPs, and (b) Mr. Modi appears for, or provides adequate assurances that he will appear, for the deposition authorized and directed under the Deposition Order.

(*Signature page follows.*)

4

Dated: September 18, 2024  Respectfully submitted

**JENNER & BLOCK LLP**

/s/ *Angela M. Allen*

Angela M. Allen (admitted pro hac vice)
William A. Williams (admitted pro hac vice)
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
aallen@jenner.com
wwilliams@jenner.com

Carl N. Wedoff
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600
cwedoff@jenner.com

*Counsel for the Trustee*