UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FIRESTAR DIAMOND, INC., *et al.*, | Chapter 11<br><br>No. 18-10509 (SHL)<br><br>Jointly Administered |
| RICHARD LEVIN, as trustee of the FIRESTAR DIAMOND INC. LIQUIDATING TRUST,<br><br>          Plaintiff,<br>  vs.<br><br>AMI JAVERI, *et al.*,<br><br>          Defendants. | Adv. Proc. No. 20-01054 (SHL) |

**NEHAL MODI'S LIMITED OPPOSITION
TO MOTION FOR ENTRY OF AN ORDER AUTHORIZING
AND DIRECTING DEPOSITION WHILE IN PRISON**

Nehal Modi submits this limited opposition to the Trustee's motion for entry of an order authorizing the Trustee to take the deposition of Defendant Nehal Modi at Franklin Correctional Facility under Federal Rule of Civil Procedure 30(a)(2)(B) and directing Nehal Modi to cooperate therewith.

This limited opposition concerns the timing and location for Nehal Modi's deposition and the procedure required to arrange for it, if it is to be taken in prison. Nehal Modi does not dispute the relevancy of the testimony sought by the Trustee concerning Firestar transactions in the U.S.

1

Nehal Modi has been granted parole and will be released from Franklin Correctional Facility on July 3, 2025. Thereafter he will be located in New York City and will immediately be available to be deposed.

Taking Nehal Modi's deposition prior to that date while he is in prison poses significant logistical and practical difficulties. Franklin Correctional Facility is located 350 miles north of New York City, almost on the Canadian border, and requires a separate prior day of driving or air travel in order to be available to begin a deposition in the morning. The prison day is subject to interruptions for, *e.g.*, the prisoner count, and a seven-hour deposition is likely to require a second day. None of these problems is attendant upon a deposition in New York City.

A remote deposition by video is possible, but it would severely impair counsel's ability to provide the legal advice to Nehal Modi that is required in this case. The Trustee's complaint alleges that Nehal Modi "committed, and conspired to commit, numerous acts of obstruction of justice in violation of 18 U.S.C. §§ 1503 and 1512." Complaint, ECF Doc. No. 1410, at ¶ 429. Similarly, the Trustee's Motion alleges that Nehal Modi "orchestrated the Modi family's efforts to destroy evidence [and] tamper with witnesses." Trustee's Motion, ¶¶ 3 & 14. Nehal Modi therefore has an indisputable Fifth Amendment right not to answer the Trustee's questions concerning the alleged criminal conduct.

Fifth Amendment rights cannot be invoked on blanket basis but must be invoked only with respect to specific questions. United States v. Arias, 404 Fed. App'x 554, 556 (2d Cir. 2011). On a video link it is not possible for counsel to consult privately with and advise an incarcerated privately as to specific questions that may concern alleged criminal conduct. Therefore, when any question concerning alleged criminal conduct is asked, it will be necessary to stop the deposition and excuse everyone except Nehal Modi. Other practical difficulties can include weak internet signals and interruptions for necessary prison procedures. These logistical and practical difficulties militate strongly in favor of foregoing a video deposition while Nehal Modi is in prison and holding his deposition in person in New York City immediately after his July 3, 2025 release from custody.[1]

If the Court decides that an in-person deposition must be scheduled before Modi's July 3, 2025 release, then it is necessary to address one part of the Trustee's requested order for a deposition in the prison. The Trustee seeks the following highly unrealistic directive: "Nehal Modi shall also make any necessary arrangements with the appropriate officials at Franklin Correctional Facility (or any other facility at which he is located at the time of his deposition) to ensure he is able to attend such deposition." For obvious reasons a prisoner has no authority to make arrangements as to anything that

---

[1] Due to the special circumstance of dealing with an incarcerated individual, extending the deposition cutoff by a month for this deposition cannot be properly cited as a precedent for changing the cutoff date for other depositions.

3

occurs in a prison. The authority to arrange for the deposition of a prisoner rests exclusively with the New York Department of Corrections and Community Supervision ("DOCCS").

Nehal Modi will inform the prison authorities that the Trustee wishes to take his deposition, and he will cooperate fully with any arrangements that the Trustee makes with DOCCS for taking his deposition by video link. However, if the deposition is not scheduled for a date immediately after July 3, 2025, then it is the Trustee who must contact DOCCS to make the arrangements necessary for and schedule a video deposition.

Dated: New York, NY
April 7, 2025

                        BERNSTEIN & GORDON LLP

                By:    *Roger J. Bernstein*
                      551 Fifth Avenue, 12th Floor
                      New York, NY 10176-1299
                      Tel: 212 748-4800
                      rbernstein@rjblaw.com

                      *Attorneys for Defendant Nehal Modi*